1  NOSSAMAN LLP
2  FREDERIC A. FUDACZ (SBN 050546)
   ffudacz@nossaman.com
3  BYRON P. GEE (SBN 190919)
   bgee@nossaman.com
4  Carl L. Blumenstein (SBN 124158)
5  cblumenstein@nossaman.com
   777 S. Figueroa Street, 34th Floor
6  Los Angeles, California 90017-1602
7  Telephone: (213) 612-7800
   Facsimile: (213) 612-7801
8

9  Attorneys for Plaintiff Santa Clarita Valley Water Agency

10

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13  SANTA CLARITA VALLEY WATER    )  Case No.:  2:18-cv-6825
14  AGENCY,                       )
                                  )  COMPLAINT FOR:
15          Plaintiff,            )  1.  RECOVERY UNDER CERCLA
                                  )      [42 U.S.C. § 9607(a)];
16      vs.                       )  2.  DECLARATORY RELIEF
                                  )      UNDER CERCLA [42 U.S.C. §
17  WHITTAKER CORPORATION and     )      9613(g)];
    DOES 1-10, Inclusive,         )  3.  NEGLIGENCE;
18                                )  4.  NEGLIGENCE PER SE;
          Defendants.            )  5.  NUISANCE;
19                                )  6.  PUBLIC NUISANCE;
                                  )  7.  TRESPASS;
20                                )  8.  RECOVERY UNDER THE
                                  )      CALIFORNIA HAZARDOUS
21                                )      SUBSTANCE ACCOUNT ACT
                                  )      [CALIFORNIA HEALTH &
22                                )      SAFETY CODE §25300 ET SEQ.];
23                                )  9.  DECLARATORY RELIEF [28
                                  )      U.S.C. §§ 2201 & 2202];
24                                   10.  INJUNCTIVE RELIEF UNDER
25                                       THE RESOURCE,
                                         CONSERVATION AND
26                                       RECOVERY ACT [42 USC 6901
                                         ET. SEQ.].
27                                       **(DEMAND FOR JURY TRIAL)**
28

                              1
                         **COMPLAINT**

56414201.v5

# **INTRODUCTION**

On November 29, 2000, Plaintiff Santa Clarita Valley Water Agency's ("Plaintiff") predecessors in interest (Castaic Lake Water Agency, Newhall County Water District, Santa Clarita Water Company and Valencia Water Company) filed a complaint naming, among others, Whittaker Corporation for releases of contamination, including perchlorate and volatile organic compounds ("VOC"), which include trichloroethylene ("TCE") and perchloroethylene ("PCE"), from the former Whittaker Bermite site (the "Whittaker Site") that impacted Plaintiff's domestic water supply wells.

In 2003, the Honorable Howard Matz issued a published opinion finding that Whittaker and others were liable under the Comprehensive Environmental Response, Compensation and Recovery Act ("CERCLA") for perchlorate contamination found in Plaintiff's water supply wells. Judge Matz' published opinion is attached as Exhibit "1."

In 2007, Whittaker entered into a settlement agreement with Plaintiff's predecessor ("2007 Settlement Agreement") in which Whittaker, *inter alia*, agreed to pay certain remediation costs for five production wells known to have perchlorate contamination ("Subject Wells"). The Settlement Agreement allows plaintiff to pursue claims for perchlorate contamination of wells which were not Subject Wells ("non-Subject Wells") and for VOC contamination, which was not released by the 2007 Settlement Agreement. In 2007, Judge Matz approved the Settlement Agreement and dismissed the case without prejudice as to the claims alleged herein.

In 2015, Whitaker entered into a separate settlement agreement with Plaintiff's predecessor, Valencia Water Company, to address perchlorate contamination in one of the non-Subject Wells that was not addressed by the 2007 Settlement Agreement ("2015 Settlement Agreement" - together, the 2007

Settlement Agreement and 2015 Settlement Agreement are "Whittaker Settlement Agreements"). Since that time, other non-Subject Wells have been impacted by or threatened with perchlorate contamination. In addition, Subject Wells and non-Subject Wells have been impacted or threatened with VOC contamination. As a result, Plaintiff has incurred response costs and other damages and brings this action to address those claims.

Plaintiff alleges as follows:

## JURISDICTION

1. The Court has jurisdiction over Plaintiff's First and Second Claims for Relief pursuant to 28 U.S.C. § 1331 and section 113(b) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9613(b).

2. The Court has jurisdiction over Plaintiff's Third, Fourth, Fifth, Sixth, Seventh and Eighth Claims for Relief pursuant to 28 U.S.C. § 1367(a).

3. The Court has jurisdiction over Plaintiff's Ninth Claim for Relief pursuant to 28 U.S.C. § 1331 and, with respect to claims made under California statutory and common law, pursuant to 28 U.S.C. § 1367(a).

4. The Court has jurisdiction over Plaintiff's Tenth Claim for Relief pursuant to 28 U.S.C § 1331 and Section 7002(a) of the Resource Conservation and Recovery Act, 42 U.S.C. § 6972(a).

## VENUE

5. This action involves properties located at or near 22116 West Soledad Canyon Road in the City of Santa Clarita.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. §§ 9607 & 9613(b) because the Whittaker Site is located within the Central District of California ("District") and because at least some of the acts that gave rise to Plaintiff's claims occurred in this District.

**COMPLAINT**

56414201.v5

## PLAINTIFF

7.    Plaintiff is a public agency organized and operating under the laws of the State of California that does business within this District.  Plaintiff provides, sells, manages, and delivers surface water, groundwater, and recycled water for municipal, industrial, domestic, and other purposes at retail and wholesale, and is responsible for managing water resources to ensure adequate water supply within the Santa Clarita Valley.  Plaintiff is also a successor in interest to *Castaic Lake Water Agency, Newhall County Water District, Santa Clarita Water Company and Valencia Water Company.*

## DEFENDANTS

8.    Plaintiff is informed and believes, and on that basis alleges, that defendant Whittaker is a corporation organized under the laws of the State of Delaware and doing business within this District.

9.    Does 1-10 are as yet unidentified entities and individuals who are liable for any release or threatened release of hazardous substances and other injurious conditions at or near the Whittaker Site.  The true names or capacities of the defendants sued under the fictitious names Does 1-10 are currently unknown to Plaintiff.  Plaintiff will amend this Complaint to add the true names and capacities of these parties when they become known to Plaintiff.

## GENERAL ALLEGATIONS

### Whittaker Site

10.    The Whittaker-Bermite site (the Whittaker Site aka the Bermite facility) covers approximately 1,000 acres.  Plaintiff is informed and believes, and on that basis alleges, that Whittaker has produced ammunition, rockets, explosives, flares, detonators and similar products (collectively, "Explosive Products") at the Whittaker Site since at least 1943.

4

**COMPLAINT**

11.    Plaintiff is informed and believes, and on that basis alleges, that Whittaker Corporation is the successor to the assets and liabilities, including all rights under certain insurance policies, of its predecessor entities. Whittaker's predecessor entities include, but are not limited to, the following companies: *Whittaker Bermite Corporation, Whittaker Porta Bella, Inc., Bermite Powder Company, and Los Angeles Powder Company* (collectively referred to with the Whittaker Corporation as "Whittaker").

12.    Plaintiff is informed and believes, and on that basis alleges, that Whittaker has owned the Whittaker Site since at least 1943 and manufactured Explosive Products at the Whittaker Site from 1943 until at least 1987.

13.    Together, Whittaker and Does 1-10 (collectively, "Defendants") have produced the Explosive Products at the Whittaker Site for over forty years.

14.    Plaintiff is informed and believes, and on that basis alleges, that Defendants' manufacture of Explosive Products involved the use and misuse and storage of hazardous substances, such as perchlorate, TCE and PCE. In connections with Defendants' use and misuse of hazardous substances over many years caused numerous releases of such substances, including perchlorate, TCE and PCE, into the soil and groundwater. Plaintiff is further informed and believes, and on that basis alleges, that these releases (some of which were sudden and accidental) have and are significantly contaminating the soil and groundwater at, underneath and near the Whittaker Site. Plaintiff also is informed and believes, and on that basis alleges, that Defendants' construction, movement of soil, and other activities on the Whittaker Site have caused and are causing additional releases (some of which were sudden and accidental) of hazardous substances that have contaminated and are contaminating the soil and groundwater.

15.    Plaintiff is informed and believes, and on that basis alleges, that Defendants' releases of hazardous substances including perchlorate, TCE and PCE

**COMPLAINT**

56414201.v5

1  are continuing with resultant contamination of the soil and groundwater.

2          16.    Plaintiff is informed and believes, and on that basis alleges, that

3  perchlorate contamination is rare and it has been consistently and predominantly

4  associated with the production of Explosive Products such as those manufactured

5  at the Whittaker Site and the chemical components for such products.  Plaintiff is

6  also informed and believes that significant quantities of TCE and PCE were

7  released at the Whittaker site and migrated to Plaintiff's water supply wells along

8  with the perchlorate.

9          17.    Plaintiff is informed and believes, and on that basis alleges, that

10 hazardous substance releases from the Whittaker Site have resulted in significant

11 impairment of the groundwater in the Santa Clarita Valley.  As a result, Plaintiff is

12 required to comply, *inter alia,* with the California Department of Drinking Water

13 Policy 97-005 requirements for Direct Use of Extremely Impaired Sources to

14 continue utilizing the groundwater as a source of drinking water.

15         18.    Plaintiff is informed and believes that the perchlorate

16 contamination from the Whittaker Bermite site continues to spread through the

17 groundwater toward other Plaintiff's wells and further investigation and studies are

18 required.  Plaintiff is also informed and believes, and on that basis alleges,

19 Whittaker's response actions fail to address the significant levels of TCE and PCE

20 contamination that migrated from its site to groundwater used by Plaintiff.

21 Plaintiff is informed and believes, and on that basis alleges, that the scope of state

22 administrative orders and mandates issued to Whittaker do not (a) adequately

23 address the continuing spread of perchlorate contamination and (b) require

24 Whittaker to address TCE and PCE contamination in the groundwater that has

25 migrated from beneath the Whittaker Site.

26

27

28

**COMPLAINT**

56414201.v5

## FIRST CLAIM FOR RELIEF:  Response Costs under CERCLA

### (Against all Defendants)

19.    Paragraphs 1 - 18 are incorporated herein by reference.

20.    Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides, *inter alia*:

Notwithstanding any other provision of rule of law, and subject only to the defenses set forth in subsection (b) of this section –

(1)    the owner and operator of a vessel or a facility,

(2)    any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,

(3)    any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, or hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity containing such hazardous substances, and

(4)    any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for --

56414201.v5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

       (A)    all costs of removal or remedial action incurred by the United States Government or a State or an Indian tribe not inconsistent with the national contingency plan;

       (B)    any other necessary costs of response incurred by any other person consistent with the national contingency plan;

       (C)    damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release; and

       (D)    the costs of any health assessment or health effects study carried out under section 9604(i) of this title.

The amounts recoverable in an action under this section shall include interest on the amounts recoverable under subparagraphs (A) through (D).

18      21.    Each Defendant is a "person" within the meaning of CERCLA
19 § 101(21), 42 U.S.C. § 9601(21).

20      22.    The Whittaker Site is a "facility" within the meaning of
21 CERCLA § 101(9), 42 U.S.C. § 9601(9).

22      23.    Plaintiff is informed and believes, and on that basis alleges, that
23 there have been releases (some of which were sudden and accidental) and
24 threatened releases of hazardous substances, including perchlorate, TCE and PCE,
25 at and from the Whittaker Site within the meaning of section 101(22) of CERCLA,
26 42 U.S.C. § 9601(22). Plaintiff is further informed and believes, and on that basis
27 alleges, that the releases are continuing.

28

**COMPLAINT**

56414201.v5

24.    Plaintiff has incurred and will incur necessary costs of response pursuant to CERCLA §107(a), 42 U.S.C. § 9607(a), consistent with the National Contingency Plan ("NCP"), as a result of releases and threatened releases (within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22)) of hazardous substances at and from the Whittaker Site.

25.    Defendants are responsible persons defined in CERCLA § 107(a)(1), (2), (3), and/or (4), 42 U.S.C. § 9607(a)(1 – 4).  Defendants are therefore jointly and severally liable for all response costs incurred or to be incurred by Plaintiff, not released by the Whitaker Settlement Agreements.

26.    Prior to filing this Complaint, Plaintiff provided a copy of this Complaint to the Attorney General of the United States and the Administrator of the United States Environmental Protection Agency pursuant to CERCLA § 113(l), 42 U.S.C. § 9613(l).

## SECOND CLAIM FOR RELIEF:  Declaratory Relief Under CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2))

### (Against all Defendants)

27.    Paragraphs 1 - 26 are incorporated herein by reference.

28.    CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), provides in pertinent part:

> In any action described in this subsection the court shall
> enter a declaratory judgment on liability for response
> costs or damages that will be binding on any subsequent
> action or actions to recover further response costs or
> damages.

29.    An actual controversy now exists between Plaintiff and Defendants, and each of them, in that Plaintiff contends that Defendants, and each of them, are parties liable under CERCLA § 107(a), 42 U.S.C. § 9607(a) for all

56414201.v5

response costs incurred and to be incurred by Plaintiff as a result of the releases or threatened releases of hazardous substances, including perchlorate, TCE and PCE, at and from the Whittaker Site.  Plaintiff is informed and believes, and on that basis alleges, that Defendants, and each of them, dispute such contentions in all respects.

30.    A declaration of the rights and obligations of the parties pursuant to CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), that exclude those released under the Whittaker Settlement Agreements, binding in any subsequent action or actions to recover further response costs incurred by Plaintiff, is appropriate and in the interest of justice.

### THIRD CLAIM FOR RELIEF:  Negligence

### (Against all Defendants)

31.    Paragraphs 1 - 30 are incorporated herein by reference.

32.    At all times referred to or mentioned herein, it was reasonably foreseeable that the groundwater which Plaintiff was entitled to pump and to use, and has pumped and used, for beneficial purposes would be polluted and contaminated, and would be significantly adversely impacted by releases at and from the Whittaker Site, of a "hazardous substance" within the meaning of that term as defined in CERCLA §101(14), 42 U.S.C. §9601(14).

33.    At all times referred to or mentioned herein, Defendants, and each of them, owed and continue to owe Plaintiff a duty to exercise due care in their occupation, utilization, operation and maintenance of the Whittaker Site so as to avoid and prevent the release of hazardous substances onto and into the soil and groundwater at or near the Whittaker Site, and to prevent the hazardous substances present on the Whittaker Site from contaminating the soil at or near the Whittaker Site and the groundwater underlying the Whittaker Site and other nearby areas, including the areas from which Plaintiff's wells draw groundwater.

**COMPLAINT**

56414201.v5

34. Plaintiff is informed and believes, and on that basis alleges, that the Defendants, and each of them, failed to exercise due or ordinary care and were negligent in (1) their handling and releases of hazardous substances on the Whittaker Site; (2) their efforts to locate and remove hazardous substances from the Whittaker Site; (3) their repair, maintenance and construction of buildings and other improvements at the Whittaker Site; (4) their movement of soils and other materials at the Whittaker Site; and (5) their management and supervision of the activities and operations on the Whittaker Site. Plaintiff is informed and believes, and on that basis alleges, that negligent acts and omissions by Defendants that injure Plaintiff are continuing to occur.

35. The failure of Defendants, and each of them, to exercise due and ordinary care with respect to the activities and matters set forth in Paragraph 34 above, resulted in substantial damage to Plaintiff by polluting and contaminating the soil at and near the Whittaker Site, as well as the groundwater underlying the Whittaker Site and other nearby lands, including groundwater that supplies Plaintiff's water supply wells. These injuries are continuing.

36. As a proximate result of said negligent conduct, negligent action, and negligent omissions of Defendants, and each of them, Plaintiff has suffered and will continue to suffer substantial injury proximately caused by the pollution and contamination of the groundwater underlying the Whittaker Site and other nearby lands, including groundwater that supplies Plaintiff's water supply wells. Plaintiff is informed and believes, and on that basis alleges, that the pollution caused by Defendants, and each of them, has also contaminated the soil on and near the Whittaker Site. Plaintiff will seek leave of this Court to amend this Complaint to allege more precisely the damages incurred and sustained by Plaintiff at such time as Plaintiff's total damages, not released by the Whittaker Settlement Agreements, can so be determined.

**COMPLAINT**

56414201.v5

37.    In engaging in the acts alleged above, the Defendants, and each of them, were and are acting with full knowledge of the consequences and damages being caused to Plaintiff, and the Defendants' conduct, was willful, oppressive and malicious and in conscious disregard of the rights of Plaintiff. Plaintiff is entitled to punitive damages against the Defendants, and each of them, in an amount sufficient to punish the Defendants, and each of them, and make an example of them.

## FOURTH CLAIM FOR RELIEF:  Negligence Per Se

### (Against All Defendants)

38.    Paragraphs 1 - 37 are incorporated herein by reference.

39.    Plaintiff is informed and believes, and on that basis alleges, that Defendants, and each of them, knew or in the exercise of reasonable care should have known that their handling of various hazardous substances, including the Explosive Materials, at the Whittaker Site was subject to and regulated by federal and state statutes and/or local laws including, but not limited to, the following:

(a)    CERCLA, 42 U.S.C. § 9601 et seq.;

(b)    RCRA, 42 U.S.C. § 6901 et seq.;

(c)    Federal Water Pollution Control Act, 33 U.S.C. § 1251 et seq.;

(d)    California Health and Safety Code § 25100 et seq.;

(e)    California Health and Safety Code § 25280 et seq.; and

(f)    California Water Code § 13300 et seq.

40.    Plaintiff is informed and believes, and on that basis alleges, that the Manufacturing Defendants' use and release of hazardous substances, including perchlorate, TCE and PCE, at and from the Whittaker Site violates one or more of the statutes identified in paragraph 39 above.  Each violation in and of itself, constitutes negligence per se.  Contamination of the soil and groundwater on or

12

**COMPLAINT**

near the Whittaker Site occurred as a proximate result of the conduct comprising each statutory violation. These statutes were designed to prevent such damage, and each statute was designed to protect parties such as the Plaintiff from such damage. Plaintiff is informed and believes, and on that basis alleges, that violations of such laws by Defendants are continuing to occur.

41.    As a proximate result of the violations of the Defendants, and each of them, Plaintiff has been damaged, and will continue to be damaged, in an amount subject to proof at trial.

42.    In engaging in the acts alleged above, the Defendants, and each of them, were and are acting with full knowledge of the consequences and damages being caused to Plaintiff, and such Defendants' conduct was and is willful, oppressive and malicious and in conscious disregard of the rights of Plaintiff. Plaintiff is entitled to punitive damages against such Defendants, and each of them, in an amount sufficient to punish such Defendants, and each of them, and make an example of them.

## FIFTH CLAIM FOR RELIEF:  Private Nuisance

### (Against all Defendants)

43.    Paragraphs 1 - 42 are incorporated herein by reference.

44.    California Civil Code § 3479 defines a nuisance as follows:
Anything which is injurious to health, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property . . . is a nuisance.
The nuisance created by Defendants is of a continuing nature.

45.    During their ownership of or activities at the Whittaker Site, Defendants created and allowed to continue conditions which constitute a private nuisance by permitting the release of hazardous substances, including perchlorate,

13

**COMPLAINT**

56414201.v5

TCE and PCE, at and from the Whittaker Site.

46.     By intentionally and/or negligently causing a nuisance by contaminating the soil and groundwater at or near the Whittaker Site, Defendants' actions have injured Plaintiff.

47.     The above-described nuisance relating to the Whittaker Site has interfered with Plaintiff's use and enjoyment of its property, and has created a risk to human health and the environment.

48.     Defendants, and each of them, have refused or otherwise failed to abate this nuisance.

49.     Plaintiff has incurred and will continue to incur substantial damages because of the nuisance.  Plaintiff will seek leave of this Court to amend this Complaint when its total damages, excluding those released by the Whittaker Settlement Agreements, can be more precisely ascertained.

50.     The nuisance created by Defendants can be reasonably abated with existing technology.  Defendants, and each of them, can and should use this technology to abate the nuisance.

51.     While Whittaker has recently undertaken on-site clean-up activities in response to a Department of Toxic Substances Control ("DTSC") unilateral administrative order, past hazardous waste disposal practices to soil and groundwater of the Defendants, and each of them, were and are willful, oppressive, fraudulent, malicious, and in conscious disregard of the rights of Plaintiff.  Plaintiff is therefore entitled to an award of punitive damages against Defendants, and each of them, in an amount sufficient to punish the Defendants, and each of them, and make an example of them.

52.     Defendants, and each of them, by continually releasing and/or permitting to be released hazardous substances from the Whittaker Site into the groundwater surrounding the Whittaker Site, have and are irreparably injuring

**COMPLAINT**

56414201.v5

1  Plaintiff.  Plaintiff has no adequate remedy at law for these injuries.  Therefore,

2  Plaintiff is entitled to an injunction requiring Defendants to promptly abate the

3  release and threat of releases of hazardous substances including perchlorate, TCE

4  and PCE.  Specifically, Plaintiff seeks an injunction that will require the

5  Defendants to immediately remediate the hazardous substances released from the

6  Whittaker Site that has contaminated groundwater near the Whittaker Site, to

7  remediate the contaminated water in Plaintiff's supply wells and to abate any

8  continuing contamination of the environment by the Whittaker Site.

## SIXTH CLAIM FOR RELIEF:  Public Nuisance

### (Against all Defendants)

11  53.     Paragraphs 1 – 52 are incorporated herein by reference.

12  54.     The nuisance described above threatens to affect the community

13  in and around the Whittaker Site.  Plaintiff is informed and believes, and thereon

14  alleges, that the contamination caused by Defendants can migrate to groundwater

15  subject to use and actually being used by third parties.  Abatement of the

16  contamination caused by Defendants will prevent the contamination from affecting

17  the property and groundwater being used by third parties and/or the general public.

18  Absent such abatement, the nuisance caused by Defendants' actions will continue

19  to impair the public's right to the beneficial use, whether actual or potential, of the

20  groundwater and land.

21  55.     Plaintiff has incurred and continues to incur special injuries as a

22  direct and proximate result of this public nuisance, injuries which the general

23  public has not suffered.  For example, Plaintiff has suffered injury and costs as a

24  direct and proximate result of the contamination in their water wells.  In light of

25  Defendants' continued refusal to take the necessary action required to abate the

26  nuisance, Plaintiff has been forced to commence this action.

**COMPLAINT**

56414201.v5

56.    The acts of the Defendants to release hazardous substances into the groundwater, and each of them, were and are willful, oppressive, fraudulent, malicious, and in conscious disregard of the rights of Plaintiff.  Plaintiff is therefore entitled to an award of punitive damages against Defendants, and each of them, in an amount sufficient to punish the Defendants, and each of them, and make an example of them.

57.    The public nuisance created by Defendants can be reasonably abated with existing technology.  Defendants, and each of them, can and should use this technology to abate the nuisance.

58.    Defendants, and each of them, by continually releasing and/or permitting to be released hazardous substances into the groundwater and soil in the area surrounding the Whittaker Site, have and are irreparably injuring Plaintiff.  Plaintiff has no adequate remedy at law for these injuries.  Therefore, Plaintiff is entitled to an injunction requiring Defendants to promptly abate the release and threat of releases of hazardous substances including perchlorate, TCE and PCE. Specifically, Plaintiff seeks an injunction that will require the Defendants to immediately remediate the contaminated groundwater impacted by the Whittaker Site and abate any continuing contamination of the environment by the Whittaker Site.

## SEVENTH CLAIM FOR RELIEF:  Trespass

### (Against all Defendants)

59.    Paragraphs 1 - 58 are incorporated herein by reference.

60.    Defendants, and each of them, have caused hazardous substances including perchlorate, TCE and PCE, to be illegally released and discharged at and from the Whittaker Site.  This release and discharge of the hazardous substances at the Whittaker Site constitutes an intentional and/or negligent trespass and is of a continuing nature.

16

**COMPLAINT**

56414201.v5

61.     The release and discharge of hazardous substances including perchlorate, TCE and PCE at and from the Whittaker Site has interfered with and continues to interfere with the free use and/or comfortable enjoyment by Plaintiff of its property.  At all material times, Defendants, and each of them, had and continue to have a duty not to cause, to permit or allow the continuance of such trespass.  Defendants, and each of them, violate said duty by causing, allowing and/or permitting these releases and discharges to affect Plaintiff's property.

62.     As a proximate result of the trespass of Defendants, and each of them, Plaintiff has been injured and will continue to be injured.  Plaintiff has suffered and will continue to suffer damages and costs because of the contamination caused by Defendants.  Plaintiff will seek leave of this Court to amend this Complaint when its damages, excluding those released by the Whittaker Settlement Agreements, can be more precisely ascertained.

63.     In maintaining this trespass, Defendants, and each of them, were and are acting with full knowledge of the consequences and damages being caused to Plaintiff, and Defendants' conduct was and is willful, oppressive and malicious and in conscious disregard of the rights of Plaintiff.  Plaintiff is entitled to punitive damages against Defendants, and each of them, in an amount sufficient to punish Defendants, and each of them, and make an example of them.

64.     Defendants, and each of them, by continually releasing hazardous substances into the groundwater in the area surrounding the Whittaker Site, have and are irreparably injuring Plaintiff.  Plaintiff has no adequate remedy at law for these injuries.  Therefore, Plaintiff is entitled to an injunction requiring Defendants to promptly stop trespassing against Plaintiff and to stop the release and threat of releases of hazardous substances including perchlorate.  Specifically, Plaintiff seeks an injunction that will require the Defendants to immediately remediate the groundwater impacted by the Whittaker Site and stop any continuing

**COMPLAINT**

56414201.v5

1    contamination of the environment by the Whittaker Site.

2    **EIGHTH CLAIM FOR RELIEF:  Response Costs Under HSAA**

3    **(Against all Defendants)**

4          65.    Paragraphs 1 - 64 are incorporated herein by reference.

5          66.    The California Hazardous Substance Account Act ("HSAA"),

6    Cal. Health & Safety Code § 25300 *et seq.* provides for an action by parties who

7    have incurred removal or remediation costs under the HSAA.  Pursuant to the

8    HSAA, such parties may seek contribution or indemnity for those costs from any

9    person who is a liable person within the meaning of Health & Safety Code §

10   25323.5.  Defendants are persons who are liable under such sections within the

11   meaning of section 25323.5 of the California Health & Safety Code.

12         67.    Plaintiff has incurred and will continue to incur necessary

13   response costs with respect to the contamination caused by Defendants.

14         68.    Plaintiff is informed and believes, and on that basis alleges, that

15   the response actions undertaken by Plaintiff has been or will be pursuant to federal

16   and state authorization and approval under CERCLA, and are or will be consistent

17   with the NCP.

18         69.    Plaintiff has satisfied any and all conditions precedent under

19   California law or otherwise to the undertaking of response actions and incurring of

20   response costs related to the Whittaker Site and the recovery of such costs from the

21   Defendants.

22         70.    Pursuant to California Health & Safety Code § 25363(e), the

23   Defendants, and each of them, are liable to Plaintiff for all of the response costs,

24   excluding those released by the Whittaker Settlement Agreements, incurred or to

25   be incurred as a result of the releases at and from the Whittaker Site, together with

26   interest thereon, at the maximum rate allowed by law.

27

28

56414201.v5

## NINTH CLAIM FOR RELIEF:  Declaratory Relief

### (Against all Defendants)

71.    Paragraphs 1 - 70 are incorporated herein by reference.

72.    An actual legal controversy now exists between Plaintiff on the one hand, and Defendants, on the other hand.  Plaintiff seeks a judicial declaration of their rights with respect to the Defendants pursuant to 28 U.S.C. § 2201. Plaintiff contends that Defendants are liable to Plaintiff under CERCLA, HSAA, and the state and common law claims alleged in this Complaint.  Plaintiff further contends that Defendants are obligated to reimburse Plaintiff for their past, current and future response costs and other damages.  Plaintiff is informed and believes, and on that basis alleges, that Defendants contend in all respects to the contrary.

73.    A declaratory judgment is appropriate for numerous reasons including the fact that a declaratory judgment will obviate the need for time-consuming multiple lawsuits as Plaintiff incurs costs in cleaning up the contamination caused by Defendants, thereby providing a complete resolution of the differences between the parties.

## TENTH CLAIM FOR RELIEF:  Injunctive Relief under RCRA

### (Against all Defendants)

74.    Paragraphs 1-73 are incorporated herein by reference.

75.    Section 7002 of RCRA, 42 USC § 6972(a) provides that:

"[A]ny person may commence a civil action on his own behalf

. . . against any person, . . . including any past or present

generator, past or present transporter, or past or present owner

or operator of a treatment, storage, or disposal facility, who has

contributed or who is contributing to the past or present

handling, storage, treatment, transportation, or disposal of any

**COMPLAINT**

56414201.v5

solid or hazardous waste which may present an imminent and

substantial endangerment to health or the environment."

76.     Further, Section 7002 of RCRA, 42 USC § 6972(e)

provides that:

"The court . . . may award costs of litigation (including

reasonable attorney and expert witness fees) to the prevailing

or substantially prevailing party, whenever the court

determines such an award is appropriate. The court may [also

grant] a temporary restraining order or preliminary injunction .

. .."

77.     Each Defendant is a "person" within the meaning of RCRA §

6903 (15).

78.     Each Defendant has contributed to or is contributing to the

handling, storage, treatment, transportation, or disposal of any solid or hazardous

waste.

79.     Defendants' disposal of hazardous waste has, *inter alia,*

contaminated the groundwater between the Whittaker Site and Plaintiff's supply

wells.  The high concentrations of TCE and PCE between, near and in Plaintiff's

wells pose an imminent and substantial endangerment to the groundwater used to

provide safe drinking water to Santa Clarita Valley consumers.

80.     Plaintiff is informed and believes that although the California

DTSC has commenced administrative actions against Defendants to address

contamination at the Whittaker Site, DTSC has not required Defendants to

remediate the TCE and PCE contamination in the groundwater that has migrated

from the Whittaker Site toward Plaintiff's wells and thus Plaintiff's claim is

permitted under RCRA § 6972(b)(2)(B)(iv).  Plaintiff is also informed and believes

**COMPLAINT**

56414201.v5

that DTSC's administrative actions do not adequately address the continuing spread of perchlorate contamination to Plaintiff's other wells.

81.    Plaintiff seeks an injunction that will require the Defendants to immediately remediate the contaminated soil and groundwater below and near the Whittaker Site and stop any continuing contamination of the environment by the Whittaker Site.  Plaintiffs will also seek its costs of litigation (including reasonable attorney and expert witness fees) as the court determines is appropriate.

82.    Prior to filing this Complaint, Plaintiff provided a 60 day and 90 day notice of violation and intent to sue to: (1) Whittaker, (2) the Attorney General of the United States, (3) the Administrator of the United States Environmental Protection Agency, (4) the Director of the California Department of Toxic Substances Control, (5) the Secretary of California Environmental Protection Agency, (6) the Chairman of the Los Angeles Regional Water Quality Control Board and the Chairman of the State Water Resources Control Board pursuant to RCRA § 6972(b)(1)(A) and (b)(2)(A).

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

## FIRST CLAIM FOR RELIEF

1.    For payment of all necessary costs of response, removal and remedial action costs, costs of abatement and liability incurred by Plaintiff as a result of any release or threatened release of hazardous substances at the Whittaker Site, excluding those released by the Whittaker Settlement Agreements.

## SECOND CLAIM FOR RELIEF

1.    For a declaratory judgment that Defendants are jointly and severally liable for all (or some portion) of any costs, damages and liability, not released by the Whittaker Settlement Agreements, Plaintiff may incur as a result of any release or threatened release of hazardous substances at the Whittaker Site.

**COMPLAINT**

56414201.v5

2.     For a declaratory judgment that Defendants are jointly and severally liable for all costs, damages and liabilities incurred by Plaintiff associated with perchlorate, TCE and PCE contamination within the Santa Clarita Valley.

### THIRD CLAIM FOR RELIEF

1.     For such actual damages as may be proven at trial;

2.     For such incidental and consequential damages as may be proven at trial; and

3.     For such punitive damages as may be proven at trial.

### FOURTH CLAIM FOR RELIEF

1.     For such actual damages, not released by the Whittaker Settlement Agreements, as may be proven at trial;

2.     For such incidental and consequential damages, not released by the Whittaker Settlement Agreements, as may be proven at trial; and

3.     For such punitive damages as may be proven at trial.

### FIFTH CLAIM FOR RELIEF

1.     For such actual damages, not released by the Whittaker Settlement Agreements, as may be proven at trial;

2.     For such incidental and consequential damages, not released by the Whittaker Settlement Agreements, as may be proven at trial;

3.     For such punitive damages as may be proven at trial; and

4.     For an injunction ordering Defendants to remediate and abate all contamination and threats of contamination caused releases at the Whittaker Site.

### SIXTH CLAIM FOR RELIEF

1.     For such actual damages, not released by the Whittaker Settlement Agreements, as may be proven at trial;

**COMPLAINT**

56414201.v5

2.     For such incidental and consequential damages, not released by the Whittaker Settlement Agreements, as may be proven at trial;

3.     For such punitive damages as may be proven at trial; and

4.     For an injunction ordering Defendants to remediate and abate all contamination and threats of contamination caused by releases at the Whittaker Site.

## SEVENTH CLAIM FOR RELIEF

1.     For such actual damages, not released by the Whittaker Settlement Agreements, as may be proven at trial;

2.     For such incidental and consequential damages, not released by the Whittaker Settlement Agreements, as may be proven at trial;

3.     For such punitive damages as may be proven at trial; and

4.     For an injunction ordering Defendants to remediate and stop all contamination and threats of contamination caused by releases at the Whittaker Site.

## EIGHTH CLAIM FOR RELIEF

1.     For payment of all necessary costs of response, removal and remedial action costs, costs of abatement and liability incurred by Plaintiff, not released by the Whittaker Settlement Agreements, as a result of any release or threatened release of hazardous substances at the Whittaker Site.

## NINTH CLAIM FOR RELIEF

1.     For a declaratory judgment that Defendants are liable for all costs, damages and liability, not released by the Whittaker Settlement Agreements, Plaintiff may incur as a result of any release or threatened release of hazardous substances from the Whittaker Site;

2.     For a declaratory judgment that Defendants are strictly liable under the law governing continuing public nuisances for Plaintiff's costs of

**COMPLAINT**

56414201.v5

abatement of the nuisances caused by releases and threats of releases or hazardous substances from the Whittaker Site, that were not released by the Whittaker Settlement Agreements;

3.    For a declaratory judgment that Defendants are strictly liable under the law governing continuing private nuisances for Plaintiff's costs, not released by the Whittaker Settlement Agreements, of abatement of the nuisances caused by releases and threats of releases or hazardous substances from the Whittaker Site;

4.    For a declaratory judgment that Defendants are strictly liable for all damages, not released by the Whittaker Settlement Agreements, caused by Defendants and for Plaintiff's costs of abatement because of Defendants' continuing trespasses against Plaintiff; and

5.    For a declaratory judgment that Defendants are liable for all costs, damages and liabilities, not released by the Whittaker Settlement Agreements, associated with perchlorate contamination within the Santa Clarita Valley.

## TENTH CLAIM FOR RELIEF

1.    For an injunction ordering Defendants to remediate and stop all contamination and threats of contamination caused by the Whittaker Site.

2.    For all costs of litigation (including reasonable attorney fees and expert witness fees) as the court determines appropriate pursuant to RCRA § 6972(e).

## ON ALL CLAIMS FOR RELIEF

1.    For Plaintiff's costs of suit herein;

2.    For interest on any money judgment;

3.    For Plaintiff's reasonable attorneys' fees; and

**COMPLAINT**

56414201.v5

4.    For such other and further relief as the Court may deem just and proper.

Dated:  August __8__, 2018.

**NOSSAMAN LLP**
**FREDERIC A. FUDACZ**
**BYRON P. GEE**

By: _____
    BYRON P. GEE

Attorneys for Plaintiff Santa Clarita Valley Water Agency

25
**COMPLAINT**

56414201.v5

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

By: _____

BYRON P. GEE

Attorneys for Plaintiff Santa Clarita Valley Water Agency

**COMPLAINT**

56414201.v5