1  NOSSAMAN LLP
2  FREDERIC A. FUDACZ (SBN 050546)
   ffudacz@nossaman.com
3  BYRON P. GEE (SBN 190919)
   bgee@nossaman.com
4  Carl L. Blumenstein (SBN 124158)
5  cblumenstein@nossaman.com
6  777 S. Figueroa Street, 34th Floor
   Los Angeles, California 90017-1602
7  Telephone: (213) 612-7800
   Facsimile: (213) 612-7801
8
9  Attorneys for Plaintiff Santa Clarita Valley Water Agency

10
11              UNITED STATES DISTRICT COURT
12            CENTRAL DISTRICT OF CALIFORNIA

13  SANTA CLARITA VALLEY WATER          Case No.:  2:18-cv-6825
14  AGENCY,
                                        FIRST AMENDED COMPLAINT
15              Plaintiff,              FOR:
                                        1.  RECOVERY UNDER CERCLA
16       vs.                                [42 U.S.C. § 9607(a)];
                                        2.  DECLARATORY RELIEF
17  WHITTAKER CORPORATION and               UNDER CERCLA [42 U.S.C. §
    DOES 1-10, Inclusive,                   9613(g)];
18                                      3.  NEGLIGENCE;
                Defendants.             4.  NEGLIGENCE PER SE;
19                                      5.  NUISANCE;
20                                      6.  PUBLIC NUISANCE;
                                        7.  TRESPASS;
21                                      8.  RECOVERY UNDER THE
22                                          CALIFORNIA HAZARDOUS
                                            SUBSTANCE ACCOUNT ACT
23                                          [CALIFORNIA HEALTH &
                                            SAFETY CODE §25300 ET SEQ.];
24                                      9.  DECLARATORY RELIEF [28
                                            U.S.C. §§ 2201 & 2202];
25                                      10. INJUNCTIVE RELIEF UNDER
26                                          THE RESOURCE,
                                            CONSERVATION AND
27                                          RECOVERY ACT [42 USC 6901
                                            ET. SEQ.].
28
                                        **(DEMAND FOR JURY TRIAL)**

                          1
                 FIRST AMENDED COMPLAINT

56772468

1
## **INTRODUCTION**

2      On November 29, 2000, Plaintiff Santa Clarita Valley Water Agency's

3  ("Plaintiff") predecessors in interest (Castaic Lake Water Agency, Newhall County

4  Water District, Santa Clarita Water Company and Valencia Water Company) filed

5  a complaint naming, among others, Whittaker Corporation for releases of

6  contamination, including perchlorate and volatile organic compounds ("VOC"),

7  which include trichloroethylene ("TCE") and perchloroethylene ("PCE"), from the

8  former Whittaker Bermite site (the "Whittaker Site") that impacted Plaintiff's

9  domestic water supply wells.

10      In 2003, the Honorable Howard Matz issued a published opinion finding that

11  Whittaker and others were liable under the Comprehensive Environmental

12  Response, Compensation and Recovery Act ("CERCLA") for perchlorate

13  contamination found in Plaintiff's water supply wells.  Judge Matz' published

14  opinion is attached as Exhibit "1."

15      In 2007, Whittaker entered into a settlement agreement with Plaintiff's

16  predecessors ("2007 Settlement Agreement") in which Whittaker, *inter alia*,

17  agreed to pay certain remediation costs for five production wells known to have

18  perchlorate contamination ("Subject Wells").  The Settlement Agreement allows

19  plaintiff to pursue claims for perchlorate contamination of wells which were not

20  Subject Wells ("non-Subject Wells") and for VOC contamination, which was not

21  released by the 2007 Settlement Agreement.  In 2007, Judge Matz approved the

22  Settlement Agreement and dismissed the case without prejudice as to the claims

23  alleged herein.

24      In 2015, Whitaker entered into a separate settlement agreement with

25  Plaintiff's predecessor, Valencia Water Company, to address perchlorate

26  contamination in one of the non-Subject Wells that was not addressed by the 2007

27  Settlement Agreement ("2015 Settlement Agreement" - together, the 2007

28  Settlement Agreement and 2015 Settlement Agreement are "Whittaker Settlement

1    Agreements"). Since that time, other non-Subject Wells have been impacted by or

2    threatened with perchlorate contamination. In addition, Subject Wells and non-

3    Subject Wells have been impacted or threatened with VOC contamination. As a

4    result, Plaintiff has incurred response costs and other damages and brings this

5    action to address those claims.

6        Plaintiff alleges as follows:

7                                    **JURISDICTION**

8        1.    The Court has jurisdiction over Plaintiff's First and Second

9    Claims for Relief pursuant to 28 U.S.C. § 1331 and section 113(b) of the

10   Comprehensive Environmental Response, Compensation and Liability Act

11   ("CERCLA"), 42 U.S.C. § 9613(b).

12       2.    The Court has jurisdiction over Plaintiff's Third, Fourth, Fifth,

13   Sixth, Seventh and Eighth Claims for Relief pursuant to 28 U.S.C. § 1367(a).

14       3.    The Court has jurisdiction over Plaintiff's Ninth Claim for

15   Relief pursuant to 28 U.S.C. § 1331 and, with respect to claims made under

16   California statutory and common law, pursuant to 28 U.S.C. § 1367(a).

17       4.    The Court has jurisdiction over Plaintiff's Tenth Claim for

18   Relief pursuant to 28 U.S.C § 1331 and Section 7002(a) of the Resource

19   Conservation and Recovery Act, 42 U.S.C. § 6972(a).

20                                      **VENUE**

21       5.    This action involves properties located at or near 22116 West

22   Soledad Canyon Road in the City of Santa Clarita.

23       6.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)

24   and 42 U.S.C. §§ 9607 & 9613(b) because the Whittaker Site is located within the

25   Central District of California ("District") and because at least some of the acts that

26   gave rise to Plaintiff's claims occurred in this District.

27   ///

28   ///

FIRST AMENDED COMPLAINT

56772468

## PLAINTIFF

7.     Plaintiff is a public agency organized and operating under the laws of the State of California that does business within this District.  Plaintiff provides, sells, manages, and delivers surface water, groundwater, and recycled water for municipal, industrial, domestic, and other purposes at retail and wholesale, and is responsible for managing water resources to ensure adequate water supply within the Santa Clarita Valley.  Plaintiff is also a successor in interest to *Castaic Lake Water Agency, Newhall County Water District, Santa Clarita Water Company and Valencia Water Company.*

## DEFENDANTS

8.     Plaintiff is informed and believes, and on that basis alleges, that defendant Whittaker is a corporation organized under the laws of the State of Delaware and doing business within this District.

9.     Does 1-10 are as yet unidentified entities and individuals who are liable for any release or threatened release of hazardous substances and other injurious conditions at or near the Whittaker Site.  The true names or capacities of the defendants sued under the fictitious names Does 1-10 are currently unknown to Plaintiff.  Plaintiff will amend this Complaint to add the true names and capacities of these parties when they become known to Plaintiff.

## GENERAL ALLEGATIONS

### Whittaker Site

10.     The Whittaker-Bermite site (the Whittaker Site aka the Bermite facility) covers approximately 1,000 acres.  Plaintiff is informed and believes, and on that basis alleges, that Whittaker has produced ammunition, rockets, explosives, flares, detonators and similar products (collectively, "Explosive Products") at the Whittaker Site since at least 1943.

11.     Plaintiff is informed and believes, and on that basis alleges, that Whittaker Corporation is the successor to the assets and liabilities, including all

4

FIRST AMENDED COMPLAINT

56772468

1  rights under certain insurance policies, of its predecessor entities.  Whittaker's

2  predecessor entities include, but are not limited to, the following companies:

3  *Whittaker Bermite Corporation, Whittaker Porta Bella, Inc., Bermite Powder*

4  *Company, and Los Angeles Powder Company* (collectively referred to with the

5  Whittaker Corporation as "Whittaker").

6          12.    Plaintiff is informed and believes, and on that basis alleges, that

7  Whittaker has owned the Whittaker Site since at least 1943 and manufactured

8  Explosive Products at the Whittaker Site from 1943 until at least 1987.

9          13.    Together, Whittaker and Does 1-10 (collectively,

10  "Defendants") have produced the Explosive Products at the Whittaker Site for over

11  forty years.

12          14.    Plaintiff is informed and believes, and on that basis alleges, that

13  Defendants' manufacture of Explosive Products involved the use and misuse and

14  storage of hazardous substances, such as perchlorate, TCE and PCE.  In connection

15  with Defendants' use and misuse of hazardous substances over many years caused

16  numerous releases of such substances, including perchlorate, TCE and PCE, into

17  the soil and groundwater.  Plaintiff is further informed and believes, and on that

18  basis alleges, that these releases (some of which were sudden and accidental) have

19  and are significantly contaminating the soil and groundwater at, underneath and

20  near the Whittaker Site.  Plaintiff also is informed and believes, and on that basis

21  alleges, that Defendants' construction, movement of soil, and other activities on

22  the Whittaker Site have caused and are causing additional releases (some of which

23  were sudden and accidental) of hazardous substances that have contaminated and

24  are contaminating the soil and groundwater.

25          15.    Plaintiff is informed and believes, and on that basis alleges, that

26  Defendants' releases of hazardous substances including perchlorate, TCE and PCE

27  are continuing with resultant contamination of the soil and groundwater.

28  ///

56772468

16.     Plaintiff is informed and believes, and on that basis alleges, that perchlorate contamination is rare and it has been consistently and predominantly associated with the production of Explosive Products such as those manufactured at the Whittaker Site and the chemical components for such products.  Plaintiff is also informed and believes that significant quantities of TCE and PCE were released at the Whittaker site and migrated to Plaintiff's water supply wells along with the perchlorate.

17.     Plaintiff is informed and believes, and on that basis alleges, that hazardous substance releases from the Whittaker Site have resulted in significant impairment of the groundwater in the Santa Clarita Valley.  As a result, Plaintiff is required to comply, *inter alia,* with the California Department of Drinking Water Policy 97-005 requirements for Direct Use of Extremely Impaired Sources to continue utilizing the groundwater as a source of drinking water.

18.     Plaintiff is informed and believes that the perchlorate contamination from the Whittaker Bermite site continues to spread through the groundwater toward other Plaintiff's wells and further investigation and studies are required.  Plaintiff is also informed and believes, and on that basis alleges, Whittaker's response actions fail to address the significant levels of TCE and PCE contamination that migrated from its site to groundwater used by Plaintiff. Plaintiff is informed and believes, and on that basis alleges, that the scope of state administrative orders and mandates issued to Whittaker do not (a) adequately address the continuing spread of perchlorate contamination and (b) require Whittaker to address TCE and PCE contamination in the groundwater that has migrated from beneath the Whittaker Site.

19.     There is ample evidence of intentional and outrageous misconduct to support a claim for punitive damages.  We briefly summarize the pertinent facts.

///

20.     On information and belief, Whittaker's conduct with respect to its handling and disposal of hazardous waste at the Whittaker Bermite facility, and its disregard of accepted practices and legal requirements regarding the investigation and oversight of locations where hazardous wastes were present, was intentional and malicious.  Whittaker acted or failed to act in conscious and callous disregard of the rights of others who might be injured or adversely affected as a result of its conduct.  During the 1980s, Whittaker knowingly engaged in illegal practices regarding the handling and disposal of hazardous waste at the Whittaker Bermite Site.  A non-exhaustive description of Whittaker's conduct is set forth in a June 22, 1987 memorandum prepared by Christopher F. Thompson, who, at the time, was one of Whittaker's environmental consultants.  As reported by Mr. Thompson, Joe Alibrandi, who at the time was Whittaker's Chief Executive Officer, commented that it was only necessary to remove large, obvious waste material and drums of suspected hazardous materials from landfills and that other materials should be left buried in the ground.  Mr. Alibrandi further observed that that there is no way to completely remove all the wastes from the facility so "why waste time or money getting more of it (the wastes) out."  Mr. Alibrandi, according to Mr. Thompson, stated that there could be future problems with the on-site landfills for which Whittaker would have some liability.  Mr. Alibrandi, who on information and belief was authorized to act on behalf of Whittaker, expressed the view that Whittaker and it consultants should leave non-obvious materials in landfills so that those would be addressed by an anticipated buyer and future developer of the property.  Mr. Alibrandi did not appear overly concerned when told that delaying clean-up would greatly increase costs, presumably because buried liquid waste would continue to migrate through soil and groundwater.  According to Mr. Thompson, Mr. Alibrandi stated that "if he cannot sell the property because of a contamination problem, he will write off the loss and will [give] the property to the EPA or maybe Tammy Bakker."

FIRST AMENDED COMPLAINT

56772468

1        21.     During the same time period, the Department of Toxic

2    Substances Control's ("DTSC's")  site inspector indicated that Whittaker was

3    conducting "midnight cleanup" activities at hazardous waste locations at the

4    facility without obtaining required regulatory approvals to avoid DTSC oversight

5    in order to save money.

6        22.     During the 1980s and contrary to legal requirements at the time,

7    Whittaker failed to disclose the existence of and locations at the Whittaker Bermite

8    facility where it disposed of hazardous wastes to EPA and DTSC.

9        23.     DTSC's Criminal Investigation Branch with the assistance of

10   the Los Angeles County District Attorney's office, executed a search warrant and

11   seized 40,000 documents from Whittaker and its consultants, several of which

12   provided evidence of deliberate concealment of material facts by Whittaker.  In

13   addition to the illegal activities above, DTSC uncovered evidence that Whittaker

14   was conducting both onsite and offsite treatment and disposal activities of

15   hazardous waste following the shutdown of manufacturing operations at the

16   Whittaker Bermite site.  Based on the investigation that DTSC conducted into

17   Whittaker's activities at the Whittaker Bermite Site, the DTSC asked the Los

18   Angeles District Attorney to file criminal charges against Whittaker.

19   <u>**FIRST CLAIM FOR RELIEF:  Response Costs under CERCLA**</u>

20   **(Against all Defendants)**

21       24.     Paragraphs 1-22 are incorporated herein by reference.

22       25.     Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides,

23   *inter alia*:

24       Notwithstanding any other provision of rule of law, and

25       subject only to the defenses set forth in subsection (b) of

26       this section –

27           (1)     the owner and operator of a vessel or a

28       facility,

8

FIRST AMENDED COMPLAINT

56772468

(2)  any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,

(3)  any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, or hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity containing such hazardous substances, and

(4)  any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for --

(A)  all costs of removal or remedial action incurred by the United States Government or a State or an Indian tribe not inconsistent with the national contingency plan;

(B)  any other necessary costs of response incurred by any other person consistent with the national contingency plan;

(C)  damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release; and

9

FIRST AMENDED COMPLAINT

56772468

1              (D)     the costs of any health assessment or

2        health effects study carried out under section 9604(i) of

3        this title.

4        The amounts recoverable in an action under this section

5        shall include interest on the amounts recoverable under

6        subparagraphs (A) through (D).

7              26.     Each Defendant is a "person" within the meaning of CERCLA

8    § 101(21), 42 U.S.C. § 9601(21).

9              27.     The Whittaker Site is a "facility" within the meaning of

10   CERCLA § 101(9), 42 U.S.C. § 9601(9).

11             28.     Plaintiff is informed and believes, and on that basis alleges, that

12   there have been releases (some of which were sudden and accidental) and

13   threatened releases of hazardous substances, including perchlorate, TCE and PCE,

14   at and from the Whittaker Site within the meaning of section 101(22) of CERCLA,

15   42 U.S.C. § 9601(22).  Plaintiff is further informed and believes, and on that basis

16   alleges, that the releases are continuing.

17             29.     Plaintiff has incurred and will incur necessary costs of response

18   pursuant to CERCLA §107(a), 42 U.S.C. § 9607(a), consistent with the National

19   Contingency Plan ("NCP"), as a result of releases and threatened releases (within

20   the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22)) of hazardous

21   substances at and from the Whittaker Site.  On December 3, 2018, the Court

22   granted Whittaker's motion to stay Plaintiff's claim for future response costs

23   sought by this First Claim for Relief.  Plaintiff restates the allegations of this

24   paragraph so that all allegations are contained in this First Amended Complaint in

25   the event that the Court lifts its stay.

26             30.     Defendants are responsible persons defined in CERCLA §

27   107(a)(1), (2), (3), and/or (4), 42 U.S.C. § 9607(a)(1 – 4).  Defendants are

28   therefore jointly and severally liable for all response costs incurred or to be

FIRST AMENDED COMPLAINT

56772468

1   incurred by Plaintiff, not released by the Whitaker Settlement Agreements.

2         31.    Prior to filing this Complaint, Plaintiff provided a copy of this

3   Complaint to the Attorney General of the United States and the Administrator of

4   the United States Environmental Protection Agency pursuant to CERCLA § 113(l),

5   42 U.S.C. § 9613(l).

6            **SECOND CLAIM FOR RELIEF:  Declaratory Relief Under**

7               **CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2))**

8                   **(Against all Defendants)**

9       32.    Paragraphs 1-22 are incorporated herein by reference.

10      33.    CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), provides in

11   pertinent part:

12           In any action described in this subsection the court shall

13           enter a declaratory judgment on liability for response

14           costs or damages that will be binding on any subsequent

15           action or actions to recover further response costs or

16           damages.

17      34.    An actual controversy now exists between Plaintiff and

18   Defendants, and each of them, in that Plaintiff contends that Defendants, and each

19   of them, are parties liable under CERCLA § 107(a), 42 U.S.C. § 9607(a) for all

20   response costs incurred and to be incurred by Plaintiff as a result of the releases or

21   threatened releases of hazardous substances, including perchlorate, TCE and PCE,

22   at and from the Whittaker Site.  Plaintiff is informed and believes, and on that basis

23   alleges, that Defendants, and each of them, dispute such contentions in all respects.

24      35.    A declaration of the rights and obligations of the parties

25   pursuant to CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), that exclude those

26   released under the Whittaker Settlement Agreements, binding in any subsequent

27   action or actions to recover further response costs incurred by Plaintiff, is

28   appropriate and in the interest of justice.

## THIRD CLAIM FOR RELIEF:  Negligence

### (Against all Defendants)

36.     Paragraphs 1-22 are incorporated herein by reference.

37.     At all times referred to or mentioned herein, it was reasonably foreseeable that the groundwater which Plaintiff was entitled to pump and to use, and has pumped and used, for beneficial purposes would be polluted and contaminated, and would be significantly adversely impacted by releases at and from the Whittaker Site, of a "hazardous substance" within the meaning of that term as defined in CERCLA §101(14), 42 U.S.C. §9601(14).

38.     At all times referred to or mentioned herein, Defendants, and each of them, owed and continue to owe Plaintiff a duty to exercise due care in their occupation, utilization, operation and maintenance of the Whittaker Site so as to avoid and prevent the release of hazardous substances onto and into the soil and groundwater at or near the Whittaker Site, and to prevent the hazardous substances present on the Whittaker Site from contaminating the soil at or near the Whittaker Site and the groundwater underlying the Whittaker Site and other nearby areas, including the areas from which Plaintiff's wells draw groundwater.

39.     Plaintiff is informed and believes, and on that basis alleges, that the Defendants, and each of them, failed to exercise due or ordinary care and were negligent in (1) their handling and releases of hazardous substances on the Whittaker Site; (2) their efforts to locate and remove hazardous substances from the Whittaker Site; (3) their repair, maintenance and construction of buildings and other improvements at the Whittaker Site; (4) their movement of soils and other materials at the Whittaker Site; and (5) their management and supervision of the activities and operations on the Whittaker Site.  Plaintiff is informed and believes, and on that basis alleges, that negligent acts and omissions by Defendants that injure Plaintiff are continuing to occur.

///

FIRST AMENDED COMPLAINT

56772468

1    40.    The failure of Defendants, and each of them, to exercise due

2 and ordinary care with respect to the activities and matters set forth in Paragraph

3 34 above, resulted in substantial damage to Plaintiff by polluting and

4 contaminating the soil at and near the Whittaker Site, as well as the groundwater

5 underlying the Whittaker Site and other nearby lands, including groundwater that

6 supplies Plaintiff's water supply wells.  These injuries are continuing.

7    41.    As a proximate result of said negligent conduct, negligent

8 action, and negligent omissions of Defendants, and each of them, Plaintiff has

9 suffered and will continue to suffer substantial injury proximately caused by the

10 pollution and contamination of the groundwater underlying the Whittaker Site and

11 other nearby lands, including groundwater that supplies Plaintiff's water supply

12 wells.  Plaintiff is informed and believes, and on that basis alleges, that the

13 pollution caused by Defendants, and each of them, has also contaminated the soil

14 on and near the Whittaker Site.  Plaintiff will seek leave of this Court to amend this

15 Complaint to allege more precisely the damages incurred and sustained by Plaintiff

16 at such time as Plaintiff's total damages, not released by the Whittaker Settlement

17 Agreements, can so be determined.  On December 3, 2018, the Court granted

18 Whittaker's motion to stay Plaintiff's claim for future damages sought by this

19 Third Claim for Relief.  Plaintiff restates the allegations of this paragraph so that

20 all allegations are contained in this First Amended Complaint in the event that the

21 Court lifts its stay.

22    42.    In engaging in the acts alleged above, the Defendants, and each

23 of them, were and are acting with full knowledge of the consequences and

24 damages being caused to Plaintiff, and the Defendants' conduct, was willful,

25 oppressive and malicious and in conscious disregard of the rights of Plaintiff.

26 Plaintiff is entitled to punitive damages against the Defendants, and each of them,

27 in an amount sufficient to punish the Defendants, and each of them, and make an

28 example of them.

FIRST AMENDED COMPLAINT

56772468

## FOURTH CLAIM FOR RELIEF:  Negligence Per Se

### (Against All Defendants)

43.     Paragraphs 1-22 are incorporated herein by reference.

44.     Plaintiff is informed and believes, and on that basis alleges, that Defendants, and each of them, knew or in the exercise of reasonable care should have known that their handling of various hazardous substances, including the Explosive Materials, at the Whittaker Site was subject to and regulated by federal and state statutes and/or local laws including, but not limited to, the following:

   (a)     CERCLA, 42 U.S.C. § 9601 *et seq.*;

   (b)     RCRA, 42 U.S.C. § 6901 *et seq.*;

   (c)     Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq.*;

   (d)     California Health and Safety Code § 25100 *et seq.*;

   (e)     California Health and Safety Code § 25280 *et seq.*; and

   (f)     California Water Code § 13300 *et seq.*

45.     Plaintiff is informed and believes, and on that basis alleges, that the Manufacturing Defendants' use and release of hazardous substances, including perchlorate, TCE and PCE, at and from the Whittaker Site violates one or more of the statutes identified in paragraph 39 above.  Each violation in and of itself, constitutes negligence per se.  Contamination of the soil and groundwater on or near the Whittaker Site occurred as a proximate result of the conduct comprising each statutory violation.  These statutes were designed to prevent such damage, and each statute was designed to protect parties such as the Plaintiff from such damage.  Plaintiff is informed and believes, and on that basis alleges, that violations of such laws by Defendants are continuing to occur.

46.     As a proximate result of the violations of the Defendants, and each of them, Plaintiff has been damaged, and will continue to be damaged, in an amount subject to proof at trial.  On December 3, 2018, the Court granted

14

FIRST AMENDED COMPLAINT

56772468

1   Whittaker's motion to stay Plaintiff's claim for future damages sought by this

2   Fourth Claim for Relief.  Plaintiff restates the allegations of this paragraph so that

3   all allegations are contained in this First Amended Complaint in the event that the

4   Court lifts its stay.

5           47.    In engaging in the acts alleged above, the Defendants, and each

6   of them, were and are acting with full knowledge of the consequences and

7   damages being caused to Plaintiff, and such Defendants' conduct was and is

8   willful, oppressive and malicious and in conscious disregard of the rights of

9   Plaintiff.  Plaintiff is entitled to punitive damages against such Defendants, and

10  each of them, in an amount sufficient to punish such Defendants, and each of them,

11  and make an example of them.

## FIFTH CLAIM FOR RELIEF:  Private Nuisance

### (Against all Defendants)

14          48.    Paragraphs 1-22 are incorporated herein by reference.

15          49.    California Civil Code § 3479 defines a nuisance as follows:

16  Anything which is injurious to health, or is indecent or

17  offensive to the senses, or an obstruction to the free use

18  of property, so as to interfere with the comfortable

19  enjoyment of life or property . . . is a nuisance.

20  The nuisance created by Defendants is of a continuing nature.

21          50.    During their ownership of or activities at the Whittaker Site,

22  Defendants created and allowed to continue conditions which constitute a private

23  nuisance by permitting the release of hazardous substances, including perchlorate,

24  TCE and PCE, at and from the Whittaker Site.

25          51.    By intentionally and/or negligently causing a nuisance by

26  contaminating the soil and groundwater at or near the Whittaker Site, Defendants'

27  actions have injured Plaintiff.

28          52.    The above-described nuisance relating to the Whittaker Site has

15

FIRST AMENDED COMPLAINT

interfered with Plaintiff's use and enjoyment of its property, and has created a risk to human health and the environment.

53. Defendants, and each of them, have refused or otherwise failed to abate this nuisance.

54. Plaintiff has incurred and will continue to incur substantial damages because of the nuisance. Plaintiff will seek leave of this Court to amend this Complaint when its total damages, excluding those released by the Whittaker Settlement Agreements, can be more precisely ascertained. On December 3, 2018, the Court granted Whittaker's motion to stay Plaintiff's claim for future damages sought by this Fifth Claim for Relief. Plaintiff restates the allegations of this paragraph so that all allegations are contained in this First Amended Complaint in the event that the Court lifts its stay.

55. The nuisance created by Defendants can be reasonably abated with existing technology. Defendants, and each of them, can and should use this technology to abate the nuisance.

56. While Whittaker has recently undertaken on-site clean-up activities in response to a DTSC unilateral administrative order, past hazardous waste disposal practices to soil and groundwater of the Defendants, and each of them, were and are willful, oppressive, fraudulent, malicious, and in conscious disregard of the rights of Plaintiff. Plaintiff is therefore entitled to an award of punitive damages against Defendants, and each of them, in an amount sufficient to punish the Defendants, and each of them, and make an example of them.

57. On December 3, 2018, the Court granted Whittaker's motion to stay Plaintiff's claim for injunctive relief on this Fifth Claim for Relief. Plaintiff restates the allegations of this paragraph so that all allegations are contained in this First Amended Complaint in the event that the Court lifts its stay. Defendants, and each of them, by continually releasing and/or permitting to be released hazardous substances from the Whittaker Site into the groundwater surrounding the Whittaker

Site, have and are irreparably injuring Plaintiff.  Plaintiff has no adequate remedy at law for these injuries.  Therefore, Plaintiff is entitled to an injunction requiring Defendants to promptly abate the release and threat of releases of hazardous substances including perchlorate, TCE and PCE.  Specifically, Plaintiff seeks an injunction that will require the Defendants to immediately remediate the hazardous substances released from the Whittaker Site that has contaminated groundwater near the Whittaker Site, to remediate the contaminated water in Plaintiff's supply wells and to abate any continuing contamination of the environment by the Whittaker Site.

## SIXTH CLAIM FOR RELIEF:  Public Nuisance

### (Against all Defendants)

58.    Paragraphs 1-22 are incorporated herein by reference.

59.    The nuisance described above threatens to affect the community in and around the Whittaker Site.  Plaintiff is informed and believes, and thereon alleges, that the contamination caused by Defendants can migrate to groundwater subject to use and actually being used by third parties.  Abatement of the contamination caused by Defendants will prevent the contamination from affecting the property and groundwater being used by third parties and/or the general public.  Absent such abatement, the nuisance caused by Defendants' actions will continue to impair the public's right to the beneficial use, whether actual or potential, of the groundwater and land.

60.    Plaintiff has incurred and continues to incur special injuries as a direct and proximate result of this public nuisance, injuries which the general public has not suffered.  For example, Plaintiff has suffered injury and costs as a direct and proximate result of the contamination in their water wells.  In light of Defendants' continued refusal to take the necessary action required to abate the nuisance, Plaintiff has been forced to commence this action.  On December 3, 2018, the Court granted Whittaker's motion to stay Plaintiff's claim for future

56772468

1   damages sought by this Sixth Claim for Relief.  Plaintiff restates the allegations of

2   this paragraph so that all allegations are contained in this First Amended

3   Complaint in the event that the Court lifts its stay.

4        61.   The acts of the Defendants to release hazardous substances into

5   the groundwater, and each of them, were and are willful, oppressive, fraudulent,

6   malicious, and in conscious disregard of the rights of Plaintiff.  Plaintiff is

7   therefore entitled to an award of punitive damages against Defendants, and each of

8   them, in an amount sufficient to punish the Defendants, and each of them, and

9   make an example of them.

10        62.   The public nuisance created by Defendants can be reasonably

11   abated with existing technology.  Defendants, and each of them, can and should

12   use this technology to abate the nuisance.

13        63.   On December 3, 2018, the Court granted Whittaker's motion to

14   stay Plaintiff's claim for injunctive relief on this Sixth Claim for Relief.  Plaintiff

15   restates the allegations of this paragraph so that all allegations are contained in this

16   First Amended Complaint in the event that the Court lifts its stay.  Defendants, and

17   each of them, by continually releasing and/or permitting to be released hazardous

18   substances into the groundwater and soil in the area surrounding the Whittaker

19   Site, have and are irreparably injuring Plaintiff.  Plaintiff has no adequate remedy

20   at law for these injuries.  Therefore, Plaintiff is entitled to an injunction requiring

21   Defendants to promptly abate the release and threat of releases of hazardous

22   substances including perchlorate, TCE and PCE.  Specifically, Plaintiff seeks an

23   injunction that will require the Defendants to immediately remediate the

24   contaminated groundwater impacted by the Whittaker Site and abate any

25   continuing contamination of the environment by the Whittaker Site.

26                **SEVENTH CLAIM FOR RELIEF:  Trespass**

27                     **(Against all Defendants)**

28        64.   Paragraphs 1-2 are incorporated herein by reference.

56772468

65.     On December 3, 2018, the Court granted Whittaker's motion to dismiss Plaintiff's Seventh Claim for Relief for Trespass without leave to amend and, for that reason, Plaintiff has deleted those allegations from this amended complaint.  Plaintiff will move for reconsideration of that ruling and will seek leave of court to amend its allegations.  If the Court grants the requested relief, Plaintiff will again amend its complaint and will re-allege this Claim for Relief.

## EIGHTH CLAIM FOR RELIEF:  Response Costs Under HSAA
### (Against all Defendants)

66.     Paragraphs 1-2 are incorporated herein by reference.

67.     The California Hazardous Substance Account Act ("HSAA"), Cal. Health & Safety Code § 25300 *et seq*. provides for an action by parties who have incurred removal or remediation costs under the HSAA.  Pursuant to the HSAA, such parties may seek contribution or indemnity for those costs from any person who is a liable person within the meaning of Health & Safety Code § 25323.5.  Defendants are persons who are liable under such sections within the meaning of section 25323.5 of the California Health & Safety Code.

68.     Plaintiff has incurred and will continue to incur necessary response costs with respect to the contamination caused by Defendants.

69.     Plaintiff is informed and believes, and on that basis alleges, that the response actions undertaken by Plaintiff has been or will be pursuant to federal and state authorization and approval under CERCLA, and are or will be consistent with the NCP.

70.     Plaintiff has satisfied any and all conditions precedent under California law or otherwise to the undertaking of response actions and incurring of response costs related to the Whittaker Site and the recovery of such costs from the Defendants.

71.     Pursuant to California Health & Safety Code § 25363(e), the Defendants, and each of them, are liable to Plaintiff for all of the response costs,

19
FIRST AMENDED COMPLAINT

56772468

1    excluding those released by the Whittaker Settlement Agreements, incurred or to

2    be incurred as a result of the releases at and from the Whittaker Site, together with

3    interest thereon, at the maximum rate allowed by law.  On December 3, 2018, the

4    Court granted Whittaker's motion to stay Plaintiff's claim for future response costs

5    sought by this Eighth Claim for Relief.  Plaintiff restates the allegations of this

6    paragraph so that all allegations are contained in this First Amended Complaint in

7    the event that the Court lifts its stay.

8                    **NINTH CLAIM FOR RELIEF:  Declaratory Relief**

9                               **(Against all Defendants)**

10           72.    Paragraphs 1-22 are incorporated herein by reference.

11           73.    An actual legal controversy now exists between Plaintiff on the

12   one hand, and Defendants, on the other hand.  Plaintiff seeks a judicial declaration

13   of their rights with respect to the Defendants pursuant to 28 U.S.C. § 2201.

14   Plaintiff contends that Defendants are liable to Plaintiff under CERCLA, HSAA,

15   and the state and common law claims alleged in this Complaint.  Plaintiff further

16   contends that Defendants are obligated to reimburse Plaintiff for their past, current

17   and future response costs and other damages.  Plaintiff is informed and believes,

18   and on that basis alleges, that Defendants contend in all respects to the contrary.

19           74.    A declaratory judgment is appropriate for numerous reasons

20   including the fact that a declaratory judgment will obviate the need for time-

21   consuming multiple lawsuits as Plaintiff incurs costs in cleaning up the

22   contamination caused by Defendants, thereby providing a complete resolution of

23   the differences between the parties.

24              **TENTH CLAIM FOR RELIEF:  Injunctive Relief under RCRA**

25                               **(Against all Defendants)**

26           75.    Paragraphs 1-22 are incorporated herein by reference.

27           76.    Section 7002 of RCRA, 42 USC § 6972(a), provides that:

28           "[A]ny person may commence a civil action on his own behalf

56772468

. . . against any person, . . . including any past or present
generator, past or present transporter, or past or present owner
or operator of a treatment, storage, or disposal facility, who has
contributed or who is contributing to the past or present
handling, storage, treatment, transportation, or disposal of any
solid or hazardous waste which may present an imminent and
substantial endangerment to health or the environment."

77. Further, Section 7002 of RCRA, 42 USC § 6972(e) provides that:
"The court . . . may award costs of litigation (including
reasonable attorney and expert witness fees) to the prevailing or
substantially prevailing party, whenever the court determines
such an award is appropriate. The court may [also grant] a
temporary restraining order or preliminary injunction . . . ."

78. Each Defendant is a "person" within the meaning of RCRA § 6903
(15).

79.     Each Defendant has contributed to or is contributing to the
handling, storage, treatment, transportation, or disposal of any solid or hazardous
waste.

80.     Defendants' disposal of hazardous waste has, *inter alia,*
contaminated the groundwater between the Whittaker Site and Plaintiff's supply
wells.  The high concentrations of TCE and PCE between, near and in Plaintiff's
wells pose an imminent and substantial endangerment to the groundwater used to
provide safe drinking water to Santa Clarita Valley consumers.

81.     Plaintiff is informed and believes that although the California
DTSC has commenced administrative actions against Defendants to address
contamination at the Whittaker Site, DTSC has not required Defendants to
remediate the TCE and PCE contamination in the groundwater that has migrated
from the Whittaker Site toward Plaintiff's wells and thus Plaintiff's claim is

permitted under RCRA § 6972(b)(2)(B)(iv).  Plaintiff is also informed and believes that DTSC's administrative actions do not adequately address the continuing spread of perchlorate contamination to Plaintiff's other wells.

82.   Plaintiff seeks an injunction that will require the Defendants to immediately remediate the contaminated soil and groundwater below and near the Whittaker Site and stop any continuing contamination of the environment by the Whittaker Site.  Plaintiff will also seek its costs of litigation (including reasonable attorney and expert witness fees) as the court determines is appropriate.

83.   Prior to filing this Complaint, Plaintiff provided a 60 day and 90 day notice of violation and intent to sue to: (1) Whittaker, (2) the Attorney General of the United States, (3) the Administrator of the United States Environmental Protection Agency, (4) the Director of the California Department of Toxic Substances Control, (5) the Secretary of California Environmental Protection Agency, (6) the Chairman of the Los Angeles Regional Water Quality Control Board and the Chairman of the State Water Resources Control Board pursuant to RCRA § 6972(b)(1)(A) and (b)(2)(A).

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

### FIRST CLAIM FOR RELIEF

1.   For payment of all necessary costs of response, removal and remedial action costs, costs of abatement and liability incurred by Plaintiff as a result of any release or threatened release of hazardous substances at the Whittaker Site, excluding those released by the Whittaker Settlement Agreements.

### SECOND CLAIM FOR RELIEF

1.   For a declaratory judgment that Defendants are jointly and severally liable for all (or some portion) of any costs, damages and liability, not released by the Whittaker Settlement Agreements, Plaintiff may incur as a result of any release or threatened release of hazardous substances at the Whittaker Site.

FIRST AMENDED COMPLAINT

56772468

1     2.  For a declaratory judgment that Defendants are jointly and

2 severally liable for all costs, damages and liabilities incurred by Plaintiff associated

3 with perchlorate, TCE and PCE contamination within the Santa Clarita Valley.

4        **THIRD CLAIM FOR RELIEF**

5     1.  For such actual damages as may be proven at trial;

6     2.  For such incidental and consequential damages as may be

7 proven at trial; and

8     3.  For such punitive damages as may be proven at trial.

9        **FOURTH CLAIM FOR RELIEF**

10     1.  For such actual damages, not released by the Whittaker

11 Settlement Agreements, as may be proven at trial;

12     2.  For such incidental and consequential damages, not released by

13 the Whittaker Settlement Agreements, as may be proven at trial; and

14     3.  For such punitive damages as may be proven at trial.

15        **FIFTH CLAIM FOR RELIEF**

16     1.  For such actual damages, not released by the Whittaker

17 Settlement Agreements, as may be proven at trial;

18     2.  For such incidental and consequential damages, not released by

19 the Whittaker Settlement Agreements, as may be proven at trial;

20     3.  For such punitive damages as may be proven at trial; and

21     4.  In the event that the Court lifts or modifies the stay entered

22 December 3, 2018, for an injunction ordering Defendants to remediate and abate

23 all contamination and threats of contamination caused releases at the Whittaker

24 Site.

25        **SIXTH CLAIM FOR RELIEF**

26     1.  For such actual damages, not released by the Whittaker

27 Settlement Agreements, as may be proven at trial;

28     2.  For such incidental and consequential damages, not released by

FIRST AMENDED COMPLAINT

56772468

1  the Whittaker Settlement Agreements, as may be proven at trial;

2          3.      For such punitive damages as may be proven at trial; and

3          4.      In the event that the Court lifts or modifies the stay entered

4  December 3, 2018, for an injunction ordering Defendants to remediate and abate

5  all contamination and threats of contamination caused by releases at the Whittaker

6  Site.

7                        **SEVENTH CLAIM FOR RELIEF**

8          1.      Please refer to allegations in Paragraph 65 above.

9                        **EIGHTH CLAIM FOR RELIEF**

10         1.      For payment of all necessary costs of response, removal and

11 remedial action costs, costs of abatement and liability incurred by Plaintiff, not

12 released by the Whittaker Settlement Agreements, as a result of any release or

13 threatened release of hazardous substances at the Whittaker Site.

14                        **NINTH CLAIM FOR RELIEF**

15         1.      For a declaratory judgment that Defendants are liable for all

16 costs, damages and liability, not released by the Whittaker Settlement Agreements,

17 Plaintiff may incur as a result of any release or threatened release of hazardous

18 substances from the Whittaker Site;

19         2.      For a declaratory judgment that Defendants are strictly liable

20 under the law governing continuing public nuisances for Plaintiff's costs of

21 abatement of the nuisances caused by releases and threats of releases or hazardous

22 substances from the Whittaker Site, that were not released by the Whittaker

23 Settlement Agreements;

24         3.      For a declaratory judgment that Defendants are strictly liable

25 under the law governing continuing private nuisances for Plaintiff's costs, not

26 released by the Whittaker Settlement Agreements, of abatement of the nuisances

27 caused by releases and threats of releases or hazardous substances from the

28 Whittaker Site;

1          4.     For a declaratory judgment that Defendants are strictly liable

2  for all damages, not released by the Whittaker Settlement Agreements, caused by

3  Defendants and for Plaintiff's costs of abatement because of Defendants'

4  continuing trespasses against Plaintiff; and

5          5.     For a declaratory judgment that Defendants are liable for all

6  costs, damages and liabilities, not released by the Whittaker Settlement

7  Agreements, associated with perchlorate contamination within the Santa Clarita

8  Valley.

9  **TENTH CLAIM FOR RELIEF**

10          1.     For an injunction ordering Defendants to remediate and stop all

11  contamination and threats of contamination caused by the Whittaker Site.

12          2.     For all costs of litigation (including reasonable attorney fees

13  and expert witness fees) as the court determines appropriate pursuant to RCRA §

14  6972(e).

15  **ON ALL CLAIMS FOR RELIEF**

16          1.     For Plaintiff's costs of suit herein;

17          2.     For interest on any money judgment;

18          3.     For Plaintiff's reasonable attorneys' fees; and

19          4.     For such other and further relief as the Court may deem just and

20  proper.

21  Dated:  December 27, 2018.     NOSSAMAN LLP

                              FREDERIC A. FUDACZ

22

                              BYRON P. GEE

23

24

25                              By:  /S/ BYRON P. GEE

                                BYRON P. GEE

26

                            Attorneys for Plaintiff Santa Clarita Valley Water

27                              Agency

28

FIRST AMENDED COMPLAINT

56772468

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:  December 27, 2018.        NOSSAMAN LLP

FREDERIC A. FUDACZ
BYRON P. GEE


By: /S/ BRYON P. GEE
       BYRON P. GEE

FIRST AMENDED COMPLAINT

56772468