FRED M. BLUM, ESQ. (SBN101586)
fblum@behblaw.com
MICHAEL E. GALLAGHER, ESQ. (SBN 195592)
mgallagher@behblaw.com
EARL L. HAGSTROM (SBN 150958)
ehagstrom@behblaw.com
CHRISTOPHER DOW, ESQ. (SBN 250032)
cdow@behblaw.com
BASSI, EDLIN, HUIE & BLUM LLP
500 Washington Street, Suite 700
San Francisco, CA 94111
Telephone:  (415) 397-9006
Facsimile:   (415) 397-1339

Attorneys for Defendant and Third-Party Plaintiff
WHITTAKER CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA CLARITA VALLEY WATER AGENCY, | Case No. 2:18-CV-6825-SB (RAOx) |
| Plaintiffs, | *Assigned to Hon. Stanley Blumenfeld, Jr.* |
| vs. | **WHITTAKER CORPORATION'S OBJECTIONS TO EVIDENCE OFFERED BY PLAINTIFF SANTA CLARITA VALLEY WATER AGENCY'S MOTION FOR SUMMARY JUDGMENT** |
| WHITTAKER CORPORATION, | |
| Defendants. | |
| WHITTAKER CORPORATION, | Date:        January 8, 2021 |
| Third-Party Plaintiff, | Time:       8:30 a.m. |
| vs. | Dept.:       6C |
| KEYSOR-CENTURY CORP., a California Corporation; and SAUGUS INDUSTRIAL CENTER, LLC, a Delaware Limited Liability Company, | Action Filed:  August 8, 2018 |
| | Trial Date:     January 19, 2021 |
| Third-Party Defendants. | |

5265423

1

WHITTAKER CORPORATION'S OBJECTIONS TO EVIDENCE OFFERED BY PLAINTIFF SANTA CLARITA VALLEY WATER AGENCY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

WHITTAKER CORPORATON ("Whittaker") submits the following objections to the evidence filled by SANTA CLARITA VALLEY WATER AGENCY ("SCVWA") in support of their motion for partial summary judgment.

## I.  ABERCROMBIE DECLARATION

| Evidence | Objection | Ruling |
|---|---|---|
| "In my experience, the discharge of well water to the Santa Clara River has not caused concern with citizens near the water discharge point or other citizens in general." **Abercrombie Declaration ¶ 6.** | • Lack of personal knowledge. Fed. R. Evid. 602<br>• Lack of foundation.<br>• Hearsay. Fed. R. Evid. 802<br><br>Mr. Abercrombie does not know, and cannot possibly know, whether each and every citizen is concerned with the discharge of well water into the river. To the extent certain citizens have told Mr. Abercrombie that they are not concerned, these communications are inadmissible hearsay. | Sustain/Overrule |
| "As a result of the Whittaker Site releasing multiple contaminants, the DDW designated the groundwater near the | • Lack of personal knowledge. Fed. R. Evid. 602<br>• Lack of foundation.<br>• Hearsay. Fed. R. Evid. 802 | Sustain/Overrule |

5265423

| | | |
|---|---|---|
| Whittaker Site to be an 'extremely impaired water source,' which is subject to strict drinking water supply permit requirements pursuant to DDW policy 97-005." **Abercrombie Declaration ¶ 7.** | • Unqualified expert opinion. Fed. R. Evid. 104(a) and 702<br><br>Mr. Abercrombie, who fails to provide any curriculum vitae or other qualifications in his declaration, does not have the expertise to determine why the DDW designated the groundwater near the Whittaker Site to be an "extremely impaired water source." Further, the DDW policy is based on a contaminate exceeding the MCL, and only perchlorate has exceeded the MCLs.<br><br>Nor can he opine on whether the alleged contamination was caused by releases of contaminants at the Whittaker site as opposed to other sites. To the extent DDW made this opinion, the statement is hearsay. | |
| "There is no question that SCV Water has kept the stakeholders to this | • Lack of personal knowledge. Fed. R. Evid. 602<br>• Lack of foundation. | Sustain/Overrule |

5265423

| | |
|---|---|
| litigation informed of the response actions taken and response costs incurred due to Whittaker's groundwater contamination." **Abercrombie Declaration ¶ 10.** | • Hearsay. Fed. R. Evid. 802<br>• Unqualified expert opinion. Fed. R. Evid. 104(a) and 702<br><br>Mr. Abercrombie is not qualified to opine on whether the stakeholders have been kept informed, as the term stakeholder has a legal meaning in the contest of NCP compliance.  Further the statement is a mere conclusion without any support.<br><br>Nor can he opine on the presence of contaminants originated from the Whittaker Site as opposed to other locations or whether Whittaker polluted the groundwater.<br><br>To the extent Mr. Abercrombie is adopting this opinion from another source, the statement is hearsay. Further, Mr. Abercrombie is merely making a conclusory statement. |

5265423

| | | |
|---|---|---|
| "Currently, three of SCVWA's wells cannot be used for potable water because the groundwater is contaminated with perchlorate and/or volatile organic compounds ('VOC') from the Whittaker Site." **Abercrombie Declaration, Exhibit C, ¶ 2.** | • Lack of personal knowledge. Fed. R. Evid. 602<br>• Lack of foundation.<br>• Hearsay. Fed. R. Evid. 802<br>• Unqualified expert opinion. Fed. R. Evid. 104(a) and 702<br><br>There is no foundation that the presence of VOC's below the MCLs is preventing the wells from being used as potable water. The DDW policy, which forms the basis forms the opinions, is based on a contaminate exceeding the MCL, and only perchlorate has exceeded the MCLs.<br><br>Mr. Abercrombie is not qualified to opine on whether the presence of contaminants in the wells originated from the Whittaker Site as opposed to other locations. To the extent Mr. Abercrombie is adopting this opinion from another source, the statement is hearsay. | Sustain/Overrule |

5265423

WHITTAKER CORPORATION'S OBJECTIONS TO EVIDENCE OFFERED BY PLAINTIFF SANTA CLARITA VALLEY WATER AGENCY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

1

## II.   ALVORD DECLARATION

2

3

| Evidence | Objection | Ruling |
|---|---|---|
| "DDW is requiring SCV Water to comply with DDW's 97-005 Policy for Domestic Use of Extremely Impaired Sources because the V-201 extracts groundwater with multiple contaminants near the Whittaker-Bermite Site." **Alvord Declaration ¶ 4** | • Hearsay. Fed. R. Evid. 802<br>• Lack of personal knowledge. Fed. R. Evid. 602<br>• Lack of foundation<br><br>Mr. Alvord has no personal knowledge as to why DDW is requiring SCV Water to comply with its 97-005 Policy and is merely speculating on its motives based on hearsay statements allegedly made by "representatives at DDW."<br><br>There is no foundation that the presence of VOC's below the MCLs is preventing the wells from being used as potable water. The DDW policy, which forms the basis forms the opinions, is based on a contaminate exceeding the MCL, and only perchlorate has exceeded the MCLs. | Sustain/Overrule |

27

28

5265423

| | | |
|---|---|---|
| "In particular, during the meetings with DDW that I attend, Ms. Orr and Mr. O'Keefe both informed me that SCV Water must address VOCs detected in groundwater pumped from V-201 before DDW will approve any new permit for the well to be used as a source of drinking water, even though the level currently detected in the well for TCE is below the MCL. DDW's comments and requests for information confirm that DDW follows this practice for severely impaired sources to require removing the contaminant with treatment facilities or blending it to below detection levels. In the case of V-201, however, DDW has not permitted | • Hearsay. Fed. R. Evid. 802<br>• Lack of personal knowledge. Fed. R. Evid. 602<br>• Lack of foundation<br><br>This paragraph constitutes hearsay because Mr. Alvord repeats what Ms. Orr and Mr. O'Keefe allegedly stated at a meeting. These statements are offered for the truth of the matter asserted. Further, Mr. Alvord has no personal knowledge as to why DDW will not issue a permit to SCV Water and is merely relying on out-of-court statements to speculate on DDW's motives. | Sustain/Overrule |

5265423

| | | |
|---|---|---|
| the same blending option to achieve the 'operational goal' of non-detect that is currently incorporated in SCV Water's other wells that are contaminated with both perchlorate and VOCs. Based on these meetings with DDW, it is clear that DDW will not issue a permit for SCV Water to resume use of well V-201 for drinking water unless the VOCs in that well are addressed to DDW's satisfaction." **Alvord Declaration ¶ 8** | | |
| "Finally, before DDW will issue a permit to for use of V-201 or other wells for drinking water, DDW will hold public hearings and we will participate in a public comment period. SCV Water's takes its | • Lack of personal knowledge. Fed. R. Evid. 602.<br>• Lack of foundation.<br>• Hearsay. Fed. R. Evid. 802<br>• Irrelevant<br><br>Mr. Alvord cannot know what DDW will do in the future prior to issuing a permit and is | Sustain/Overrule |

5265423

WHITTAKER CORPORATION'S OBJECTIONS TO EVIDENCE OFFERED BY PLAINTIFF SANTA CLARITA VALLEY WATER AGENCY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| commitment to communicate with the public, and with DDW and other state agencies, very seriously."<br>**Alvord Declaration ¶ 10** | speculating. Mr. Alvord further cannot testify certainly that SVC Water will participate in a public hearing in the future. Finally, whether or not SCV Water takes its commitment seriously is irrelevant in determining whether it fulfills the commitment. | |
| **Alvord Declaration, Exhibit A "Santa Clarita Valley Water Agency Regular Board Meeting Agenda"** | • Hearsay. Fed. R. Evid. 802<br>• Irrelevant<br>• Lack of Foundation<br><br>Exhibit A to Mr. Alvord's Declaration, constituting an "Amended Agenda" from a board meeting of SCV Water should be struck in its entirety. There is no indication of who authored the agenda. Mr. Alvord does not claim to have written the agenda nor does he identify who wrote it. Mr. Alvord's declaration fails to lay foundation for the exhibit, failing to establish that he is competent to testify about it. The statements within the agenda are hearsay. Further, the fact that one | Sustain/Overrule |

5265423

| | | |
|---|---|---|
| | agenda contains a paragraph setting forth a procedure for the public to make written comments is irrelevant in establishing the public involvement necessary to comply with the national contingency plan. | |
| **Alvord Declaration, Exhibit B "News Release: Perchlorate Levels Reach Actionable Level at Out-of-Service Well"** | • Hearsay. Fed. R. Evid. 802<br>• Irrelevant. Fed. R. Evid. 402<br>• Prejudicial. Fed. R. Evid. 403<br>• Lack of personal knowledge Fed. R. Evid. 602.<br>• Lack of foundation<br>• Unqualified expert opinion. Fed. R. Evid. 104(a) and 702<br><br>Exhibit B to Mr. Alvord's declaration should be struck in its entirety. The exhibit is a press release concerning Well V-205, apparently written by SCV Water's Public Information Officer, Kathie Martin. The press release contains various statements attributed to other individuals. The press release is hearsay, as it is a statement by | Sustain/Overrule |

5265423

Kathie Martin. Within the statement are numerous instances of hearsay within hearsay, as Ms. Martin quotes other people and other sources throughout the press release. While Plaintiff may argue that the press release is not offered for the truth of the matter asserted and is being offered as "an example" of a press release, this argument is undercut by the fact that the press release concerns the very subject matter of this litigation—the alleged contamination of Well V-205. Whatever relevance this press release may have in showing a sample press release is outweighed by the unfair prejudice caused by the substance within the press release, which includes conclusions that attributes the contamination of the wells to Whittaker. Moreover, there is no showing that Ms. Martin is at all qualified to opine on the issues she offers in the

5265423

WHITTAKER CORPORATION'S OBJECTIONS TO EVIDENCE OFFERED BY PLAINTIFF SANTA CLARITA VALLEY WATER AGENCY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

| | press release, including opinions concerning health issues related to perchlorate exposure. | |

## III.   STONE DECLARATION

| Evidence | Objection | Ruling |
|---|---|---|
| "Contamination from the Whittaker Bermite Site ("Whittaker Site") has impacted SCV Water in many ways. First, due to the high concentrations of multiple contaminants beneath and near the Whittaker Site, the California State Water Resources Control Board's Division of Drinking Water ("DDW") has designated the Saugus Formation as an extremely impaired water source, which significantly extends the time required to obtain a water supply permit." | • Lack of personal knowledge. Fed. R. Evid. 602<br>• Lack of foundation.<br>• Hearsay. Fed. R. Evid. 802<br>• Unqualified expert opinion. Fed. R. Evid. 104(a) and 702<br><br>Mr. Stone does not have the expertise to opine that the alleged contamination originated from the Whittaker Site as opposed to another property. To the extent someone else made this opinion and Mr. Stone is adopting it, the statement is hearsay. Further, Mr. Stone lacks personal knowledge of DDW's rationale for designating the Saugus Formation as an extremely impaired water source. | Sustain/Overrule |

5265423

WHITTAKER CORPORATION'S OBJECTIONS TO EVIDENCE OFFERED BY PLAINTIFF SANTA CLARITA VALLEY WATER AGENCY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

| Stone Declaration ¶ 4 | | |
|---|---|---|
| "SCV Water has taken many measures to mitigate the impacts of Whittaker's groundwater contamination on its production wells and to prevent the contamination from spreading further down gradient from the Whittaker Site to other wells. While DTSC has provided oversight of SCV Water's offsite groundwater activities, it has not actively engaged Whittaker to address the groundwater contamination that migrated from its site." **Stone Declaration ¶ 6** | • Lack of personal knowledge. Fed. R. Evid. 602<br>• Lack of foundation.<br>• Hearsay. Fed. R. Evid. 802<br>• Unqualified expert opinion. Fed. R. Evid. 104(a) and 702<br><br>Mr. Stone does not have the expertise to opine that the alleged contamination originated from the Whittaker Site as opposed to another property. To the extent someone else made this opinion and Mr. Stone is adopting it, the statement is hearsay. Mr. Stone further lacks personal knowledge of what DTSC has addressed with Whittaker and lacks foundation to make this generalized statement.<br><br>Further, Mr. Stone's opinion that DTSC has not been "actively engaged" is his opinion only as he is nether qualified to reach that conclusion nor does he present | Sustain/Overrule |

5265423

WHITTAKER CORPORATION'S OBJECTIONS TO EVIDENCE OFFERED BY PLAINTIFF SANTA CLARITA VALLEY WATER AGENCY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

| | any evidence to support the conclusion. | |
|---|---|---|
| "However, the project identified in the 2005 IRAP did not achieve the IRAP goals to contain the spread of perchlorate and to restore lost groundwater supply caused by contamination from the Whittaker Site." **Stone Declaration ¶ 7** | • Lack of personal knowledge. Fed. R. Evid. 602<br>• Lack of foundation.<br>• Hearsay. Fed. R. Evid. 802<br>• Unqualified expert opinion. Fed. R. Evid. 104(a) and 702<br><br>Mr. Stone does not have the expertise to opine that the alleged contamination originated from the Whittaker Site as opposed to another property. To the extent someone else made this opinion and Mr. Stone is adopting it, the statement is hearsay. | Sustain/Overrule |
| "Instead of providing a five-year review, SCV Water proposed to submit an amendment to the 2005 IRAP to include both V-201 and V-205 as additional containment wells with the necessary treatment to address the perchlorate and VOC | • Lack of personal knowledge. Fed. R. Evid. 602<br>• Lack of foundation.<br>• Hearsay. Fed. R. Evid. 802<br>• Unqualified expert opinion. Fed. R. Evid. 104(a) and 702<br><br>Mr. Stone repeating alleged statements from DDW concerning DDW's determination | Sustain/Overrule |

5265423

WHITTAKER CORPORATION'S OBJECTIONS TO EVIDENCE OFFERED BY PLAINTIFF
SANTA CLARITA VALLEY WATER AGENCY IN SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT

| | | |
|---|---|---|
| contamination, which DDW has determined pose unacceptable health risks to potable water consumers." **Stone Declaration ¶ 7** | constitutes inadmissible hearsay. Mr. Stone is not qualified to independently determine whether the water poses an unacceptable health risk to potable water consumers. | |
| "In that letter, Mr. Gill stated that DTSC agreed to SCV Water's proposal for an amendment to the 2005 IRAP." **Stone Declaration ¶ 8** | • Hearsay. Fed. R. Evid. 802<br><br>Mr. Stone summarizes what Mr. Gill apparently said in a letter and offers the statement for the truth of the matter asserted. This constitutes inadmissible hearsay. | Sustain/Overrule |
| "As stated in the 2005 IRAP, the objective of the remedy is to contain perchlorate contamination from the Site from impacting down gradient Saugus Formation production wells. The specific remedy was selected in anticipation that it would comply with State Water Resources Control | • Lack of personal knowledge. Fed. R. Evid. 602<br>• Lack of foundation.<br>• Hearsay. Fed. R. Evid. 802<br>• Unqualified expert opinion. Fed. R. Evid. 104(a) and 702<br><br>Mr. Stone's summary of what he contends the 2005 IRAP says constitutes hearsay. Mr. Stone lacks any personal knowledge of the motivation behind selecting the specific remedy because he did not begin working for Castaic | Sustain/Overrule |

5265423

WHITTAKER CORPORATION'S OBJECTIONS TO EVIDENCE OFFERED BY PLAINTIFF SANTA CLARITA VALLEY WATER AGENCY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| Board Division of Drinking Water ("DDW") Policy 97-005 for Extremely Impaired water sources." **Stone Declaration, Exhibit A, Letter from Matthew Stone.** | Lake Water Agency until 2015, ten years after Kennedy Jenks authored the 2005 IRAP. | |
| "The IRAP remedy is required to be reopened because the remedy was not effective in containing the plume and according to DDW is not protective of human health due to the volatile organic compounds ("VOCs") in the wells." **Stone Declaration, Exhibit A, Letter from Matthew Stone.** | • Lack of personal knowledge. Fed. R. Evid. 602<br>• Lack of foundation.<br>• Hearsay. Fed. R. Evid. 802<br>• Unqualified expert opinion. Fed. R. Evid. 104(a) and 702<br><br>Mr. Stone's reiteration of what DDW allegedly determined in connection with the IRAP remedy constitutes hearsay. Mr. Stone lacks the qualifications to independently opine on this matter. | Sustain/Overrule |
| **Stone Declaration, Exhibit B, Letter from Tajinder Gill, P.E.** | • Hearsay. Fed. R. Evid. 802<br><br>The letter from Tajinder Gill of the DTSC should be excluded in its entirety. The letter is hearsay | Sustain/Overrule |

5265423

WHITTAKER CORPORATION'S OBJECTIONS TO EVIDENCE OFFERED BY PLAINTIFF SANTA CLARITA VALLEY WATER AGENCY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| | as it is a statement, made by a declarant, out of court, offered to prove the truth of the matter asserted, specifically that DTSC agreed to SCV Water's proposal for an amendment to the 2005 IRAP. Further, the letter contains hearsay within hearsay as Mr. Gill relays statements made by unknown members of the Santa Clarita Valley Water Agency staff within his letter. | |

## IV.  GEE DECLARATION

| Evidence | Objection | Ruling |
|---|---|---|
| **Gee Declaration, Ex. F "Expert Report of Mark R. Trudell"** | • Noncompliance with Fed. R. Civ. Pro. 56(e)<br>• Hearsay. Fed. R. Evid. 802<br>• Inadmissible expert testimony. Fed. R. Evid. 104(a) and 702<br>• Lack of personal knowledge. Fed. R. Evid. 602<br><br>Exhibit F, which constitutes a report by Mark R. Trudell should be struck in its entirety. Dr. | Sustain/Overrule |

5265423

Trudell did not execute his report under penalty of perjury, nor did he submit a declaration attesting to the facts contained in his report. This does not comply with Fed. R. Civ. Pro. § 56(e). "[F]or an expert opinion to be considered on summary judgment, it must be accompanied by a proper affidavit or deposition testimony; courts in the Ninth Circuit have routinely held that unsworn expert reports are inadmissible." Sansi North America, LLC v. LG Electronics USA, Inc., 2019 WL 8168069 (C.D. Cal. 2019). "The substance of this report was not sworn to by the alleged expert. Therefore, the purported expert's report is not competent to be considered on a motion for summary judgment." Fowle v. C&C Cola, 868 F.2d 59, 67 (3rd Cir. 1989) (finding that expert's report attached to the declaration of plaintiff's counsel

5265423

WHITTAKER CORPORATION'S OBJECTIONS TO EVIDENCE OFFERED BY PLAINTIFF SANTA CLARITA VALLEY WATER AGENCY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| | does not comply with Rule 56(e), since the substance of the report was not sworn to by the alleged expert). | |
| **Gee Declaration, Ex. G "Expert Report of Richard J. Hughto"** | • Noncompliance with Fed. R. Civ. Pro. 56(e)<br>• Hearsay. Fed. R. Evid. 802<br>• Inadmissible expert testimony. Fed. R. Evid. 104(a) and 702<br>• Lack of personal knowledge. Fed. R. Evid. 602<br><br>Exhibit G, which constitutes a report by Richard J. Hughto should be struck in its entirety. First, Dr. Hughto did not execute his report under penalty of perjury, nor did he submit a declaration attesting to the facts contained in his report. This does not comply with Fed. R. Civ. Pro. § 56(e). "[F]or an expert opinion to be considered on summary judgment, it must be accompanied by a proper affidavit or deposition testimony; | Sustain/Overrule |

5265423

WHITTAKER CORPORATION'S OBJECTIONS TO EVIDENCE OFFERED BY PLAINTIFF SANTA CLARITA VALLEY WATER AGENCY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

courts in the Ninth Circuit have routinely held that unsworn expert reports are inadmissible." <u>Sansi North America, LLC v. LG Electronics USA, Inc.</u>, 2019 WL 8168069 (C.D. Cal. 2019). "The substance of this report was not sworn to by the alleged expert. Therefore, the purported expert's report is not competent to be considered on a motion for summary judgment." <u>Fowle v. C&C Cola</u>, 868 F.2d 59, 67 (3rd Cir. 1989) (finding that expert's report attached to the declaration of plaintiff's counsel does not comply with Rule 56(e), since the substance of the report was not sworn to by the alleged expert).

Second, Dr. Hughto's report is essentially a summary of inadmissible facts. Dr. Hughto recites a historical recounting of the Whitaker Site based on his review of various periodicals and other documents. Dr. Hughto's

5265423

WHITTAKER CORPORATION'S OBJECTIONS TO EVIDENCE OFFERED BY PLAINTIFF SANTA CLARITA VALLEY WATER AGENCY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| | "Key Opinions" are merely recitations of facts gleaned from documents reviewed. "The law is clear, however, that an expert report cannot be used to prove the existence of facts set forth therein." In re Citric Acid Litigation, 191 F.3d 1090, 1102 (9th Cir. 1999); Stonefire Grill, Inc. v. FGF Brands, Inc., 987 F. Supp.2d 1023, 1039 (C.D. Cal. 2013) ("Tripoli lacks personal knowledge for most of the facts in his report and therefore could not testify to them to prove the truth of the matter. Once these inadmissible facts are excluded, there are very few opinions remaining which would require enlightenment from those having a specialized understanding of the subject involved in the dispute.") For these reasons, Exhibit G of the Gee Declaration should be excluded in its entirety. | |
| **Gee Declaration, Exhibit Q, Whitaker's** | • Irrelevant. Fed. R. Evid. 802 <br> • More prejudicial than probative | Sustain/Overrule |

5265423

WHITTAKER CORPORATION'S OBJECTIONS TO EVIDENCE OFFERED BY PLAINTIFF SANTA CLARITA VALLEY WATER AGENCY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

| **Responses to SCVWA's Interrogatories, Set Two** | Exhibit Q has no relevancy since it is only the assertion of proper objections to interrogatories served by SCVWA.  The interrogatories were improper as they were in violation Rule 33, which limits Plaintiff to 25 interrogatories.  Each interrogatory effectively contained over 50 subparts since it asked for responses to each affirmative defense.  Whittaker properly objected and provided a general response. | |
| --- | --- | --- |
| **Gee Declaration, Exhibit W, Email exchange between James Saenz, Karen Wong, and Lillian Luong.** | • Hearsay. Fed. R. Evid. 802<br>• Lack of Foundation<br>• Lack of personal knowledge.  Fed. R. Evid. 602<br><br>Exhibit W of Mr. Gee's Declaration constitutes two emails dated December 7, 2010. The first email is from Karen Wong at the California Department of Public Health to Kames Saenz at the Valencia | Sustain/Overrule |

5265423

| | | |
|---|---|---|
| | Water Company. The second is a reply from Mr. Saenz to Ms. Wong. The statements contained in these emails are hearsay. They are made by declarants outside of court and offered to prove the truth of the matter asserted, specifically, that Well 201 was taken offline on September 1, 2010.<br><br>Further, there is no foundation as to the authenticity of the emails. | |
| "Saugus Well 1 and Saugus Well 2 are drinking water wells that were shut down in 1997 because of perchlorate contamination that had migrated from the Whittaker-Bermite property in Santa Clarita. After extensive analysis, CLWA oversaw the design and construction of a water treatment system to remove | • Hearsay. Fed. R. Evid. 802<br>• Lack of personal knowledge. Fed. R. Evid. 602<br>• Lack of foundation.<br>• Unqualified expert opinion. Fed. R. Evid. 104(a) and 702<br><br>Exhibit X is a Notice of Public Comment, which was written by an unknown author. The Notice is hearsay, as it is a statement by an unknown declarant offered to prove the truth of the matter asserted, including the contention | Sustain/Overrule |

5265423

| | | |
|---|---|---|
| perchlorate from these wells. CDPH must issue a permit amendment to CLWA before this water may be served to the public. Because of the perchlorate contamination of these wells, CDPH has classified these wells as "Extremely Impaired Sources" and followed a special meeting process, which includes a public comment period and public meeting." **Gee Declaration, Exhibit X, Notice of Public Comment Period.** | that CDPH classified the wells as "Extremely Impaired Sources" and that the contamination migrated from the Whittaker site. Further, there is no showing that whoever wrote this Notice is at all qualified to opine on the issues offered therein, including opinions concerning where the alleged contamination originated. | |
| **Gee Declaration, Exhibit Y, Letter from Jeff O'Keefe to Brian Folsom.** | • Hearsay. Fed. R. Evid. 802<br>• Lack of Foundation<br>• Lack of personal knowledge. Fed. R. Evid. 602<br><br>Exhibit Y of Mr. Gee's Declaration constitutes a letter | Sustain/Overrule |

5265423

WHITTAKER CORPORATION'S OBJECTIONS TO EVIDENCE OFFERED BY PLAINTIFF SANTA CLARITA VALLEY WATER AGENCY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| | dated December 30, 2010, which is purportedly authored by Jeff O'Keefe at the California Department of Public Health to Brian Folsom at Castaic Lake Water Agency. Attached to the letter are excerpts from a water supply permit and engineering report. "As required by Rule 56, documentary materials need authentication through affidavits or declarations from individuals with personal knowledge of the document." <u>Id.</u> There is nothing in Mr. Gee's declaration to establish the document is what it purports to be. | |
| **Gee Declaration, Exhibit Z, Press release.** | Hearsay. Fed. R. Evid. 802 Prejudicial. Fed. R. Evid. 403 Lack of personal knowledge. Fed. R. Evid. 602 Lack of foundation Unqualified expert opinion. Fed. R. Evid. 104(a) and 702<br><br>Exhibit Z to Mr. Gee's declaration should be struck in its | Sustain/Overrule |

5265423

Whittaker Corporation's Objections To Evidence Offered By Plaintiff Santa Clarita Valley Water Agency In Support Of Its Motion For Summary Judgment

| | | |
|---|---|---|
| | entirety. The exhibit is a press release concerning detection of perchlorate in Well V-201, apparently written by an unknown person on behalf of SCV Water. The press release contains various statements attributed to other individuals. The press release is hearsay, as it is a statement by an unknown declarant. Within the statement are numerous instances of hearsay within hearsay, as the press release quotes other people and other sources throughout. Moreover, there is no showing that whoever wrote this press release is at all qualified to opine on the issues offered therein, including opinions concerning where the alleged contamination originated. | |
| **Gee Declaration, Exhibit AC, Saugus Formation Volatile Organic Compound Investigation Report** | • Lack of foundation<br>• Hearsay. Fed. R. Evid. 802<br>• Lack of personal knowledge Fed. R. Evid. 602. | Sustain/Overrule |

5265423

| | | |
|---|---|---|
| | • Unqualified Expert Opinion. Fed. R. Evid. 104(a) and 702<br>• Noncompliance with Fed. R. Civ. Pro. 56(e)<br><br>Exhibit AC should be stuck in its entirety. First, the report is not executed under penalty of perjury by the authors. "The substance of this report was not sworn to by the alleged expert. Therefore, the purported expert's report is not competent to be considered on a motion for summary judgment." <u>Fowle v. C&C Cola</u>, 868 F.2d 59, 67 (3rd Cir. 1989) (finding that expert's report attached to the declaration of plaintiff's counsel does not comply with Rule 56(e), since the substance of the report was not sworn to by the alleged expert).<br>Second, there is no indication of what credentials or expertise the authors of this report possess that would qualify them to make the opinions contained in this report. | |

5265423

| Gee Declaration, Exhibit AD, Letter from Jenny Anderson to Cliff Cheng | • Hearsay. Fed. R. Evid. 802<br>• Lack of Foundation.<br>• Lack of personal knowledge. Fed. R. Evid. 602<br><br>Exhibit AD of Mr. Gee's Declaration constitutes a letter dated January 22, 2018, which is purportedly authored by Jenny Anderson at SVC Water to Cliff Cheng at the DDW. The letter contains inadmissible hearsay statements of Ms. Anderson that are offered to prove the truth of the matters asserted, namely the status of Well 205. The letter should be excluded entirely. | Sustain/Overrule |

## V.    ZELIKSON DECLARATION

| Evidence | Objection | Ruling |
|---|---|---|
| **Zelikson Declaration ¶ 3 (2:23-3:3).** SCV Water has purchased replacement water for its supply wells V-201 and V-205 due to perchlorate | • Lack of personal knowledge. Fed. R. Evid. 602<br>• Lack of foundation.<br>• Unreliable/improper expert testimony.<br>• Hearsay. Fed. R. Evid. 802 | Sustain/Overrule |

5265423

WHITTAKER CORPORATION'S OBJECTIONS TO EVIDENCE OFFERED BY PLAINTIFF SANTA CLARITA VALLEY WATER AGENCY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| 1 | contamination of their | Substantial NCP compliance is a |
| 2 | respective water supplies. | question of law and an experts |
| 3 | SCV Water's purchase of | only role is to supply facts for the |
| 4 | water to replace these | court to consider. *La.-Pac.* |
| 5 | perchlorate-contaminated | *Corp. v. ASARCA Inc.*, 24 F.3d |
| 6 | wells was and is a | 1565, 1576 (9th Cir. 1994). |
| 7 | necessary time critical | Once the factual details |
| 8 | removal action that is | regarding SCVWA's conduct |
| 9 | specifically contemplated | been established, "the court |
| 10 | in 40 C.F.R. § | decides—as a matter of law— |
| 11 | 300.415(e)(9). SCV | whether those efforts |
| 12 | Water has an immediate | substantially comply with the |
| 13 | and ongoing obligation to | NCP." *Id.*; *PMC, Inc. v.* |
| 14 | provide safe and reliable | *Sherwin–Williams Co.*, 1997 |
| 15 | drinking water to its | WL 223060, at *9 (N.D.Ill. |
| 16 | customers while also | Apr.29, 1997) (rejecting expert |
| 17 | maintaining compliance | opinion regarding whether |
| 18 | with an Amended | actions substantially complied |
| 19 | Domestic Water Supply | with public participation |
| 20 | Permit ("Drinking Water | requirement because this "is a |
| 21 | Permit") issued by the | question of law"), *vacated in* |
| 22 | California State Water | *part on other grounds*, 151 F.3d |
| 23 | Resources Control Board | 610 (7th Cir.1998). |
| 24 | Division of Drinking | Mr. Zelikson's opinion that |
| 25 | Water ("DDW") and its | there has been substantial |
| 26 | predecessors. | compliance with the NCP is |
| 27 | | |
| 28 | | |

5265423

WHITTAKER CORPORATION'S OBJECTIONS TO EVIDENCE OFFERED BY PLAINTIFF SANTA CLARITA VALLEY WATER AGENCY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

irrelevant and has been previously struck in other actions. *Aviall Services, Inc. v. Cooper Industries, L.L.C.*, 572 F. Supp. 2d 673, 695 (N.D. Tx. 2008). The Court did find that expert opinion is not entirely irrelevant.

Mr. Zelikson's opinions fail to show reasoning for his conclusions. "The chief value of an expert's testimony rests upon the material from which his opinion is fashioned and the reasoning by which he progresses from his material to his conclusion." McCarrick v. Pallares, 2020 WL 6800422 (E.D. Cal. November 19, 2020) (quoting People v. Drew, (1978) 22 Cal.3d 333, 350). Here, Mr. Zelikson alleges a fact in which he does not have personal knowledge to make, nor does he identify his source of information. He then concludes that the fact

5265423

WHITTAKER CORPORATION'S OBJECTIONS TO EVIDENCE OFFERED BY PLAINTIFF
SANTA CLARITA VALLEY WATER AGENCY IN SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT

| | | |
|---|---|---|
| | complies with the regulation without providing any reasoning as to why. | |
| **Zelikson Declaration ¶ 3 (3:3-8).** I have discussed the impacts of shutting down a contaminated well with SCV Water's Chief Operating Officer, Keith Abercrombie. SCV Water must notify the DDW of any well that is shut down due to contamination. Upon shutting down a well, SCV Water seamlessly replaces the lost well water with purchased water so that its consumers' water supply is not impacted. | • Lack of personal knowledge. Fed. R. Evid. 602<br>• Lack of foundation.<br>• Unreliable/improper expert testimony.<br>• Hearsay Fed. R. Evid. 802.<br><br>Mr. Zelikson's opinions, based on hearsay evidence and unreliable facts, should not be considered. "[A]n expert opinion cannot be based on assumptions of fact without evidentiary support, or on speculative or conjectural factors." <u>Abarca v. Franklin County Water Dist.</u>, 761 F. Supp.2d 1007, 1023 (E.D. Cal. 2011) "The law is clear, however, that an expert report cannot be used to prove the existence of facts set forth therein." <u>In re Citric Acid Litigation</u>, 191 F.3d 1090, 1102 (9th Cir. 1999). Mr. Zelikson should not be able to | Sustain/Overrule |

5265423

| | | |
|---|---|---|
| | offer facts concerning SCV Water's obligations merely because Mr. Abercrombie told Mr. Zelikson that those were its obligations. | |
| **Zelikson Declaration ¶ 3 (3:8-20).** While SCV Water's well shutdown procedure and replacement water purchases are in substantial compliance with the Community Relations requirement of 40 C.F.R. §300.415(n) given these site-specific circumstances, SCV Water's public outreach efforts also provide the public with notification of short-term and long-term impacts of its well shutdown activities. SCV Water has notified the community of the presence of perchlorate contamination and the | • Lack of personal knowledge. Fed. R. Evid. 602<br>• Lack of foundation<br>• Unreliable/improper expert testimony<br>• Hearsay. Fed. R. Evid. 802<br><br>Substantial NCP compliance is a question of law and an experts only role is to supply facts for the court to consider.   *La.-Pac. Corp. v. ASARCA Inc.*, 24 F.3d 1565, 1576 (9th Cir. 1994). Once the factual details regarding SCVWA's conduct been established, "the court decides—as a matter of law— whether those efforts substantially comply with the NCP." *Id.*; *PMC, Inc. v. Sherwin–Williams Co.*, 1997 WL 223060, at *9 (N.D.Ill. | Sustain/Overrule |

5265423

WHITTAKER CORPORATION'S OBJECTIONS TO EVIDENCE OFFERED BY PLAINTIFF SANTA CLARITA VALLEY WATER AGENCY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

shutdown of wells V-201 and V-205 through annual water reports, information sheets, and press releases issued directly to the public and/or made publicly available on its website. Further, SCV Water conducts monthly technical meetings pursuant to the 2007 Castaic Lake Water Agency Litigation Settlement Agreement ("2007 Settlement Agreement") which Whittaker attends as the party responsible for the contamination. DDW and the California Department of Toxic Substances Control ("DTSC") also attend the monthly technical meetings.

Apr.29, 1997) (rejecting expert opinion regarding whether actions substantially complied with public participation requirement because this "is a question of law"), *vacated in part on other grounds*, 151 F.3d 610 (7th Cir.1998).

Mr. Zelikson's opinion that there has been substantial compliance with the NCP is irrelevant and has been previously struck in other actions. *Aviall Services, Inc. v. Cooper Industries, L.L.C.*, 572 F. Supp. 2d 673, 695 (N.D. Tx. 2008). The Court did find that expert opinion is not entirely irrelevant.

Mr. Zelikson's opinions are based on unreliable facts and fail to show reasoning for his conclusions. "The chief value of an expert's testimony rests upon the material from which his

| | | |
|---|---|---|
| | opinion is fashioned and the reasoning by which he progresses from his material to his conclusion." <u>McCarrick v. Pallares</u>, 2020 WL 6800422 (E.D. Cal. November 19, 2020) (quoting <u>People v. Drew</u>, (1978) 22 Cal.3d 333, 350). Here, Mr. Zelikson states the community outreach in which SCV Water has allegedly undertaken. He then concludes that these actions comply with the community relations requirement of a regulation. He fails to provide any reasoning on why these efforts comply with the regulation he cites. The opinion fails to assist a trier of fact determine compliance. | |
| **Zelikson Declaration ¶ 3(3:21-25).** Finally, SCV Water adequately documented the associated costs in the form of calculations prepared by Keith | • Lack of personal knowledge. Fed. R. Evid. 602 <br> • Lack of foundation. <br> • Unreliable/improper expert testimony Fed. R. Evid. 104(a) and 702. <br> • Hearsay. Fed. R. Evid. 802 | Sustain/Overrule |

5265423

| | | |
|---|---|---|
| Abercrombie using a methodology previously used to calculate replacement water losses in the 2007 Settlement Agreement in substantial compliance with the Documentation requirement of 40 C.F.R. §300.160. | Substantial NCP compliance is a question of law and an experts only role is to supply facts for the court to consider. *La.-Pac. Corp. v. ASARCA Inc.*, 24 F.3d 1565, 1576 (9th Cir. 1994). Once the factual details regarding SCVWA's conduct been established, "the court decides—as a matter of law—whether those efforts substantially comply with the NCP." *Id.*; *PMC, Inc. v. Sherwin–Williams Co.*, 1997 WL 223060, at *9 (N.D.Ill. Apr.29, 1997) (rejecting expert opinion regarding whether actions substantially complied with public participation requirement because this "is a question of law"), *vacated in part on other grounds*, 151 F.3d 610 (7th Cir.1998).<br><br>Mr. Zelikson's opinion that there has been substantial | |

5265423

compliance with the NCP is irrelevant and has been previously struck in other actions. *Aviall Services, Inc. v. Cooper Industries, L.L.C.*, 572 F. Supp. 2d 673, 695 (N.D. Tx. 2008).

Mr. Zelikson baselessly concludes that Mr. Abercrombie's methodology to calculate replacement water losses advanced in Mr. Abercrombie's affidavit constitutes adequate documentation of associated costs. Mr. Zelikson admits that he is unaware of the equations used by Mr. Abercrombie and that the results can be as much as 50% off.   Trowbridge Decl. ¶ 33, Ex. AE, Zelikson Depo., at 123:15-126:10, 126:19-129:12.

Mr. Zelikson does not provide any reasoning for why this method complies with the

5265423

| | | |
|---|---|---|
| | regulation cited. As set forth below, the methodology advanced in Mr. Abercrombie's declaration is fundamentally flawed. Without reasoning, Mr. Zelikson's opinions are not helpful and should not be considered. "The chief value of an expert's testimony rests upon the material from which his opinion is fashioned and the reasoning by which he progresses from his material to his conclusion." <u>McCarrick v. Pallares</u>, 2020 WL 6800422 (E.D. Cal. November 19, 2020) (quoting <u>People v. Drew</u>, (1978) 22 Cal.3d 333, 350). | |
| **Zelikson Declaration ¶ 4 (4:13-24).** While SCV Water's operation of the PTF and associated purchase and discharge of blend water to the river is in substantial compliance | • Lack of personal knowledge. Fed. R. Evid. 602<br>• Lack of foundation.<br>• Unreliable/improper expert testimony. Fed. R. Evid. 104(a) and 702<br>• Hearsay. Fed. R. Evid. 802 | Sustain/Overrule |

5265423

| | |
|---|---|
| with the Community Relations requirement of 40 C.F.R. §300.415(n) given these site-specific circumstances, SCV Water's public outreach efforts also provide the public with notification of short-term and long-term impacts of its discharge and purchased blend water activities, including submitting quarterly reports to the RWQCB and notifying the community of its NPDES Permit violations through a public information sheet made available on SCV Water's website. The quarterly reports and violation report are also publicly available through the State Water Resources Control | Substantial NCP compliance is a question of law and an experts only role is to supply facts for the court to consider.  *La.-Pac. Corp. v. ASARCA Inc.*, 24 F.3d 1565, 1576 (9th Cir. 1994). Once the factual details regarding SCVWA's conduct been established, "the court decides—as a matter of law— whether those efforts substantially comply with the NCP." *Id.*; *PMC, Inc. v. Sherwin–Williams Co.*, 1997 WL 223060, at *9 (N.D.Ill. Apr.29, 1997) (rejecting expert opinion regarding whether actions substantially complied with public participation requirement because this "is a question of law"), *vacated in part on other grounds*, 151 F.3d 610 (7th Cir.1998). <br><br> Mr. Zelikson's opinion that there has been substantial compliance with the NCP is |

5265423

38

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10 | Board, California Integrated Water Quality System Project website. Further, this information is shared with all attendees at SCV Water's monthly technical meetings pursuant to the 2007 Settlement Agreement. | irrelevant and has been previously struck in other actions. *Aviall Services, Inc. v. Cooper Industries, L.L.C.*, 572 F. Supp. 2d 673, 695 (N.D. Tx. 2008). |

Moreover there is no basis for the opinion since he does not establish that any of the sources that he claims satisfied the public participation requirements asked for comment or even discussed SCVWA's decision to purchase water from the State Water Project. 126:19-129:12.

Mr. Zelikson's opinions are based on unreliable facts and fail to show reasoning for his conclusions. "The chief value of an expert's testimony rests upon the material from which his opinion is fashioned and the reasoning by which he progresses from his material to his conclusion." McCarrick v.

5265423

| | | |
|---|---|---|
| | <u>Pallares</u>, 2020 WL 6800422 (E.D. Cal. November 19, 2020) (quoting <u>People v. Drew</u>, (1978) 22 Cal.3d 333, 350). Here, Mr. Zelikson states the community outreach in which SCV Water has allegedly undertaken. He then concludes that these actions comply with the community relations requirement of a regulation. He fails to provide any reasoning on why these efforts comply with the regulation he cites. The opinion fails to assist a trier of fact determine compliance. | |
| **Zelikson Declaration ¶ 4 (4:24-5:4)** Finally, SCV Water adequately documented the associated costs in the form of calculations prepared by Keith Abercrombie using a methodology previously used to calculate replacement water losses | • Lack of personal knowledge. Fed. R. Evid. 602<br>• Lack of foundation<br>• Unreliable/improper expert testimony. Fed. R. Evid. 104(a) and 702<br>• Hearsay. Fed. R. Evid. 802<br><br>Substantial NCP compliance is a question of law and an experts only role is to supply facts for the | Sustain/Overrule |

5265423

| | |
|---|---|
| in the 2007 Settlement Agreement in substantial compliance with the Documentation requirement of 40 C.F.R. §300.160. Those calculations are discussed further in the Declaration of Keith Abercrombie in Support of Plaintiff Santa Clarita Valley Water Agency's Replacement and Blend Water Damages, which is attached to my expert report. A true and correct copy of my report, including Mr. Abercrombie's declaration, is attached hereto as Exhibit A. **Zelikson Declaration ¶ 4** | court to consider. *La.-Pac. Corp. v. ASARCA Inc.*, 24 F.3d 1565, 1576 (9th Cir. 1994). Once the factual details regarding SCVWA's conduct been established, "the court decides—as a matter of law— whether those efforts substantially comply with the NCP." *Id.*; *PMC, Inc. v. Sherwin–Williams Co.*, 1997 WL 223060, at *9 (N.D.Ill. Apr.29, 1997) (rejecting expert opinion regarding whether actions substantially complied with public participation requirement because this "is a question of law"), *vacated in part on other grounds*, 151 F.3d 610 (7th Cir.1998).<br><br>Mr. Zelikson's opinion that there has been substantial compliance with the NCP is irrelevant and has been previously struck in other actions. *Aviall Services, Inc. v.* |

5265423

WHITTAKER CORPORATION'S OBJECTIONS TO EVIDENCE OFFERED BY PLAINTIFF SANTA CLARITA VALLEY WATER AGENCY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| | *Cooper Industries, L.L.C.*, 572 F. Supp. 2d 673, 695 (N.D. Tx. 2008). | |
| | Mr. Zelikson baselessly concludes that Mr. Abercrombie's methodology to calculate replacement water losses advanced in Mr. Abercrombie's affidavit constitutes adequate documentation of associated costs. Mr. Zelikson admits that he is unaware of the equations used by Mr. Abercrombie and that the results can be as much as 50% off.   Trowbridge Decl. ¶ 33, Ex. AE, Zelikson Depo., at 123:15-126:10, 126:19-129:12.  Mr. Zelikson does not provide any reasoning for why this method complies with the regulation cited. | |
| | Without reasoning, Mr. Zelikson's opinions are not helpful and should not be | |

5265423

WHITTAKER CORPORATION'S OBJECTIONS TO EVIDENCE OFFERED BY PLAINTIFF SANTA CLARITA VALLEY WATER AGENCY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| | considered. "The chief value of an expert's testimony rests upon the material from which his opinion is fashioned and the reasoning by which he progresses from his material to his conclusion." <u>McCarrick v. Pallares</u>, 2020 WL 6800422 (E.D. Cal. November 19, 2020) (quoting <u>People v. Drew</u>, (1978) 22 Cal.3d 333, 350). | |
| **Zelikson Declaration ¶ 5.** Since beginning operation of the Saugus Perchlorate Treatment Facility ("SPTF") and PTF, SCV Water has been obligated to meet the requirements of the Drinking Water Permit and meet the applicable or relevant and appropriate requirements ("ARARs") for the perchlorate cleanup pursuant to 40 C.F.R. | • Lack of personal knowledge. Fed. R. Evid. 602<br>• Lack of foundation<br>• Unreliable/improper expert testimony. Fed. R. Evid. 104(a) and 702<br>• Hearsay. Fed. R. Evid. 802<br><br>Paragraph 5 of Mr. Zelikson's declaration should be struck in its entirety. Mr. Zelikson has no personal knowledge concerning the actions SCV Water took and Mr. Zelikson fails to identify the source of the proffered | Sustain/Overrule |

5265423

§300.400(e) and (g). SCV Water undertook several actions to meet these obligations, including: a. DDW-directed efforts to reduce volatile organic compound ("VOC") concentrations in SPTF-treated water, b. Application for an amendment to the Drinking Water Permit to include PTF-treated water, c. Preparation of a 2015 *Saugus Formation Volatile Organic Compound Investigation Report* ("VOC Investigation Report") by CH2MHill to identify potential sources of VOCs threatening SCV Water's compliance with the Drinking Water Permit, and d. Preparation of a 2020

information. Without establishing any personal knowledge concerning the treatment facility's operations, or what Mr. Zelikson reviewed to make these factual assertions, there is no foundation for where these facts came from. "The law is clear, however, that an expert report cannot be used to prove the existence of facts set forth therein." In re Citric Acid Litigation, 191 F.3d 1090, 1102 (9th Cir. 1999). Without personal knowledge or an identified source, the facts asserted by Mr. Zelikson in this paragraph are without foundation and are not properly considered within an expert report.

Moreover, substantial NCP compliance is a question of law and an experts only role is to supply facts for the court to consider. *La.-Pac. Corp. v. ASARCA Inc.*, 24 F.3d 1565,

5265423

| | |
|---|---|
| draft *Engineering Evaluation/Cost Analysis* ("EE/CA") by Advisian to evaluate alternatives to address the perchlorate and VOCs threatening SCW Water's compliance with the Drinking Water Permit and preventing issuance of an amendment to the Drinking Water Permit to accommodate the PTF. | 1576 (9th Cir. 1994).  Once the factual details regarding SCVWA's conduct been established, "the court decides—as a matter of law—whether those efforts substantially comply with the NCP."  *Id.*; *PMC, Inc. v. Sherwin–Williams Co.*, 1997 WL 223060, at \*9 (N.D.Ill. Apr.29, 1997) (rejecting expert opinion regarding whether actions substantially complied with public participation requirement because this "is a question of law"), *vacated in part on other grounds*, 151 F.3d 610 (7th Cir.1998).<br><br>Mr. Zelikson's opinion that there has been substantial compliance with the NCP is irrelevant and has been previously struck in other actions.  *Aviall Services, Inc. v. Cooper Industries, L.L.C.*, 572 | |

5265423

| | F. Supp. 2d 673, 695 (N.D. Tx. 2008). | |
|---|---|---|
| All references to the 2020 draft Engineering Evaluation/Cost Analysis ("EE/CA") in the Zelikson Declaration and information derived therefrom.<br>Pages 5, 30, 35, 38, 40, 41, 45, 46 | • Failure to disclose document in discovery. Fed. R. Civ. Pro. 37<br>• Lack of foundation.<br><br>Defendant has specifically requested Plaintiff, on several occasions, to produce the 2020 draft Engineering Evaluation/Cost Analysis in discovery. To date, Plaintiff has refused, despite multiple attempts to meet and confer. The discovery dispute is waiting to be heard in an informal discovery conference. The non-disclosure of a document is a basis for exclusion from evidence. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a | Sustain/Overrule |

5265423

WHITTAKER CORPORATION'S OBJECTIONS TO EVIDENCE OFFERED BY PLAINTIFF SANTA CLARITA VALLEY WATER AGENCY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10 | | motion . . ." Fed. R. Civ. Pro. 37(c)(1). It would be fundamentally unfair to allow Plaintiff to provide a document to its expert witness but refuse to produce the document to Defendant in discovery. The information gleaned by Mr. Zelikson from the EE/CA should be struck. | |
| 11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27 | **Zelikson Declaration, Exhibit A, Declaration of Keith Abercrombie (pp 85-91)** | • Lack of foundation<br>• Lack of personal knowledge. Fed. R. Evid. 602<br>• Hearsay. Fed. R. Evid. 802<br>• Unqualified expert opinion Fed. R. Evid. 104(a) and 702.<br><br>Keith Abercrombie's Declaration, which was submitted in support of Plaintiff's Replacement and Blend Water Damages should be excluded in its entirety.<br><br>In the declaration, Mr. Abercrombie purports to set forth a formula to calculate the cost of replacement and blend damages. | Sustain/Overrule |

28

5265423

| | | However, he refers to the calculations only as estimates, and Mr. Zelikson conceded that the results may be off by as much as 50%.  Trowbridge Decl. ¶ 33, Ex. AE, Zelikson Depo., at 123:15-126:10.<br><br>In reality, the declaration is merely a series of estimated quantities with no explanation of how the estimates were derived and without any documentary support for the estimates. The numbers Mr. Abercrombie comes up with are utterly without foundation. Additionally, there is no evidence within the declaration that Mr. Abercrombie possesses the expertise to make the estimations and opinions contained in his declaration. | |

Date:   December 14, 2020        BASSI, EDLIN, HUIE & BLUM LLP

By:   /s/Michael E. Gallagher
      MICHAEL E. GALLAGHER
      Attorneys for Defendant and Third-Party
      Plaintiff WHITTAKER CORPORATION

5265423

WHITTAKER CORPORATION'S OBJECTIONS TO EVIDENCE OFFERED BY PLAINTIFF SANTA CLARITA VALLEY WATER AGENCY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT