NOSSAMAN LLP
FREDERIC A. FUDACZ (SBN 50546)
ffudacz@nossaman.com
BYRON GEE (SBN 190919)
bgee@nossaman.com
PATRICK J. RICHARD (SBN 131046)
prichard@nossaman.com
RAVEN McGUANE (SBN 336505)
rmcguane@nossaman.com
777 S. Figueroa Street, 34th Floor
Los Angeles, CA 90017
Telephone:  213.612.7800
Facsimile:   213.612.7801

Attorneys for Plaintiff SANTA CLARITA VALLEY
WATER AGENCY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA CLARITA VALLEY WATER AGENCY, <br><br> Plaintiff, <br><br> vs. <br><br> WHITTAKER CORPORATION and DOES 1-10, Inclusive, <br><br> Defendant. <br><br> ——————————————— <br><br> AND RELATED CASES | Case No:  2:18-cv-6825 SB (RAOx) <br><br> *Assigned to Hon. Stanley Blumenfeld, Jr.* <br><br> **PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** <br><br> Date Action Filed: August 8, 2018 <br> Trial Date:  August 24, 2021 |

# <u>TABLE OF CONTENTS</u>

**Page No.**

I.   INTRODUCTION ................................................................................. 1

II.   PLAINTIFF'S CLAIMS ..................................................................... 1

  A.   Summary of Plaintiff's Claims ................................................ 1

  B.   Elements of Plaintiff's Claims and Evidence in Support Thereof .......... 2

    1.   First Claim: Cost Recovery Under CERCLA ........................ 2

      a)   Elements Required to Establish Plaintiff's Claim for Cost Recovery Under CERCLA ............... 2

      b)   Key Evidence in Support of Plaintiff's Claim for Cost Recovery Under CERCLA ............... 4

    2.   Second Claim: Declaratory Relief Under CERCLA .......... 6

      a)   Elements Required to Establish Plaintiff's Claim for Declaratory Relief Under CERCLA ............... 6

      b)   Key Evidence in Support of Plaintiff's Claim for Declaratory Relief Under CERCLA ............... 6

    3.   Third Claim: Negligence ............................................... 6

      a)   Elements Required to Establish Plaintiff's Claim for Negligence ............... 6

      b)   Key Evidence in Support of Plaintiff's Claim for Negligence ............... 7

    4.   Fourth Claim: Negligence per Se .................................. 8

      a)   Elements Required to Establish Plaintiff's Claim for Negligence per Se ............... 8

      b)   Key Evidence in Support of Plaintiff's Claim for Negligence per Se ............... 8

    5.   Fifth Claim: Private Nuisance ...................................... 9

      a)   Elements Required to Establish Plaintiff's Claim for Private Nuisance ............... 9

      b)   Key Evidence in Support of Plaintiff's Claim for Private Nuisance ............... 10

    6.   Sixth Claim: Public Nuisance ...................................... 10

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW
58116084.v4

a) Elements Required to Establish Plaintiff's Claim for Public Nuisance ...................................................................... 10

b) Key Evidence in Support of Plaintiff's Claim for Public Nuisance ...................................................................... 11

7. Seventh Claim: Trespass ...................................................... 11

a) Elements Required to Establish Plaintiff's Claim for Trespass ................................................................................ 11

b) Key Evidence in Support of Plaintiff's Claim for Trespass ................................................................................ 11

8. Eighth Claim: Recovery Under HSAA .................................. 12

a) Elements Required to Establish Plaintiff's Claim for Recovery Under HSAA ............................................ 12

b) Key Evidence in Support of Plaintiff's Claim for Recovery Under HSAA ............................................ 12

9. Ninth Claim: Declaratory Relief ............................................. 12

a) Elements Required to Establish Plaintiff's Claim for Declaratory Relief ............................................ 12

b) Key Evidence in Support of Plaintiff's Claim for Declaratory Relief ............................................ 13

10. Tenth Claim: Injunctive Relief Under RCRA ..................... 13

a) Elements Required to Establish Plaintiff's Claim for Injunctive Relief Under RCRA ...................... 13

b) Under RCRA, the term "disposal" means the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that such solid waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters. 42 U.S.C. § 6903(3). Key Evidence in Support of Plaintiff's Claim for Injunctive Relief Under RCRA ...................................................... 14

III. DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES ............................................................................. 14

A. Summary of Defendant's Counterclaims and Affirmative Defenses .................................................... 14

1. Counterclaims ................................................................. 14

2. Affirmative Defenses ...................................................... 15

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

58116084.v4

B.   Elements of Defendant's Counterclaims and Plaintiff's Evidence in Opposition Thereof ............................................... 15

1.   First Counterclaim: Contribution Under CERCLA ........................ 15

a)   Elements of Counterclaim for Contribution Under CERCLA ............................................................... 15

b)   Evidence in Opposition to Defendant's Counterclaim for Contribution Under CERCLA ............................. 16

2.   Second Counterclaim: Declaratory Relief Under Federal Law ................................................................................. 17

a)   Elements of Counterclaim for Declaratory Relief Under Federal Law .............................................. 17

b)   Evidence in Opposition to Defendant's Counterclaim for Declaratory Relief Under Federal Law ............................ 17

3.   Third Counterclaim: Declaratory Relief Under State Law .............. 18

a)   Elements of Counterclaim for Declaratory Relief Under State Law ................................................................ 18

b)   Evidence in Opposition to Defendant's Counterclaim for Declaratory Relief Under State Law .............................. 18

4.   Fourth Counterclaim: Equitable Indemnification ........................... 18

a)   Elements of Counterclaim for Equitable Indemnification ........... 18

b)   Evidence in Opposition to Defendant's Counterclaim for Equitable Indemnification ............................................. 18

5.   Fifth Counterclaim: Contribution .................................................. 18

a)   Elements of Counterclaim for Contribution ............................ 18

b)   Evidence in Opposition to Defendant's Counterclaim for Contribution ......................................................... 18

6.   Sixth Counterclaim: Contribution Under HSAA ............................. 19

a)   Elements of Counterclaim for Contribution Under HSAA ......... 19

b)   Evidence in Opposition to Defendant's Counterclaim for Contribution Under HSAA .......................................... 19

7.   Seventh Counterclaim: Negligence .............................................. 19

a)   Elements of Counterclaim for Negligence ............................. 19

b)   Evidence in Opposition to Defendant's Counterclaim for Negligence ........................................................... 19

8.  Affirmative Defense: Statute of Limitations ...................................19

    a)  Elements of Statute of Limitations Affirmative Defense ............19

    b)  Evidence in Opposition to Defendant's Statute of Limitations Affirmative Defense ..................................................20

IV.  BIFURCATION OF ISSUES ........................................................20

V.  JURY TRIAL ..............................................................................21

VI.  ATTORNEYS' FEES ..................................................................21

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

58116084.v4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AMW Materials Testing, Inc. v. Town of Babylon*,
  No. 01CV4245ADSETB, 2008 WL 11449231 (E.D.N.Y. Mar. 13,
  2008).............................................................................................................21

*Beatty v. Washington Metropolitan Area Transit Authority*,
  860 F.2d 1117 (D.C. Cir. 1988) ....................................................................20

*In re Burbank Environmental Litigation*,
  42 F.Supp.2d 976 (C.D. Cal. 1998)...............................................................21

*California Department of Toxic Substances Control v. Interstate Non-
  Ferrous Corporation*,
  298 F.Supp.2d 930 (E.D. Cal. 2003) ..............................................................13

*Carson Harbor Village, Ltd. v. County of Los Angeles*,
  433 F.3d 1260 (9th Cir. 2006) .........................................................................3

*Carson Harbor Village, Ltd. v. Unocal Corp.*,
  270 F.3d 863 (9th Cir. 2001) ...........................................................................3

*Castaic Lake Water Agency v. Whittaker Corp.*,
  272 F. Supp. 2d 1053 (C.D. Cal. 2003).......................................................3, 13

*City of Colton v. Am. Promotional Events, Inc.-W.*,
  614 F.3d 998 (9th Cir. 2010)............................................................................4

*Cose v. Getty Oil Co.*,
  4 F.3d 700 (9th Cir. 1993) ...............................................................................3

*Dartron Corp. v. Uniroyal Chem. Co., Inc.*,
  917 F. Supp. 1173 (N.D. Ohio 1996) .............................................................21

*Env't Transp. Sys., Inc. v. ENSCO, Inc.*,
  969 F.2d 503 (7th Cir. 1992) .........................................................................16

*Gencarelli v. Twentieth Century Fox Film Corp.*,
  2018 WL 376664 (C.D. Cal. Jan. 11, 2018)...................................................20

*Key Tronic Key Tronic Corp. v. United States*,
  511 U.S. 809 (1994) ..................................................................21

*Norfolk S. Ry. Co. v. Gee Co.*,
  2002 U.S. Dist. LEXIS 18980 (N.D. Ill. 2002)........................................4

*Pentair Thermal Management, LLC v. Rowe Industries, Inc.*,
  2013 U.S. Dist. LEXIS 47390 ...................................................4

*Starrh & Starrh Cotton Growers v. Aera Energy LLC*,
  153 Cal. App. 4th 583 (2007)......................................................20

*United Water N.Y., Inc. v. Amerada Hess Corp. (In re Methyl Tertiary
  Butyl Ether Prods. Liab. Litig.)*,
  458 F. Supp. 2d 149 (S.D.N.Y. 2006)..............................................7

*Waste Management of Alameda County, Inc. v. East Bay Regional
  Park District*,
  135 F. Supp. 2d 1071 (N.D. Cal. 2001) ...........................................4

*Wells Fargo Bank, N.A. v. Renz*,
  795 F. Supp. 2d 898 (N.D. Cal. 2011) .......................................12, 19

**Statutes**

28 U.S.C. § 2201.................................................................12, 17

33 U.S.C. § 1251.......................................................................8

42 U.S.C. § 6901 ......................................................................8

42 U.S.C. § 6903(3)...................................................................14

42 U.S.C. § 6972(a)(1)(B)..............................................................13

42 U.S.C. § 9601........................................................................8

42 U.S.C. § 9601(9)......................................................................3

42 U.S.C. § 9601(14)....................................................................3

42 U.S.C. § 9601(14)(C)..................................................................3

42 U.S.C. § 9607(a) ......................................................................3

42 U.S.C. § 9607(a)(2) .................................................................3

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW
58116084.v4

42 U.S.C. § 9607(a)(4) ............................................................................ 3

42 U.S.C. § 9607(b) .............................................................................. 16

42 U.S.C. § 9613 (f)(1) ......................................................................... 15

42 U.S.C. § 9613(g)(2) ..................................................................... 6, 17

Cal. Health & Safety Code § 25100 ....................................................... 8

Cal. Health & Safety Code § 25280 ....................................................... 8

Cal. Health & Safety Code § 25316 ....................................................... 3

Cal. Water Code § 13300 ....................................................................... 8

CERCLA § 107 ............................................................................ 6, 12, 17

CERCLA § 107 and (2) ......................................................................... 15

CERCLA § 113 ............................................................................... 14, 15

Federal Water Pollution Control Act ..................................................... 8

Solid Waste Disposal Act, § 3001 ......................................................... 3

**Other Authorities**

40 C.F.R. 261.20-261.24 ...................................................................... 13

40 C.F.R. 300.700(c)(6) ......................................................................... 4

40 C.F.R. § 302.4 ................................................................................... 3

BAJI 8.60 .............................................................................................. 10

CACI 401 ........................................................................................... 6, 7

CACI 418 ................................................................................................ 8

CACI 430 ................................................................................................ 8

CACI 1001 .............................................................................................. 7

CACI 2020 ............................................................................................ 11

CACI 2021 ............................................................................................ 10

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

58116084.v4

CACI 2030 ....................................................................................................... 20

Judicial Council of California Civil Jury Instructions 400 ......................................... 6

L.R. 16-4 ........................................................................................................... 1

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW
58116084.v4

Pursuant to L.R. 16-4, Plaintiff Santa Clarita Valley Water Agency ("SCV Water" or "Plaintiff") respectfully submits to the Court the following Memorandum of Contentions of Fact and Law.  Plaintiff also anticipates submitting more specific contentions of fact and law after the presentation of evidence.

# I.    INTRODUCTION

For 50 years, until closed in 1987, the 966 acre Whittaker Site in Santa Clarita hosted many manufacturing operations that used dangerous solvents and other chemicals, including for fireworks, explosives, ammunition, and rockets. Site operations, including Defendant Whittaker Corporation's ("Whittaker") indiscriminate and widespread dumping practices, lead to massive contamination of the soil and groundwater beneath the Site, which was eventually declared a State Superfund Site.  Plaintiff Santa Clarita Valley Water Agency relies significantly on groundwater to supply thousands of residents with drinking water.  As a result of Whittaker's contamination, SCV Water has had to shut down wells and purchase expensive water from the state to replace well water production lost to contamination. Further, one of the contaminated wells is required to operate to contain the spread of contamination must be blended with purchased state water to dilute the contaminated water before discharging it to the Santa Clara River, all pursuant to permits from state agencies.  Further, the contamination requires expensive treatment facilities and monitoring costs.

# II.    PLAINTIFF'S CLAIMS

## A.    Summary of Plaintiff's Claims

Claim 1:  Plaintiff is entitled to response costs from Whittaker Corporation under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") .

Claim 2:  Plaintiff is entitled to declaratory relief under CERCLA.

1    Claim 3:  Whittaker Corporation's acts and/or operations constituted

2    negligence.

3    Claim 4:  Whittaker Corporation's acts and/or operations constituted

4    negligence per se.

5    Claim 5:  Whittaker Corporation's acts and/or operations caused a private

6    nuisance.

7    Claim 6:  Whittaker Corporation's acts and/or operations caused a public

8    nuisance.

9    Claim 7:  Whittaker Corporation's acts and/or operations constituted a

10   trespass.

11   Claim 8:  Plaintiff is entitled to response costs from Whittaker Corporation

12   under the California Hazardous Substance Account Act ("HSAA").

13   Claim 9:  Plaintiff is entitled to declaratory relief under the Declaratory

14   Judgment Act.

15   Claim 10:  Plaintiff is entitled to injunctive relief under the Resource

16   Conservation and Recovery Act ("RCRA").

17   **B.    Elements of Plaintiff's Claims and Evidence in Support Thereof**

18        **1.    First Claim: Cost Recovery Under CERCLA**

19             **a)    Elements Required to Establish Plaintiff's Claim for**
20                     **Cost Recovery Under CERCLA**

21   For recovery of response costs under CERCLA, plaintiff must show:

22   (1)  That the site on which the hazardous substances are contained is a

23   facility;

24   (2)  That a release of any "hazardous substance" from the facility has

25   occurred;

26   (3)  That such release caused SCV Water to incur costs that were necessary

27   and consistent with the national contingency plan ("NCP").

28

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW
58116084.v4

1   (4)  That Whittaker Corporation is a "potentially responsible party" under

2   CERCLA.

3   42 U.S.C. § 9607(a); *see also Carson Harbor Village, Ltd. v. County of Los*

4   *Angeles*, 433 F.3d 1260, 1265 (9th Cir. 2006).

5   **(1)    Facility**

6   A facility is "any site or area where a hazardous substance has been

7   deposited, stored, disposed of, or placed, or otherwise come to be located." 42

8   U.S.C. § 9601(9).  CERCLA makes liable "any person who at the time of disposal

9   of any hazardous substance owned or operated any facility at which such

10  hazardous substances were disposed of."  42 U.S.C. § 9607(a)(2).

11  **(2)    Hazardous Substances**

12  "CERCLA defines 'hazardous substances' by reference to substances listed

13  under various other federal statutes."  *Cose v. Getty Oil Co.*, 4 F.3d 700, 704 (9th

14  Cir. 1993); *see also* 42 U.S.C. § 9601(14); Cal. Code Health & Safety § 25316

15  (defining "hazardous substance" as defined under CERCLA).

16  EPA has determined that TCE and PCE are hazardous substances for

17  purposes of CERCLA.  *See* 40 C.F.R. § 302.4.  CERCLA further defines

18  "hazardous substances" to include "any hazardous waste having the characteristics

19  identified or listed pursuant to Section 3001 of the Solid Waste Disposal Act," as

20  amended by the Resource Conservation and Recovery Act ("RCRA"). 42 U.S.C. §

21  9601(14)(C); *see also id.* at § 6901 *et seq.*  Perchlorate is a RCRA hazardous waste

22  because it is ignitable when disposed of at the site.  *See Castaic Lake Water*

23  *Agency v. Whittaker Corp.*, 272 F. Supp. 2d 1053, 1061 (C.D. Cal. 2003).

24  **(3)    Necessary**

25  Response costs are necessary if incurred in response to a threat to human

26  health or the environment. 42 U.S.C. § 9607(a)(4); *Carson Harbor Village, Ltd. v.*

27  *Unocal Corp.*, 270 F.3d 863, 871 (9th Cir. 2001).

28

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

58116084.v4

**(4)     Consistent with the NCP**

Response costs are considered consistent with the NCP "if the action, when evaluated as a whole, is in substantial compliance" with it.  *City of Colton v. Am. Promotional Events, Inc.-W.*, 614 F.3d 998, 1003 (9th Cir. 2010) (quoting 40 C.F.R. § 300.700(c)(3)(i)).  "Evaluated as a whole" and "substantial compliance" require that NCP compliance be judged with a flexible standard that does not defeat recovery of meritorious clean-up costs.  *Pentair Thermal Management, LLC v. Rowe Industries, Inc.,* 2013 U.S. Dist. LEXIS 47390 *48; 2013 WL 1320422 (N.D. Cal 2013).  "Evaluating a remedial action as a whole reflects CERCLA's preference for a holistic rather than a ***checklist*** approach, because the latter could defeat cost recovery for meritorious cleanup actions based on a mere technical failure by the private party."  *Id.* (citing 40 CFR 400.700(c)(4); 55 Fed. Reg. 8666-01, 8793; emphasis added internal quotes omitted).

The EPA and courts have shifted to this flexible standard "to avoid discouraging private parties from cleaning up hazardous wastes for fear that recovery of their costs would later be precluded by less than perfect compliance with the NCP." *Waste Management of Alameda County, Inc. v. East Bay Regional Park District*, 135 F. Supp. 2d 1071, 1100 (N.D. Cal. 2001) (citing 55 Fed. Reg. 8792-94)).  Private party cost recovery actions do not include "administrative record and information repository requirements."  40 CFR 300.700(c)(6); *Norfolk S. Ry. Co. v. Gee Co.*, 2002 U.S. Dist. LEXIS 18980, *93-94 (N.D. Ill. 2002).

**b)     Key Evidence in Support of Plaintiff's Claim for Cost Recovery Under CERCLA**

Most of the elements for CERCLA cost recovery are not at issue, as the Court ruled in its Minute Order re Motions and Cross-Motions for Partial Summary Judgment ("MSJ Order") that Plaintiff has established the following facts as without dispute: (1) the Whittaker Site is a "facility" under CERCLA; (2) TCE, PCE, and perchlorate are "hazardous substances" for purposes of CERCLA;

1   and (3) Whittaker is a PRP because it owned or operated the facility at the time of

2   disposal.  MSJ Order at 3.

3          The only remaining element for Plaintiff to establish is NCP compliance,

4   and even that element is only partially at issue.  The Court ruled that there is no

5   genuine dispute that Plaintiff's replacement water costs, blending water costs, and

6   costs of technical reports, investigation, and permitting were necessary to address a

7   health risk.  MSJ Order at 9.

8           There is ample evidence supporting Plaintiff's response actions were

9   consistent with the NCP, including:

10         The testimony of Keith Abercrombie regarding SCV Water's response

11   actions and incurrence of response costs.

12         The expert testimony of Jeff Zelikson that the response actions undertaken

13   by SCV Water and SCV Water's consultants have been conducted in a manner

14   consistent with the NCP.

15         Documentation that SCV Water participated in a CERCLA-quality cleanup

16   with the California Department of Toxic Substances ("DTSC") as the lead agency.

17         Documentation that SCV Water's predecessor evaluated the potential

18   impacts of the contamination in the 2005 Interim Remedial Action Plan, which was

19   approved by DTSC.

20         Documentation that the Division of Drinking Water ("DDW") directed

21   efforts to reduce VOC concentrations in SPTF-treated water.

22         Documentation of the preparation of the 2015 VOC Investigation Report by

23   CH2MHill to identify potential sources of VOCs threatening SCV Water's

24   compliance with the Drinking Water Permit

25         Documentation of the preparation of an Engineering Evaluation/Cost

26   Analysis for a non-time critical removal action to address VOCs present in Saugus

27   1, Saugus 2, V-201 and V-205.

28

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

58116084.v4

1   Documentation that SCV Water's purchase of replacement was compelled
2   by regulatory agency requirements from the California Department of Public
3   Health and Division of Drinking Water.

4   Additional facts described in expert reports and facts anticipated to be
5   presented by SCV Water employees regarding the impact of Whittaker's
6   contamination on SCV Water.

7   **2.  Second Claim: Declaratory Relief Under CERCLA**

8   **a)  Elements Required to Establish Plaintiff's Claim for**
9   **Declaratory Relief Under CERCLA**

10  Plaintiff need only establish its claim under CERCLA section 107 as a
11  prerequisite to obtaining a declaratory judgment on liability for future response
12  costs.  42 U.S.C. § 9613(g)(2).

13  **b)  Key Evidence in Support of Plaintiff's Claim for**
14  **Declaratory Relief Under CERCLA**

15  See Section II.B.1(b), infra, evidence in support of CERCLA section 107
16  cost recovery claim.  The same evidence that establishes Plaintiff's cost recovery
17  claim establishes Plaintiff's claim for declaratory relief.

18  **3.  Third Claim: Negligence**

19  **a)  Elements Required to Establish Plaintiff's Claim for**
20  **Negligence**

21  To establish negligence, Plaintiff must show:

22  1. That Whittaker Corporation was negligent;

23  2. That SCV Water was harmed; and

24  3. That Whittaker Corporation's negligence was a substantial factor in
25  causing SCV Water's harm.

26  Judicial Council of California Civil Jury Instructions ("CACI") 400.

27  Negligence is the failure to use reasonable care to prevent harm to oneself or
28  to others.  CACI 401.

1    The MCL for a contaminant does not determine whether an injury has

2    occurred for purposes of trespass, nuisance, negligence and other claims.

3    Contamination measured at below the MCL in groundwater of a water agency can

4    constitute injury required for these claims.  *United Water N.Y., Inc. v. Amerada*

5    *Hess Corp. (In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.)*, 458 F. Supp. 2d

6    149, 158 (S.D.N.Y. 2006).

7    A person can be negligent by acting or by failing to act. A person is

8    negligent if that person does something that a reasonably careful person would not

9    do in the same situation or fails to do something that a reasonably careful person

10   would do in the same situation.  CACI 401.

11   A person who owns property is negligent if that person fails to use

12   reasonable care to keep the property in a reasonably safe condition. A person who

13   owns property must use reasonable care to discover any unsafe conditions and to

14   repair, replace, or give adequate warning of anything that could be reasonably

15   expected to harm others.  CACI 1001.

16   **b)    Key Evidence in Support of Plaintiff's Claim for**
17        **Negligence**

18   Evidence showing that Whittaker Corporation was negligent includes:

19   Historical documentation showing Whittaker used and stored hazardous

20   substances on the Whittaker Site.

21   Historical documentation showing Whittaker's improper disposal and

22   storage of those hazardous substances on the Whittaker Site.

23   Testimony from Alan Sorsher regarding Whittaker's failure to

24   decontaminate the Whittaker Site.

25   Evidence showing that SCV Water was harmed is the same evidence

26   considered for SCV Water's CERCLA cost recovery claim, including testimony

27   and documentation regarding necessity and cost of response.  See II.B.1(b), infra,

28   evidence regarding SCV Water's necessity and cost of response.

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

58116084.v4

Evidence supporting that Whittaker's negligence was a substantial factor in causing SCV Water's harm includes:

Expert testimony from Phyllis Stanin that perchlorate and VOCs migrated from the Whittaker Site to SCV Water's wells.

Documentation of detection data at monitoring wells and SCV Water's water supply wells.

Facts described in expert reports and facts anticipated to be presented by SCV Water employees regarding the impact on SCV Water.

### 4.    Fourth Claim: Negligence per Se

#### a)    Elements Required to Establish Plaintiff's Claim for Negligence per Se

To prevail on its claim for negligence per se, Plaintiffs must establish that Whittaker: (1) violated a statute or regulation; and (2) the violation was a substantial factor in bringing about the Plaintiff's harm.  CACI 418.

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.  CACI 430.

#### b)    Key Evidence in Support of Plaintiff's Claim for Negligence per Se

In regard to the first element of Plaintiff's negligence per se claim, Whittaker violated:

- CERCLA, 42 U.S.C. § 9601 *et seq*.

- RCRA, 42 U.S.C. § 6901 *et seq*.

- Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq*.

- California Health and Safety Code § 25100 *et seq*.

- California Health and Safety Code § 25280 *et seq*.; and

- California Water Code § 13300 *et. seq.*

58116084.v4

See II.B.4(b), infra, evidence that Whittaker's actions with regard to its contamination were a substantial factor in bringing about SCV Water's harm.

### 5.   Fifth Claim: Private Nuisance

#### a)   Elements Required to Establish Plaintiff's Claim for Private Nuisance

To establish this private nuisance, SCV Water must prove the following:

1.  That SCV Water is the owner of an interest in the property, namely wells;

2.  That Whittaker Corporation, by acting or failing to act, created a condition or permitted a condition to exist that:

- •   was harmful to health; or

- •   was indecent or offensive to the senses; or

- •   was an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property;

3.  That:

- •   Whittaker Corporation's conduct in acting or failing to act was intentional and unreasonable/unintentional, but negligent or reckless; or

- •   the condition that Whittaker Corporation created or permitted to exist was the result of an abnormally dangerous activity;

4.  That this condition substantially interfered with SCV Water's use or enjoyment of its land;

5.  That an ordinary person would reasonably be annoyed or disturbed by Whittaker Corporation's conduct;

6.  That SCV Water did not consent to Whittaker Corporation's conduct;

7.  That SCV Water was harmed;

8.  That Whittaker Corporation's conduct was a substantial factor in causing SCV Water's harm; and

9.  That the seriousness of the harm outweighs the public benefit of Whittaker Corporation's conduct.

CACI 2021; BAJI 8.60.

                **b)**      **Key Evidence in Support of Plaintiff's Claim for Private Nuisance**

Evidence supporting SCV Water's claim for private nuisance will consist of largely the same evidence presented for SCV Water's CERCLA claim and other state common law claims.  Supporting evidence also includes facts described in expert reports and facts anticipated to be presented by SCV Water employees regarding the impact of Whittaker's contamination on SCV Water.

        **6.**     **Sixth Claim: Public Nuisance**

                **a)**      **Elements Required to Establish Plaintiff's Claim for Public Nuisance**

To establish public nuisance, SCV Water must establish the following:

1. That Whittaker Corporation, by acting or failing to act, created a condition or permitted a condition to exist that:

- was harmful to health; or
- was indecent or offensive to the senses; or
- was an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property;

2. That the condition affected a substantial number of people at the same time;

3. That an ordinary person would be reasonably annoyed or disturbed by the condition;

4. That the seriousness of the harm outweighs the social utility of Whittaker Corporation's conduct;

5. That SCV Water did not consent to Whittaker Corporation's conduct;

6. That SCV Water suffered harm that was different from the type of harm suffered by the general public; and

1    7. That Whittaker Corporation's conduct was a substantial factor in causing

2    SCV Water's harm.

3    CACI 2020.

4         **b)    Key Evidence in Support of Plaintiff's Claim for Public Nuisance**

5

6    Evidence supporting SCV Water's claim for public nuisance will consist of

7    largely the same evidence presented for SCV Water's CERCLA claim and other

8    state common law claims.  Supporting evidence also includes facts described in

9    expert reports and facts anticipated to be presented by SCV Water employees

10   regarding the impact of Whittaker's contamination on SCV Water.

11        **7.    Seventh Claim: Trespass**

12        **a)    Elements Required to Establish Plaintiff's Claim for Trespass**

13

14   To establish this claim, SCV Water must prove all of the following:

15   1.  That SCV Water owned the property;

16   2.  That Whittaker Corporation, either intentionally, recklessly or, although

17   not intending to do so, negligently caused perchlorate, TCE and/or PCE to enter

18   SCV Water's property;

19   3.  That SCV Water did not give permission for the entry;

20   4.  That SCV Water was harmed; and

21   5.  That Whittaker Corporation's conduct was a substantial factor in causing

22   SCV Water's harm.

23        **b)    Key Evidence in Support of Plaintiff's Claim for Trespass**

24

25   The first element, ownership of the property, is not at issue, as the Court has

26   ruled that Whittaker owned or operated the Whittaker Site at the time of disposal

27   of perchlorate, PCE and TCE.  MSJ Order at 3.

28

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

58116084.v4

Additional evidence supporting SCV Water's claim for trespass will consist of largely the same evidence presented for SCV Water's CERCLA claim and other state common law claims. Supporting evidence also includes facts described in expert reports and facts anticipated to be presented by SCV Water employees regarding the impact of Whittaker's contamination on SCV Water.

### 8. Eighth Claim: Recovery Under HSAA

#### a) Elements Required to Establish Plaintiff's Claim for Recovery Under HSAA

The elements for recovery under the HSAA are the same as those for establishing recovery under CERCLA section 107. *Wells Fargo Bank, N.A. v. Renz*, 795 F. Supp. 2d 898, 920 (N.D. Cal. 2011). See Section II.B.1(a), infra, elements in support of CERCLA claim.

#### b) Key Evidence in Support of Plaintiff's Claim for Recovery Under HSAA

See Section II.B.1(b), infra, evidence in support of CERCLA claim.

### 9. Ninth Claim: Declaratory Relief

#### a) Elements Required to Establish Plaintiff's Claim for Declaratory Relief

Under the Declaratory Judgment Act, the courts have the power to declare the rights and legal relations of parties who want such a declaration if there is an actual case and controversy between parties.

If SCV Water establishes that Whittaker Corporation is obligated to reimburse SCV Water for their past, current and future response costs and other damages, then SCV Water is entitled to declaratory relief from the court. *See* 28 U.S.C. § 2201.

**b)  Key Evidence in Support of Plaintiff's Claim for Declaratory Relief**

The evidence that supports Plaintiff's claims under CERCLA, HSAA, RCRA, and state common law also establishes Plaintiff's claim for declaratory relief.

**10.  Tenth Claim: Injunctive Relief Under RCRA**

**a)  Elements Required to Establish Plaintiff's Claim for Injunctive Relief Under RCRA**

SCV Water is entitled to injunctive relief under RCRA if it has established the following elements: (1) Whittaker Corporation is a past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility; (2) Whittaker Corporation has contributed or is contributing to the past or present handling, storage, treatment, transportation, or "disposal" of any "solid waste" or "hazardous waste"; and (3) such waste presents an imminent and substantial endangerment to health or the environment.  42 U.S.C. § 6972(a)(1)(B); *California Department of Toxic Substances Control v. Interstate Non-Ferrous Corporation*, 298 F.Supp.2d 930, 971 (E.D. Cal. 2003). Courts have granted injunctive relief under RCRA to require a defendant to investigate the extent of groundwater contamination.  *Lincoln Properties, Ltd. v. Higgins*, 1993 WL 217429, at *8 (E.D. Cal. Jan. 21, 1993).

Under RCRA, a waste is hazardous if it is specifically listed or exhibits the characteristics of (1) ignitability, (2) corrosivity, (3) reactivity or (4) toxicity.  *See* 40 C.F.R. 261.20-261.24.

Perchlorate from the Whittaker Site is a hazardous substance under RCRA. *See Castaic Lake Water Agency v. Whittaker Corp*., 272 F. Supp. 2d 1053, 1061 (C.D. Cal. 2003) (finding perchlorate from the Whittaker Site to be a "characteristic" hazardous waste under RCRA because it is highly ignitable and reactive).

**b)** **Under RCRA, the term "disposal" means the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that such solid waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters.  42 U.S.C. § 6903(3). Key Evidence in Support of Plaintiff's Claim for Injunctive Relief Under RCRA**

Evidence supporting SCV Water's claim for injunctive relief under RCRA will consist of largely the same evidence presented for SCV Water's CERCLA claim and state common law claims.  Evidence supporting SCV Water's RCRA claim also includes facts described in expert reports and facts anticipated to be presented by SCV Water employees regarding the impact of Whittaker's contamination on SCV Water.  Among the evidence that Whittaker was a past generator and operator of treatment/disposal facility are Whittaker's burn pit operation was considered by EPA to be a RCRA treatment/disposal facility subject to RCRA regulations.  Additionally, the CDM 2010 SVE soil remediation plan shows that Whittaker also disposed of at least 270,000 pounds of VOCs to the environment.

Evidence that Whittaker's releases pose an imminent and substantial endangerment to the environment are the high concentrations of perchlorate and VOC contamination in the groundwater near and beneath the Whittaker Site that have spread to drinking water supply wells.

## III.   DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

### A.   Summary of Defendant's Counterclaims and Affirmative Defenses

#### 1.   Counterclaims

Whittaker filed the following counterclaims:

Counterclaim 1: Whittaker claims that it is entitled to contribution from SCV Water under CERCLA section 113.

58116084.v4

1    Counterclaim 2: Whittaker claims that it is entitled to declaratory relief
2    under CERCLA and the Declaratory Judgment Act.

3    Counterclaim 3: Whittaker claims that it is entitled to declaratory relief
4    under state common law.

5    Counterclaim 4: Whittaker claims that it is entitled to equitable
6    indemnification.

7    Counterclaim 5: Whittaker claims that it is entitled to contribution.

8    Counterclaim 6: Whittaker claims that it is entitled to contribution from SCV
9    Water under the HSAA.

10   Counterclaim 7:  Whittaker claims that SCV Water was negligent.

### 2.    Affirmative Defenses

11   Whittaker also initially raised fifty affirmative defenses, but the Court
12   dismissed almost all of these affirmative defenses.  MSJ Order at 29.  Whittaker's
13   primary remaining affirmative defense argues that Plaintiff's private nuisance and
14   trespass claims are barred by statute of limitations.

### B.    Elements of Defendant's Counterclaims and Plaintiff's Evidence in Opposition Thereof

#### 1.    First Counterclaim: Contribution Under CERCLA
##### a)    Elements of Counterclaim for Contribution Under CERCLA

Whittaker is entitled to contribution if (1) Whittaker establishes that SCV
Water is liable or potentially liable under CERCLA section 107 and (2) the court
allocates the response costs to SCV Water using equitable factors.  42 U.S.C. §
9613 (f)(1).

The equitable factors considered for apportionment under CERCLA section
113 are the "Gore factors":

- whether the parties' contributions can be distinguished;

- degree of involvement by the parties in the generation, transportation, treatment, storage, or disposal of the hazardous waste;

- the degree of care exercised by the parties with respect to the hazardous waste; and
- the degree of cooperation by the parties with Federal, State or local officials to prevent any harm to the public health or the environment.

*Env't Transp. Sys., Inc. v. ENSCO, Inc.*, 969 F.2d 503, 508 (7th Cir. 1992).

SCV Water raised the innocent landowner defense to Whittaker's claim that SCV Water is a potentially responsible party under CERCLA and thus subject to claims for contribution from other PRPs such as Whittaker. To establish that SCV Water is an innocent landowner, SCV Water must establish the following elements:

1. The release or threat of release of a hazardous substance and the damages resulting therefrom were caused solely by an act or omission of a third party other than an employee or agent of SCV Water;

2. SCV Water exercised due care with respect to the hazardous substance concerned, taking into consideration the characteristics of such hazardous substance, in light of all relevant facts and circumstances; and

3. SCV Water took precautions against foreseeable acts or omissions of any such third party and the consequences that could foreseeably result from such acts or omissions.

42 U.S.C. § 9607(b).

> **b)    Evidence in Opposition to Defendant's Counterclaim for Contribution Under CERCLA**

Evidence presented to support SCV Water's claim for CERCLA cost recovery also supports SCV Water's innocent landowner defense:

- Evidence indicating that Whittaker is the sole cause of release establishes that a third party other than an employee or agent of SCV Water caused the release.

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

58116084.v4

- Evidence concerning the necessity of SCV Water's response costs and involvement in a CERCLA-quality cleanup show that SCV Water exercised due care and took precautions with respect to the contamination caused by Whittaker.
- Evidence that SCV Water installed robust well seals that are many times deeper than required by regulations.
- Evidence that SCV Water installed an elaborate system costing millions of dollars to contain and treat contamination from the Whittaker site and was required to sue Whittaker to pay for the treatment systems.

    2.    **Second Counterclaim: Declaratory Relief Under Federal Law**

        a)    **Elements of Counterclaim for Declaratory Relief Under Federal Law**

Like SCV Water, Whittaker also seeks declaratory relief under CERCLA and the Declaratory Judgment Act.

For CERCLA declaratory relief, Whittaker must establish SCV Water is liable under CERCLA section 107 as a prerequisite to obtaining a declaratory judgment on liability for future response costs.  42 U.S.C. § 9613(g)(2).

For declaratory relief under the Declaratory Judgment Act, Whittaker must establish that SCV Water is obligated to reimburse Whittaker for past, current and future response costs.  See 28 U.S.C. § 2201.

        b)    **Evidence in Opposition to Defendant's Counterclaim for Declaratory Relief Under Federal Law**

The evidence to defend against Whittaker's counterclaim for declartory relief are the same as the evidence to defend against Whittaker's contribution claim.  See III.B.1(b), infra.

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

58116084.v4

### 3. Third Counterclaim: Declaratory Relief Under State Law

#### a) Elements of Counterclaim for Declaratory Relief Under State Law

Whittaker does not provide any legal authority for this claim, but Plaintiff assumes that the elements are the same or similar to those required for declaratory relief under federal law.  See III.B.2(a), infra, for elements for declaratory relief.

#### b) Evidence in Opposition to Defendant's Counterclaim for Declaratory Relief Under State Law

See III.B.2(b), infra, for evidence in opposition to Whittaker's claim for declaratory relief.

### 4. Fourth Counterclaim: Equitable Indemnification

#### a) Elements of Counterclaim for Equitable Indemnification

Whittaker does not provide any legal authority for this claim, but Plaintiff assumes that the elements are the same or similar to those required for contribution under CERCLA.  See III.B.1(a), infra, elements for contribution.

#### b) Evidence in Opposition to Defendant's Counterclaim for Equitable Indemnification

See III.B.1(b), infra, evidence opposing contribution.

### 5. Fifth Counterclaim: Contribution

#### a) Elements of Counterclaim for Contribution

Whittaker does not provide any legal authority for this claim, but Plaintiff assumes that the elements are the same or similar to those required for contribution under CERCLA.  See III.B.1(a), infra, for elements for contribution.

#### b) Evidence in Opposition to Defendant's Counterclaim for Contribution

See III.B.1(b), infra, evidence opposing contribution.

58116084.v4

### 6. Sixth Counterclaim: Contribution Under HSAA

#### a) Elements of Counterclaim for Contribution Under HSAA

The elements for contribution are the same as those for contribution under CERCLA. *Wells Fargo Bank, N.A. v. Renz*, 795 F. Supp. 2d 898, 920 (N.D. Cal. 2011). See III.B.1(a), infra, for elements required to establish CERCLA contribution, and thus HSAA contribution as well.

#### b) Evidence in Opposition to Defendant's Counterclaim for Contribution Under HSAA

See III.B.1(b), infra, evidence opposing contribution under CERCLA.

### 7. Seventh Counterclaim: Negligence

#### a) Elements of Counterclaim for Negligence

To establish a counterclaim for negligence, Whittaker must prove the same elements for negligence as SCV Water must prove for its claim against Whittaker for negligence. See II.B.4(a), infra, for elements for negligence.

#### b) Evidence in Opposition to Defendant's Counterclaim for Negligence

Evidence opposing Whittaker's claim that SCV Water was negligent is also the same evidence supporting SCV Water's innocent landowner defense. See III.B.1(b), infra, for evidence that SCV Water was not negligent.

### 8. Affirmative Defense: Statute of Limitations

#### a) Elements of Statute of Limitations Affirmative Defense

For a statute of limitations defense to apply to SCV Water's trespass and private nuisance claims, Whittaker must prove that SCV Water's claimed harm occurred before August 8, 2015. SCV Water's trespass and private nuisance claims are still timely if SCV Water proves that the trespass or nuisance is continuing.

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW
58116084.v4

Among the factors that indicate that the trespass or private nuisance can be discontinued are the following:

(a) That the trespass or private nuisance is currently continuing;

(b) That the impact of the condition will vary over time;

(c) That the trespass or private nuisance can be discontinued at any time, in a reasonable manner, and for reasonable cost, considering the benefits and detriments if it is discontinued.

CACI 2030.

A trespass or nuisance is reasonably abatable if it can be diminished.  *Starrh & Starrh Cotton Growers v. Aera Energy LLC*, 153 Cal. App. 4th 583, 596 (2007). For contaminated groundwater, a trespass or nuisance is reasonably abatable if treatment will result in a lessening of the impact on the underlying aquifers.  *Beatty v. Washington Metropolitan Area Transit Authority,* 860 F.2d 1117, 1124 (D.C. Cir. 1988).

**b)      Evidence in Opposition to Defendant's Statute of Limitations Affirmative Defense**

Evidence in opposition to Whittaker's statute of limitations defense includes expert testimony regarding the treatability of perchlorate and VOC contamination at SCV Water's wells, as well as facts described in expert reports and facts anticipated to be presented by SCV Water employees regarding the impact of Whittaker's contamination on SCV Water.

## IV.   BIFURCATION OF ISSUES

There is no need for bifurcation in this matter, as trial of all of the claims and counterclaims requires overlapping witness testimony and documentary evidence. Whittaker moved to bifurcate the innocent landowner issue from determination of the remaining claims, counterclaims, and defenses but failed to meet its burden to establish that the issues in this case are discrete and bifurcation would serve judicial economy.  *See Gencarelli v. Twentieth Century Fox Film Corp.*, 2018 WL

1   376664, at *7 (C.D. Cal. Jan. 11, 2018).  Rather, the separation of the ILO defense

2   from the rest of the claims and defenses would result in trying the same issues

3   twice, using the same expert and percipient witness testimony.

4   **V.    JURY TRIAL**

5         SCV Water timely demanded a jury trial of all of its claims.  While

6   CERCLA presents equitable issues, a jury can provide findings on the legal claims

7   and advisory findings for the judge on the disputed factual issues.  *AMW Materials*

8   *Testing, Inc. v. Town of Babylon*, No. 01CV4245ADSETB, 2008 WL 11449231, at

9   *5 (E.D.N.Y. Mar. 13, 2008); *Dartron Corp. v. Uniroyal Chem. Co., Inc*., 917 F.

10  Supp. 1173, 1184 (N.D. Ohio 1996).  In this case, a single trial will be the most

11  efficient presentation of the evidence and allow the Court to consider findings of

12  the Jury on selected issues of fact disputed by the parties without a duplication of

13  testimony.

14  **VI.   ATTORNEYS' FEES**

15        The Citizen Action Suit provision of RCRA provides that the prevailing

16  party is entitled to attorney fees.  See 42 U.S. Code § 6972(e).  Plaintiff seeks

17  attorneys' fees and expert costs pursuant to *Key Tronic Key Tronic Corp. v. United*

18  *States*, 511 U.S. 809, 819-820 (1994) (allowing the award of attorneys' fees under

19  CERCLA for work that is closely tied to the cleanup); see also *In re Burbank*

20  *Environmental Litigation*, 42 F.Supp.2d 976, 980 (C.D. Cal. 1998) (finding that

21  attorney and expert fees associated with identifying the geographical area requiring

22  remediation and the extent of the pollution may be recoverable under CERCLA).

23  Plaintiff also seeks attorneys' fees and expert costs as the court determines

24  reasonable.

25

26

27

28

1

2    Date: July 9, 2021                              NOSSAMAN LLP
                                                     FREDERIC A. FUDACZ
3                                                    BYRON GEE
                                                     PATRICK J. RICHARD
4                                                    RAVEN McGUANE

5                                                    By:  /s/ Byron Gee
6                                                           Byron Gee
                                                     Attorneys for Plaintiff SANTA
7                                                    CLARITA VALLEY WATER
                                                     AGENCY
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW
58116084.v4