FRED M. BLUM, ESQ. (SBN101586)
fblum@behblaw.com
MICHAEL E. GALLAGHER, ESQ.
(SBN 195592)
mgallagher@behblaw.com
EARL L. HAGSTROM, ESQ.
(SBN 150958)
ehagstrom@behblaw.com
MARYLIN JENKINS, ESQ.
(SBN 89832)
mjenkins@behblaw.com
DANIEL E. TROWBRIDGE
(SBN 301301)
dtrowbridge@behblaw.com
BASSI, EDLIN, HUIE & BLUM LLP
500 Washington Street, Suite 700
San Francisco, CA 94111
Telephone: (415) 397-9006
Facsimile: (415) 397-1339

Attorneys for Defendant
And Third-Party Plaintiff
WHITTAKER CORPORATION

NOSSAMAN LLP
FREDERIC A. FUDACZ (SBN 50546)
ffudacz@nossaman.com
BYRON GEE (SBN 190919)
bgee@nossaman.com
PATRICK J. RICHARD (SBN 131046)
prichard@nossaman.com
RAVEN McGUANE (SBN 336505)
rmcguane@nossaman.com
777 S. Figueroa Street, 34th Floor Los Angeles, CA 90017 Telephone: 213.612.7800 Facsimile: 213.612.7801

Attorneys for Plaintiff SANTA CLARITA VALLEY WATER AGENCY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA CLARITA VALLEY WATER AGENCY,<br><br>Plaintiffs,<br><br>vs.<br><br>WHITTAKER CORPORATION,<br><br>Defendants | Case No. 2:18-CV-6825-SB (RAOx)<br><br>**DEFENDANT WHITTAKER CORPORATION MOTION IN LIMINE NUMBER 3 TO PRECLUDE SCVWA FROM CALLING WHITTAKER'S EXPERTS IN ITS CASE IN CHIEF**<br><br>PTC Date:  August 6, 2021<br>Time:  10:000 a.m.<br>Dept:  6C<br><br>TRIAL DATE: August 24, 2021 |

- 1 -

Defendant WHITTAKER CORPORATION ("Whittaker") moves the Court for an order precluding SANTA CLARITA VALLEY WATER AGENCY ("SCVWA") from calling Whittaker's expert witnesses in SCVWA's case in chief or to exclude any cross-examination of the experts on the same subject.

## I. MOTION

Rule 611 of the Federal Rules of Evidence mandates that "the court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:

    (1)    make those procedures effective for determining the truth;

    (2)    avoid wasting time; and

    (3)    protect witnesses from harassment or undue embarrassment."

SCVWA's witness list states that it plans to call these experts retained by Whittaker - Gaynor Dawson, Gary Hokkanen, Peter Mesard and Steven Luis. It is unclear whether SCVWA will seek live testimony or will play video excerpts of their deposition testimony. If SCVWA expects the experts to appear in person then it is forcing them to appear twice. Once in SCVWA's case in chief and again in Whittaker's case. This is disfavored. Lis v. Robert Packer Hosp., 579 F.2d 819, 823 (3d Cir. 1978).

If their deposition video is played, it would be unfair to also allow SCVWA to cross examine the expert on the same issues. That would give SCVWA essentially to bites at the same apple. The scenario where a video clip that is played in the case in chief is then replayed in cross-examination does not stretch the imagination.

The order of presentation of evidence requested by SCVWA is time-wasting, discourteous to experts, confusing to the jury, and in violation of the spirit of FRE 611.

## II. OPPOSITION TO MOTION:

Yes, Plaintiff may present testimony of one or more of Whittaker's disclosed experts in its case-in-chief because, once an expert is disclosed, ***either party may call him or her at trial***. Whittaker's Motion in Limine No. 3 is frivolous and ignores authority directly on point, including the leading case decided by Judge Easterbrook of the Seventh Circuit:

> A witness identified as a testimonial expert is available to either side; such a person can't be transformed after the report has been disclosed, and a deposition conducted, to the status of a trial-preparation expert whose identity and views may be concealed. . . . Disclosure of the report ends the opportunity to invoke confidentiality.

*S.E.C. v. Koenig*, 557 F.3d 736, 744 (7th Cir. 2009)(holding the non-disclosing party need not even provide notice of its intent to call the opposing party's expert to testify at trial); *Hartford Fire Insurance Company, Inc. v. Transgroup Express, Inc.*, 264 F.R.D. 382, 383 (N.D. Ill. 2009)(holding a party could not re-designate a testifying expert as a non-testifying after the expert's deposition was scheduled, but before it was conducted, and after the expert's reports were disclosed); *House v. Combined Ins. Co. of America*, 168 F.R.D. 236 (N.D. Iowa 1996) (holding that once a party designates and discloses a trial expert, even if that designation is withdrawn, the opposing party may depose the expert and call that expert at trial).

Whittaker provides no basis for its almost silly concern that it would be discourteous to the experts to require that they testify in Plaintiff's case-in-chief. Whittaker provides no basis for its argument that the jury would be confused; certainly the parties and their counsel should expect that jurors in the Central District of California are no more likely to be confused than jurors in Iowa, Illinois or Nebraska.

The fact is Whittaker's experts disagree on key factual issues regarding the scope, source and migration of contamination at the Whittaker site. It would be

MOTION IN LIMINE NUMBER 3 BY DEFENDANT WHITTAKER CORP. TO PRECLUDE SCVWA FROM CALLING WHITTAKER'S EXPERTS IN ITS CASE IN CHIEF

58149617.v1

very helpful for the jury, and not the least bit confusing, for example, to hear expert Gary Hokannen explain that VOCs and perchlorate are generally found in the same locations at the Whittaker site, enter the groundwater in the same manner, and generally follow the same pathways once in the groundwater.  And far from wasting time, once the jury hears this well-grounded and insightful testimony, Whittaker may decide not to present contradictory testimony from its other experts, thereby *shortening* the trial.

Finally, *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 823 (3d Cir. 1978) does not actually support Whittaker's motion because there the Third Circuit held that a trial judge whose courtroom practice permitted cross-examination to exceed the scope of direct for every witness in every case ran afoul of FRE 611; on the other issue before the Court, however, calling a witness out of order, the court found no error.  Indeed, the Third Circuit's decision is consistent with subsequent decisions holding that either side may call a disclosed expert at trial:   Thus, although calling a defense witness out of turn for reception of his **testimony during the plaintiff's case in chief** may technically disrupt the normal presentation of the case, this decision is committed to the discretion of the trial court.  *Lis v. Robert Packer Hosp.*, 579 F.2d at 823 (emphasis added).

It would unfairly prejudice Plaintiff to prevent it from calling experts disclosed by Whittaker, including Mr. Hokkanen (or playing a portion of his video), during Plaintiff's case-in-chief.  Whittaker's request for a blanket exclusion of designated, disclosed and deposed experts should be denied.

Date: July 19, 2021

NOSSAMAN LLP
FREDERIC A. FUDACZ
BYRON GEE
PATRICK J. RICHARD
RAVEN McGUANE

By: /s/ Patrick J. Richard
      Patrick J. Richard

- 4 -

MOTION IN LIMINE NUMBER 3 BY DEFENDANT WHITTAKER CORP. TO PRECLUDE SCVWA FROM CALLING WHITTAKER'S EXPERTS IN ITS CASE IN CHIEF

58149617.v1

|   |   |
|---|---|
| 1 | Attorneys for Plaintiff SANTA CLARITA VALLEY WATER AGENCY |
| 2 | |

MOTION IN LIMINE NUMBER 3 BY DEFENDANT WHITTAKER CORP. TO PRECLUDE SCVWA FROM CALLING WHITTAKER'S EXPERTS IN ITS CASE IN CHIEF

58149617.v1

# REPLY TO OPPOSITION TO MOTION

## I. INTRODUCITON

The Motion in Limine requested that SCVWA be barred from calling Whittaker's expert witnesses in their case in chief or to exclude any cross-examination of the experts on the same subject. SCVWA's opposition challenged the first part of the motion, but ignored the alternative request to exclude any cross-examination of the experts on the same subject.

If SCVWA desires to call Whittaker's experts in their case in chief that should be their opportunity to examine the witness. They should not be able to go over the same or similar testimony when the expert is recalled in Whittaker's case. There should be only one bite at the proverbial apple.

This does not ignore that it would be unfair to have the expert attend the trial twice. Live appearances would be necessary since there is no basis for declaring the experts unavailable, which makes the deposition testimony inadmissible hearsay under FRE 801(b)(1), FRCP 32(a). Whittaker's experts should not have to appear twice.

## II. ARGUMENT

Whittaker is not arguing that any result on this Motion is required, but that the resolution is in the sound discretion of the Court. That discretion should not be exercised so that experts have to appear once or be subject to cross examination once.

Even assuming that experts should have to come to Court twice, it would be unfair for SCVWA to be able examine them once in their case in chief and then repeat that examination after the same expert is called as part of Defendants case.

| | | |
|---|---|---|
| 1 | Dated: July 23, 2021 | BASSI EDLIN HUIE & BLUM |
| 2 | | |
| 3 | | |
| 4 | | By:   */s/ Michael E. Gallagher*  <br>        FRED M. BLUM |
| 5 | | MICHAEL E. GALLAGHER<br>Attorneys for Defendant and Third-Party |
| 6 | | Plaintiff WHITTAKER<br>CORPORATION |

MOTION IN LIMINE NUMBER 3 BY DEFENDANT WHITTAKER CORP. TO PRECLUDE SCVWA FROM CALLING WHITTAKER'S EXPERTS IN ITS CASE IN CHIEF

58149617.v1

**Re**: **Santa Clarita Valley Water Agency v. Whittaker Corporation**
**United States District Court, Central District Case No. 2:18-cv-6825-GW (RAOx)**

**PROOF OF SERVICE – ELECTRONIC TRANSMISSION**

STATE OF CALIFORNIA/COUNTY OF San Francisco

I am a citizen of the United States and an employee in the County of San Francisco. I am over the age of eighteen (18) years and not a party to the within action. My business address is BASSI, EDLIN, HUIE & BLUM LLP, 500 Washington Street, Suite 700, San Francisco, California 94111.

On July 23, 2021, I electronically served the document(s) via USDC CDCA ECF website, described below, on the recipients designated on the Transaction Receipt located on the USDC CDCA ECF website.

**DEFENDANT WHITTAKER CORPORATION MOTION IN LIMINE NUMBER 3 TO PRECLUDE SCVWA FROM CALLING WHITTAKER'S EXPERTS IN ITS CASE IN CHIEF**

On the following parties:

PLEASE SEE SERVICE LIST PROVIDED BY USDC CDCA WEBSITE

I declare under penalty of perjury that the foregoing is true and correct and that this document is executed on July 23, 2021, at San Francisco, California.

*/s/ Bridgette C. Burdick*
BRIDGETTE C. BURDICK

3175453