FRED M. BLUM, ESQ. (SBN 101586)
fblum@behblaw.com
MICHAEL E. GALLAGHER, ESQ. (SBN 195592)
mgallagher@behblaw.com
EARL L. HAGSTROM (SBN 150958)
ehagstrom@behblaw.com
MARYLIN JENKINS (SBN 89832)
mjenkins@behblaw.com
DANIEL TROWBRIDGE (SBN 301301)
dtrowbridge@behblaw.com
BASSI, EDLIN, HUIE & BLUM LLP
500 Washington Street, Suite 700
San Francisco, CA 94111
Telephone:   (415) 397-9006
Facsimile:   (415) 397-1339

Attorneys for Defendant and Counter-Claimant
WHITTAKER CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA CLARITA VALLEY WATER AGENCY, <br><br> Plaintiff, <br><br> vs. <br><br> WHITTAKER CORPORATION and DOES 1-10, Inclusive, <br><br> Defendant. <br><br> AND RELATED CASES | Case No:  2:18-cv-6825 SB (RAOx) <br><br> *Assigned to Hon. Stanley Blumenfeld, Jr.* <br><br> **DEFENDANT WHITTAKER CORPORATION'S RESPONSE TO PLAINTIFF'S OFFER OF PROOF REGARDING OPINIONS OF EXPERT RICHARD HUGHTO AND DECLARATION OF FRED M. BLUM** <br><br> Complaint Filed: August 8, 2018 <br> Trial Date:      August 24, 2021 |

**DEFENDANT'S INTRODUCTION**

Defendant Whitaker Corporation received Plaintiff SANTA CLARITA VALLEY WATER AGENCY ("SCVWA") Offer of proof prior to the three hour meet and confer meeting on Monday, August 16, 2021.  At the meeting, Whittaker informed SCVWA that it objected to the Offer since it was longer than the 10 pages allowed by the Court and was not double spaced as required in the Court Rules.

SCVWA appears to have attempted to resolve the first problem by transferring the uncontested opinions to a declaration.  The problem of the lack of double spacing still persists.  When Defendant changed the pleading to the proper spacing the document was then 26 pages without the accompanying declaration.

At the meet and confer the Parties discussed the method of filing Whittaker's response.  Whittaker suggested the process that is contained below in a joint offer.  SCVWA objected and informed Whittaker that they should file a separate response.  This is the response.  The first three columns are identical to what SCVWA filed; except the spacing has been changed to comply with the rules. Whittaker's response is contained in the fourth column.

**PLAINTIFF'S INTRODUCTION**

Pursuant to the Court's August 13, 2021 Order (Dkt. 335), Plaintiff respectfully submits this Offer of Proof in further Opposition to Defendant's Motion in Limine No. 7 to Preclude Certain Opinions of Expert Richard Hughto Under Daubert (Dkt. 309).  Plaintiff identifies the purpose for which it seeks to admit each of Dr. Hughto's opinions and the basis for each, but notes that the opinions and bases are identified more fully in the Rule 26 Reports and deposition of Dr. Hughto in this matter.  Rule 26 does not require that an expert Report be limited to 10 pages.  Further meet-and-confer confirms that Whittaker's Motion in Limine No. 7 is limited to 7 specific opinions, although Plaintiff intends to fully address the Court's concerns as to admissibility of Dr. Hughto's work and

PLAINTIFF'S OFFER OF PROOF RE OPINIONS OF EXPERT RICHARD HUGHTO AND WHITTAKER'S RESPONSE

58227886.v5

opinions. Importantly, Whittaker's suggestion that there is only evidence of VOC and perchlorate contamination at two locations is incorrect (their expert ignored all data from CDM Smith); due to Whittaker's self-described "indiscriminate dumping", these contaminants are found spread across the Site.[1]

| Key Opinion | Purpose/Relevance | Basis | Whittaker's Response |
|---|---|---|---|
| 1. Whittaker conducted waste handling practices not condoned by the State of California prior to the implementation of the RCRA regulations in 1980. (Blum Decl. [Dkt. 324], Ex. 1 at p. 32.) | Supports allegation that perchlorate and VOC contamination are found throughout the site, and no area can be excluded as a location for disposal of perchlorate and VOC waste due to Whittaker's indiscriminate dumping and failure to identify and document its disposed chemicals and/or the locations of its own landfills. Whittaker's failure | Dr. Hughto's report lists the evidence supporting this opinion, including a 12/22/77 Whittaker government inspection summary that identified waste handling practices not condoned by the State (Blum Decl. [Dkt. 324], Ex. 1 at p. 23.) Data collected | The Offer does not establish admissibility under FRE 401, 403 or 404(b)(2) which restricts admission of other wrongs or acts to "purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The need to remediate the Site at multiple locations does not supply support an exception |

[1] *See* Dr. Hughto's Figure 6 (Blum Decl. [Dkt. 324], Ex. 2 at p. 22), attached hereto as Exhibit A for the Court's convenience.

PLAINTIFF'S OFFER OF PROOF RE OPINIONS OF EXPERT RICHARD HUGHTO AND WHITTAKER'S RESPONSE
58227886.v5

| | | | |
|---|---|---|---|
| | to follow standard documentation practices, and its poor housekeeping practices for the storage and disposal of solvents and other chemicals, is proper expert testimony that will assist the trier of fact to understand the heavy contamination at "burn pits" and the "Hula Bowl" dump sites (relevant to CERCLA plausible pathways), and to establish negligence.  More broadly, this type of evidence is directly relevant to rebut Whittaker's story that the discharge of solvents occurred primarily at one location at a | resulted in remediation of soil being conducted in over 50 areas of the site employing multiple remedial technologies, demonstrating that there were at least 50 areas of contamination releases. (*Id.* at pp. 7-8.)  Dr. Hughto also gave a detailed deposition as to the basis of this and his other work and opinions in this matter. | under FRE 404(b)(2). *Sparks v. Gilley Trucking Co., Inc.,* 992 F.2d 50, 52 (4th Cir. 1993). Nor does it comply with the Court's Order to provide specific citations to the record, since it only refers the reader back to Dr. Hughto's report.  Nor is there any specificity as to what pre-RCRA laws were violated or any proof that the VOC's found were from Whittaker rather than the numerous other occupants for the Site.<br><br>Last, while the offer states that it is relevant to show that there was widespread release |

PLAINTIFF'S OFFER OF PROOF RE OPINIONS OF EXPERT RICHARD HUGHTO AND WHITTAKER'S RESPONSE

58227886.v5

| | | | |
|---|---|---|---|
| | discrete point in time pursuant to accepted practices.<br><br>Also supports punitive damages claim, as Whittaker acted with willful and conscious disregard of safety. | | of solvents, the opinion is not restricted to solvents, nor does it show how the material was placed there. |
| 2.  Whittaker did not follow its stated guidelines precluding dumping of waste to the ground.  (Blum Decl. [Dkt. 324], Ex. 1 at p. 32.) | Supports allegation that perchlorate and VOC contamination are found throughout the site, and no area can be excluded as a location for disposal of perchlorate/VOC waste due to Whittaker's indiscriminate dumping and failure to identify and document its disposed chemicals and/or the location | Dr. Hughto describes the basis for this opinion in his report (Blum Decl. [Dkt. 324], Ex. 1 at pp. 24-25). Therein, Dr. Hughto cites, among other things, a 1/12/82 Bermite memo authored by Zoyd R. Luce indicating that Bermite became aware that its | The Offer does not establish admissibility under FRE 401, 403 or 404(b)(2).  *Sparks, 992 F.2d at 52.*  That there was alleged improper "dumping" of scrap in the Hula Bowl is not relevant since there is no offer that the placement of scrap was illegal.   The only reference to VOCs is that there are "documented elevated VOCs in |

PLAINTIFF'S OFFER OF PROOF RE OPINIONS OF EXPERT RICHARD HUGHTO AND WHITTAKER'S RESPONSE

58227886.v5

| | | | |
|---|---|---|---|
| | | of its own landfills.<br><br>Also supports punitive damages claim, as Whittaker acted with willful and conscious disregard of safety. | practice of dumping scrap at the Hula Bowl was no longer permissible under California law and should be discontinued immediately. (*Id.* at p. 24). He further cites a Whittaker 8/26/82 memo authored by John J. Peloquin regarding the Hula Bowl "disaster area" that stated, "The present condition of the Hula Bowl would very likely trigger ground water monitoring." (*Id.* at p. 25.) He further cites | the Hula Bowl . . . ."  There is no offer that the VOC's found were from Whittaker rather than the numerous other occupants for the Site, nor how the VOCs were placed there or at the time they were placed in the Hula Bowl that the practice was improper. |

PLAINTIFF'S OFFER OF PROOF RE OPINIONS OF EXPERT RICHARD HUGHTO AND WHITTAKER'S RESPONSE

58227886.v5

| | | | |
|---|---|---|---|
| | | a Bermite 9/7/82 memo authored by Zoyd R. Luce noting that progress at the Hula Bowl was slow in what was called a critical area. (*Id.* at p. 25.) Additionally, Whittaker's consultant Acton Mickelson documented elevated VOCs in the Hula Bowl on 2/16/96 (*id.* at p. 31). The Hula Bowl was also used to detonate waste munitions and explosives found at the site (as documented by GSI on | |

PLAINTIFF'S OFFER OF PROOF RE OPINIONS OF EXPERT RICHARD HUGHTO AND WHITTAKER'S RESPONSE

58227886.v5

| | | | |
|---|---|---|---|
| | | 2/14/2020) (*id.* at p. 8). Waste material was ultimately excavated from the Hula Bowl area, as documented by Wenck Associates on 6/19/87. (*Id.* at p. 5.) | |
| 7. Whittaker's process for management of compliance with environmental regulations at the Site led to it and the governing regulatory agencies identifying numerous violations of several different sets of governing regulations and laws. (Blum | Supports punitive damages claim, as Whittaker acted with willful and conscious disregard of safety.<br><br>Also supports allegation that perchlorate and VOC contamination are found throughout the site, and no area can be excluded as a location for | Dr. Hughto describes the basis for this opinion in his report (Blum Decl. [Dkt. 324], Ex. 1 at pp. 16-32). Dr. Hughto cites extensive evidence, including deposition testimony from Whittaker's witnesses Jim Jisa and Zoyd | The Offer does not establish admissibility under FRE 401, 403 or 404(b)(2). *Sparks,* 992 F.2d at 52. Nor does it comply with the Court's Order to provide specific citations to the record, since it only refers the reader back to Dr. Hughto's report. Citations in the Report are to depositions without |

PLAINTIFF'S OFFER OF PROOF RE OPINIONS OF EXPERT RICHARD HUGHTO AND WHITTAKER'S RESPONSE

58227886.v5

| Decl. [Dkt. 324], Ex. 1 at p. 32.) | disposal of perchlorate/VOC waste due to Whittaker's indiscriminate dumping and failure to identify and document its disposed chemicals and/or the location of its own landfills. | Luce (*id.* at p. 16), testimony from DTSC witness Alan Sorsher (*id.* at pp. 21, 27) and documentary evidence including correspondence, company memoranda, site investigation reports and notices from regulatory agencies (*id.* at pp. 18-32). | any reference to a specific location. Nor is there any specificity as to what violations regulators believed occurred since the only mention of such a belief pertains to an opinion of Mr. Sorsher that he former after he left DTSC.<br><br>Last, there is not showing what the alleged violations are or how they relate to VOCs or perchlorate. |
| 8.  Whittaker's methods of operation at the facility resulted in it and governing regulatory | Supports allegation that perchlorate and VOC contamination are found throughout the site, and no area can be excluded as a | Dr. Hughto describes the basis for this opinion in his report in multiple locations (Blum | The Offer does not establish admissibility under FRE 401, 403 or 404(b)(2). *Sparks,* 992 F.2d at 52. SCVWA lists multiple areas for |

PLAINTIFF'S OFFER OF PROOF RE OPINIONS OF EXPERT RICHARD HUGHTO AND WHITTAKER'S RESPONSE

58227886.v5

| | | | |
|---|---|---|---|
| agencies identifying violations of RCRA regulatory requirements after 1980.  The violations included, among others:<br><br>• Placing waste materials on the ground during Hog-Out operations<br><br>• Placing waste materials on the ground in as many as 28 other areas<br><br>• Failure to comply with Closure Plan preparation and implementation requirements<br><br>• Failure to adequately | location for disposal of perchlorate/VOC waste due to Whittaker's indiscriminate dumping and failure to identify and document its disposed chemicals and/or the location of its own landfills. Whittaker's failure to follow standard documentation practices, and its poor housekeeping practices for the storage and disposal of solvents and other chemicals, is proper expert testimony that will assist the trier of fact to understand the heavy contamination at "burn pits" and the "Hula Bowl" dump | Decl. [Dkt. 324], Ex. 1 at pp. 18-30). Therein, Dr. Hughto cites as supporting evidence, among other things, a 5/29/79 letter from John J. Peloquin at Whittaker summarizing conditions and practices observed during a site inspection, wherein indiscriminate waste dumping to the environment was cited in three areas. (*Id.*, at p. 23.) He further cites a 9/30/80 Bermite memo authored by | the Offer, but fails to tie them to an allegation in the complaint or to the disposal of VOC/perchlorate. The cite for the assertion that the evidence shows "poor housekeeping practices for the storage and disposal of solvents and other chemicals . . ." do not refer to VOCs. SCVWA does not explain how a 1979 letter is relevant to a claim of what occurred after 1980. The argument that evidence shows that "directly relevant as the propellant removed during the Hog-Out operation contained ammonium perchlorate and |

PLAINTIFF'S OFFER OF PROOF RE OPINIONS OF EXPERT RICHARD HUGHTO AND WHITTAKER'S RESPONSE

58227886.v5

| | | | |
|---|---|---|---|
| close the 317 and 342 Area impoundments<br><br>• Failure to conduct required soil and groundwater monitoring at the time of the closure of the impoundments<br><br>• Failure to comply with the groundwater monitoring requirements<br><br>• Failure to submit Closure Plan for the closure of surface impoundments at Buildings 317 and 342 in advance of closing those | sites (relevant to CERCLA plausible pathways), and to establish negligence. More broadly, this type of evidence is directly relevant to rebut Whittaker's story that the discharge of solvents occurred primarily at one location at a discrete point in time pursuant to accepted practices.<br><br>Also supports punitive damages claim, as Whittaker acted with willful and conscious disregard of safety. | Zoyd R. Luce in which it discussed the Hog-Out operations and noted that, "The Hog-Out area is currently contaminated and does not meet the requirements of the Resource Contamination and Recovery Act", which is directly relevant as the propellant removed during the Hog-Out operation contained ammonium perchlorate and became a source of groundwater contamination with perchlorate and chlorinated | became a source of groundwater contamination with perchlorate and chlorinated solvents. SCVWA cites only to the report of Dr. Hughto. Whittaker can find no basis to conclude the solvents were also released.<br><br>In the end, SCVWA cites to several documents, but mostly to the Report of Dr. Hughto. The citations to the documents and many lack any specify as to where in the document the material is located.<br><br>Nor is there any tie between the specific listed wrongs the alleged opinions or |

PLAINTIFF'S OFFER OF PROOF RE OPINIONS OF EXPERT RICHARD HUGHTO AND WHITTAKER'S RESPONSE

58227886.v5

| | | | |
|---|---|---|---|
| impoundments<br>• Inadequate soil sampling during closure<br>• Inadequate characterization of contamination<br>• Failure to report waste burial areas that would have required investigation under RCRA<br>• Submission of deficient Waste Analysis Plans<br>• Submission of deficient Closure Plans<br>• Submitting incomplete and inaccurate Closure Certification Report<br>• Conducted a | | solvents.  (*Id.*, at 23-24.)  Dr. Hughto further cites a 10/9/80 Bermite memo authored by Zoyd R. Luce in which it listed then-current violations of RCRA prohibitions against dumping waste materials on the ground, affecting 29 different areas and including PCE, propellant, and perchlorate wastes.  (*Id.*, at p. 24.)<br><br>Dr, Hughto's report also details the factual bases for his opinions | any showing of how they are relevant to a prove proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." |

Case No. 2:18-cv-6825 SB (RAOx)

PLAINTIFF'S OFFER OF PROOF RE OPINIONS OF EXPERT RICHARD HUGHTO AND WHITTAKER'S RESPONSE

58227886.v5

| | | | |
|---|---|---|---|
| Hydrogeologic Assessment without an approved Closure Plan<br>• Failure to manage hazardous waste such that it would not pose a threat to the environment (Blum Decl. [Dkt. 324], Ex. 1 at pp. 32-33.) | | concerning Whittaker's regulatory failures in its closure of the site in his report. (Blum Decl. [Dkt. 324], Ex. 1 at pp. 18-30). Dr. Hughto cites, among other things, Whittaker's 5/26/81 Closure and Post-Closure Plan for the facility at issue, as well as Bermite's 9/9/83 Closure Plan, Whittaker's 3/1/85 Closure Plan, and Whittaker's 8/1/86 amended Closure Plan. (*Id.* at p. 18.) | |

PLAINTIFF'S OFFER OF PROOF RE OPINIONS OF EXPERT RICHARD HUGHTO AND WHITTAKER'S RESPONSE

58227886.v5

| | | | |
|---|---|---|---|
| | | He further cites the evidence showing that these closure plans were inadequate and/or in violation of legal requirements, including inadequacies documented by the California DOHS on 4/28/66, by the USEPA on 6/4/86, and by the USEPA on 3/3/87.  (*Id.* at pp. 19-20.)  Dr. Hughto also cites a 6/22/87 memo delivered to the DTSC that described landfills at the facility that had not been | |

PLAINTIFF'S OFFER OF PROOF RE OPINIONS OF EXPERT RICHARD HUGHTO AND WHITTAKER'S RESPONSE

58227886.v5

| | | | |
|---|---|---|---|
| | | adequately investigated nor removed, and thus would have served as a source of soil and groundwater contamination over an extensive area at the site, and the related correspondence between Whittaker's attorneys and environmental consultants and environmental regulators between 7/20/87 and 11/29/95. (*Id.* at p. 20.) Dr. Hughto further relies upon cited deposition testimony from | |

| | | | former Whittaker employee Bradley Peach and DOHS official Alan Sorsher regarding the buried waste at the site. (*Id.* at pp. 20-21.) Additionally, Dr. Hughto relied on the 3/12/03 correspondence from the DTSC rescinding the May 1993 closure certification for an impoundment at the site, citing the need to follow the hazardous waste regulations. (*Id.* at p. 22.) The | |

PLAINTIFF'S OFFER OF PROOF RE OPINIONS OF EXPERT RICHARD HUGHTO AND WHITTAKER'S RESPONSE

58227886.v5

| | | waste management practices employed by Whittaker resulted in the need to conduct soil remediation at over 50 locations at the site. (*Id.* at pp. 7-8.) | |
|---|---|---|---|
| 9. Whittaker dumped scrap material in the Hula Bowl. Whittaker's waste disposal practices at the Hula Bowl were deficient. (Blum Decl. [Dkt. 324], Ex. 1 at p. 33.) | Supports allegation that perchlorate and VOC contamination are found throughout the site, and no area can be excluded as a location for disposal of perchlorate/VOC waste due to Whittaker's indiscriminate dumping and failure to identify and document its | Dr. Hughto describes the basis for this opinion in his report (Blum Decl. [Dkt. 324], Ex. 1 at pp. 24-25). Therein, Dr. Hughto cites, among other things, a 1/12/82 Bermite memo authored by Zoyd R. Luce indicating that Bermite became | The Offer does not establish admissibility under FRE 401, 403 or 404(b)(2). *Sparks,* 992 F.2d at 52. The opinion refers to the placement of scrap material in the Hula Bowl. There is no offer that the scrap was a hazardous waste or how it is connected to the disposal of VOCs or perchlorate. |

PLAINTIFF'S OFFER OF PROOF RE OPINIONS OF EXPERT RICHARD HUGHTO AND WHITTAKER'S RESPONSE

58227886.v5

| | | disposed chemicals and/or the location of its own landfills. Whittaker's failure to follow standard documentation practices, and its poor housekeeping practices for the storage and disposal of solvents and other chemicals, is proper expert testimony that will assist the trier of fact to understand the heavy contamination at "burn pits" and the "Hula Bowl" dump sites (relevant to CERCLA plausible pathways), and to establish negligence.  More broadly, this type of evidence is directly relevant to rebut Whittaker's story | aware that its practice of dumping scrap at the Hula Bowl was no longer permissible under California law and should be discontinued immediately. (*Id.* at p. 24). He further cites a Whittaker 8/26/82 memo authored by John J. Peloquin regarding the Hula Bowl "disaster area" that stated, "The present condition of the Hula Bowl would very likely trigger ground water monitoring." (*Id.* at p. 25.) | |
|---|---|---|---|---|

PLAINTIFF'S OFFER OF PROOF RE OPINIONS OF EXPERT RICHARD HUGHTO AND WHITTAKER'S RESPONSE

58227886.v5

| | | that the discharge of solvents occurred primarily at one location at a discrete point in time pursuant to accepted practices.<br><br>Also supports punitive damages claim. | He further cites a Bermite 9/7/82 memo authored by Zoyd R. Luce noting that progress at the Hula Bowl was slow in what was called a critical area. (*Id.* at p. 25.) Additionally, Whittaker's consultant Acton Mickelson documented elevated VOCs in the Hula Bowl on 2/16/96 (*id.* at p. 31. The Hula Bowl was also used to detonate waste munitions and explosives found at the site (as documented | |

PLAINTIFF'S OFFER OF PROOF RE OPINIONS OF EXPERT RICHARD HUGHTO AND WHITTAKER'S RESPONSE

58227886.v5

| | | by GSI on 2/14/2020) (*id.* at p. 8). Waste material was ultimately excavated from the Hula Bowl area, as documented by Wenck Associates on 6/19/87. (*Id.* at p. 5.) | |
|---|---|---|---|
| 10. Soil sampling, analysis, and remediation were deficient pursuant to State regulations. (Blum Decl. [Dkt. 324], Ex. 1 at p. 33.) | Supports allegation that perchlorate and VOC contamination are found throughout the site, and no area can be excluded as a location for disposal of perchlorate/VOC waste due to Whittaker's indiscriminate dumping and failure to identify and | Dr. Hughto describes the basis for this opinion in his report (Blum Decl. [Dkt. 324], Ex. 1 at pp. 18-32). Dr. Hughto cites extensive evidence, including testimony from DTSC witness Alan Sorsher (*id.* at pp. 21, | The Offer does not establish admissibility under FRE 401, 403 or 404(b)(2). *Sparks,* 992 F.2d at 52. The offer is entirely general and there is no basis to connect it to sampling for VOC's or perchlorate. The supporting citations are to 14 pages of Dr. Hughto's report and a conclusionary |

PLAINTIFF'S OFFER OF PROOF RE OPINIONS OF EXPERT RICHARD HUGHTO AND WHITTAKER'S RESPONSE

58227886.v5

| | | | |
|---|---|---|---|
| | document its disposed chemicals and/or the location of its own landfills.  Also supports punitive damages claim. | 27) and documentary evidence including correspondence, company memoranda, site investigation reports and notices from regulatory agencies confirming the deficiency of soil sampling, analysis and remediation (*id.* at pp. 18-32). | statements attributed to Alan Sorsher on two pages of the Report. |
| 12.  Whittaker buried wastes at multiple locations across the Site.  This included a practice Whittaker itself referred to as "indiscriminant waste dumping". | Supports allegation that perchlorate and VOC contamination are found throughout the site, and no area can be excluded as a location for disposal of perchlorate/VOC | Dr. Hughto's report describes the results of the practice of dumping and disposing of waste materials at numerous locations across the site. Those locations | The Offer does not establish admissibility under FRE 401, 403 or 404(b)(2). *Sparks,* 992 F.2d at 52.  The opinion is general in nature but the supporting evidence shows that it does not refer to |

PLAINTIFF'S OFFER OF PROOF RE OPINIONS OF EXPERT RICHARD HUGHTO AND WHITTAKER'S RESPONSE

58227886.v5

| (Blum Decl. [Dkt. 324], Ex. 1 at p. 33.) | waste due to Whittaker's indiscriminate dumping and failure to identify and document its disposed chemicals and/or the locations of its own landfills.

Also supports punitive damages claim. | included the Hula Bowls, East Fork, and The Point as documented by IT, 5/10/90 and Acton Mickelson, 1/1997.  (Blum Decl. [Dkt. 324], Ex. 1 at p. 4.) The materials buried included bad batches of munitions per Kanowsky, 11/11/96.  (*Id.* at p. 4.) During the planning of remediation for the site, including the buried materials, it was decided to manage buried munitions and explosives, as | perchlorate nor VOCs.  Rather munitions and explosives are the subject.  There is no offer that would show that the munitions/explosives were illegally disposed of or how that disposal connects with VOCs or perchlorate. |

PLAINTIFF'S OFFER OF PROOF RE OPINIONS OF EXPERT RICHARD HUGHTO AND WHITTAKER'S RESPONSE

58227886.v5

| | | documented by GSI, 12/14/18. (*Id.* at p. 7.) Dr. Hughto will report on Whittaker's 5/26/81 Closure and Post-Closure Plan, which, among other provisions, called for all employees leaving Bermite to be asked for information on buried or hidden material that would warrant decontamination treatment. (*Id.* at p. 18.) | |
| 13. Whittaker engaged in the deceptive practice of not notifying regulatory | Supports allegation that perchlorate and VOC contamination are found throughout the site, | Dr. Hughto describes the basis for this opinion in his report (Blum | The Offer does not establish admissibility under FRE 401, 403 or 404(b)(2). |

58227886.v5

| | | | |
|---|---|---|---|
| authorities of some of the waste dumping and burial areas it identified prior to investigation and removal. (Blum Decl. [Dkt. 324], Ex. 1 at p. 33.) | and no area can be excluded as a location for disposal of perchlorate/VOC waste due to Whittaker's indiscriminate dumping and failure to identify and document its disposed chemicals and/or the location of its own landfills.<br><br>Also supports punitive damages claim. | Decl. [Dkt. 324], Ex. 1 at pp. 16-17, 20-23).  Dr. Hughto cites extensive evidence, including deposition testimony from Whittaker's witnesses Jim Jisa and Zoyd Luce (*id.* at p. 16), a 11/29/95 memo from DTSC indicating that Whittaker's environmental consultant had conducted investigation and remediation of hazardous waste disposal areas not disclosed to the State or DTSC | *Sparks,* 992 F.2d at 52.  The stated purposes of the alleged deceptive practices are not related to permitted uses of the evidence.  The gravamen of the allegation is that Whittaker remediated areas of the Site without first notifying regulators.  Even if true, SCVWA makes no offer that the failure to first notify the regulators had any ill effects.  The opinion admits that Whittaker did conduct an investigation and remediation.  The opinion of a single DTSC employee that the failure was "intentional" does |

PLAINTIFF'S OFFER OF PROOF RE OPINIONS OF EXPERT RICHARD HUGHTO AND WHITTAKER'S RESPONSE

58227886.v5

| | | | (*id.* at p. 20), testimony from DTSC witness Alan Sorsher in which he confirmed that Whittaker "intentionally failed to disclose" information regarding its waste disposal practices at the Site (*id.* at pp. 21) and other documentary evidence including correspondence, company memoranda, site investigation reports and notices from regulatory agencies (*id.* at pp. 16-17, 20- | not change anything. It is his opinion and subject to exclusion on the same basis that the Court granted MIL 4 (Regulatory Opinions Regarding Violations). |

PLAINTIFF'S OFFER OF PROOF RE OPINIONS OF EXPERT RICHARD HUGHTO AND WHITTAKER'S RESPONSE

58227886.v5

| | | 23). | |
|---|---|---|---|
| 14.  Whittaker's practice of not reporting land waste disposal areas to the State and not investigating the impacts of those areas was delinquent and led to additional migration of contamination to and within the groundwater. (Blum Decl. [Dkt. 324], Ex. 1 at p. 33.) | Supports allegation that perchlorate and VOC contamination are found throughout the site, and no area can be excluded as a location for disposal of perchlorate/VOC waste due to Whittaker's indiscriminate dumping and failure to identify and document its disposed chemicals and/or the location of its own landfills.  Also supports punitive damages claim. | Dr. Hughto describes the basis for this opinion in his report (Blum Decl. [Dkt. 324], Ex. 1 at pp. 16-17, 20-23.)  Dr. Hughto cites extensive evidence, including deposition testimony from Whittaker's witnesses Jim Jisa and Zoyd Luce (id. at p. 16), a 11/29/95 memo from DTSC indicating that Whittaker's environmental consultant had conducted investigation | The Offer does not establish admissibility under FRE 401, 403 or 404(b)(2). *Sparks,* 992 F.2d at 52.  It also is in direct contradiction to the previous opinion where Dr. Hughto is to opine that "Whittaker engaged in the deceptive practice of not notifying regulatory authorities of some of the waste dumping and burial areas it identified prior to investigation and removal. "  SCVWA cites to a "a 11/29/95 memo from DTSC indicating that Whittaker's |

PLAINTIFF'S OFFER OF PROOF RE OPINIONS OF EXPERT RICHARD HUGHTO AND WHITTAKER'S RESPONSE

58227886.v5

| | | | and remediation of hazardous waste disposal areas not disclosed to the State or DTSC (*id.* at p. 20), testimony from DTSC witness Alan Sorsher in which he confirmed that Whittaker "intentionally failed to disclose" information regarding its waste disposal practices at the Site (*id.* at pp. 21) and other documentary evidence including correspondence, company memoranda, site | environmental consultant had conducted investigation and remediation of hazardous waste disposal areas not disclosed to the State or DTSC . . . ." That does not support the opinion that no investigation or removal was done.

Nor is there any offer that these areas contained VOCs or perchlorate. |

58227886.v5

| | | investigation reports and notices from regulatory agencies (*id.* at pp. 16-17, 20-23). | |
|---|---|---|---|

Date:   August 18, 2021                BASSI, EDLIN, HUIE & BLUM LLP


                              By:   */s/Fred Blum*_____
                                    FRED BLUM
                                    Attorneys for Defendant
                                    AND COUNTER-CLAIMANT
                                    WHITTAKER CORPORATION

PLAINTIFF'S OFFER OF PROOF RE OPINIONS OF EXPERT RICHARD HUGHTO AND WHITTAKER'S RESPONSE

58227886.v5

## DECLARATION OF FRED M. BLUM

I, Fred M. Blum, declare that:

1.      I am an attorney and partner at the law firm of Bassi, Edlin, Huie & Blum, counsel of record for Defendant Whittaker Corporation in the above-captioned action.  I am a member in good standing of the State Bar of California and have been admitted to practice before this Court.  I have personal knowledge of the facts set forth in this Declaration, and, if called as a witness, could and would testify competently to such facts under oath.

2.      This Declaration is made pursuant to the Court's August 13, 2021 Order (Dkt. 335) regarding the parties' efforts to meet and confer regarding Plaintiff's Offer of Proof in support of its Opposition to Whittaker's Motion in Limine No. 7 to exclude certain opinions of expert Dr. Richard Hughto (Dkt. 309).

3.      Whitaker received Plaintiff  SCVWA Offer of proof prior to the three hour meet and confer meeting on Monday, August 16, 2021.  At the meeting, Whittaker informed SCVWA that it objected to the Offer since it was longer than the 10 pages allowed by the Court and was not double spaced as required in the Court Rules.

4.      SCVWA appears to have attempted to resolve the first problem by transferring the uncontested opinions to a declaration.  The problem of the lack of double spacing still persists.  When Defendant changed the pleading to the proper spacing the document was then 26 pages without the accompanying declaration.

5.      At the meet and confer the Parties discussed the method of filing Whittaker's response.  Whittaker suggested the process that is contained below in a joint offer.  SCVWA objected and informed Whittaker that they should file a separate response.  This is the response.  The first three columns are identical to what SCVWA filed; except the spacing has been changed to comply with the rules.

58227886.v5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on August 18, 2021 at Corte Madera, California.


                                                        */s/Fred Blum*
                                                        _____
                                                        Fred M. Blum

PLAINTIFF'S OFFER OF PROOF RE OPINIONS OF EXPERT RICHARD HUGHTO AND WHITTAKER'S RESPONSE

58227886.v5