UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:18-cv-06825-SB-RAO | Date: | 8/26/2021 |
|---|---|---|---|

| Title: | *Santa Clarita Valley Water Agency v. Whittaker Corporation et al* |
|---|---|

| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):            Attorney(s) Present for Defendant(s):

None Appearing                                                None Appearing

**Proceedings:   ORDER RE: PARTIES' SUPPLEMENTAL JOINT MOTIONS IN LIMINE**

The parties filed several joint motions in limine (JMILs) in advance of the Pretrial Conference (PTC) that was held on August 13, 2021. In its Order re: Parties' Joint Motions in Limine (Prior Order, Dkt. No. 353), the Court ordered the parties to meet and confer about—and then resubmit if necessary—all or portions of the following JMILs: (i) Defendant's JMIL #1; (ii) Defendant's JMIL #3; (iii) Defendant's JMIL #5; (iv) Defendant's JMIL #6; and (v) Defendant's JMIL #7.

The Court heard argument on the JMILs at the continued Pretrial Conference (PTC) on August 23, 2021 at 8:30 a.m.

**I.    DEFENDANT'S JMIL #1**

Defendant seeks an order precluding Plaintiff from offering any evidence or argument related to (i) future damages to be incurred by Plaintiff; (ii) whether the Department of Drinking Water (DDW) will require Plaintiff to treat its

groundwater for VOCs; and (3) calling past or present DDW employees to testify. Dkt. No. 302 (Def. Mot. #1).

In the prior JMIL, Defendant largely framed the issue of speculative damages around whether the DDW would order future groundwater treatment. Having thus framed the issue, Defendant provided a virtually unchallenged record suggesting that whether DDW would require future groundwater treatment was speculative. Not only did Plaintiff fail to meaningfully respond to the factual record presented by Defendant, Plaintiff also neglected to present alternative legal theories that would support the admission of evidence of future groundwater treatment. As a result, the Court stated in its Prior Order that it was "inclined to grant Defendant's motion to exclude evidence about speculative future costs of treating extracted well water for VOCs, absent a proper foundation (which Plaintiff has not yet offered)." Prior Order 16-17. But the Court deferred ruling on this portion of Defendant's motion in light of Plaintiff's new argument—advanced for the first time at the PTC—that Plaintiff intended to call Dr. Najm "to testify not about future damages but about the protocol and cost of the standard groundwater treatment plan to abate the nuisance allegedly caused by Defendant." *Id.* The Court instructed the parties to resubmit this motion as to the "abatable nuisance issue." *Id.*

At the continued PTC, Plaintiff shifted to a new legal theory, arguing that Dr. Najm's testimony about DDW's groundwater treatment program and the costs associated with it is relevant to Plaintiff's theory of "restoration damages." Plaintiff asserted that restoration damages are recoverable in trespass, negligence, and nuisance actions involving water contamination and other environmental harms. Plaintiff also argued that testimony about the costs of DDW's groundwater treatment program is not speculative because it is a "standard" treatment program ordered in cases like this one to restore the groundwater to its pre-contamination condition. In response, Defendant argued Plaintiff did not raise a restoration damages theory in its complaint, its Rule 26 disclosures, or in its Opposition to this JMIL and that it would be prejudiced by the admission of a "new" damages theory this close to trial.

Plaintiff has made deciding this issue needlessly difficult by continuously moving the target while explaining the legal relevance of the evidence. Nevertheless, the Court's focus is on issuing correct legal rulings for trial, even when distracted from doing so. California law does recognize the recovery of reasonable restoration costs. *See, e.g., Starrh & Starrh Cotton Growers v. Aera Energy LLC,* 153 Cal. App. 4th 583, 598-602 (2007) (discussing restoration

damages in a trespass action for contamination of subsurface aquifers); *Cal. v. Kinder Morgan Energy Partners, LP,* 613 F. App'x 561, 564-65 (9th Cir. 2015) (reversing grant of summary judgment to defendant as to "restoration damages theory" on plaintiff's nuisance and trespass claims in case involving contamination and prolonged remediation of soil and groundwater). Moreover, courts have awarded abatement costs "even when abatement has not yet occurred and therefore the damages accrued by bearing future remediation costs are necessarily prospective." *Orange County Water Dist. v. Unocal Corp.*, Case No. SACV 03-01742-CJC(ANx), 2016 WL 11201024, at *6 (C.D. Cal. Nov. 3, 2016). Therefore, the Court cannot broadly foreclose testimony about the cost of groundwater treatment that may be relevant to restoration damages.[1]

Finally, the Court rejects Defendant's argument that it is prejudiced by the introduction of a "new" theory of damages this close to trial. While it is true that Plaintiff labeled these damages "restoration damages" for the first time at the continued PTC, Defendant has been well aware that Plaintiff seeks to recover damages for the cost of a groundwater treatment program. That Plaintiff has been slow to properly articulate the legal relevance of its long-held factual position has not resulted in any demonstrated prejudice.

The Court **DENIES** Defendant's motion.

## II.     DEFENDANT'S JMIL #3

Defendant initially sought to preclude Plaintiff from calling four of Defendant's experts in support of Plaintiff's case-in-chief. Dkt. No. 304 (Def. Mot. #3). The parties informed the Court that they met and conferred about this issue. The parties stipulated that Plaintiff will call only one of Defendant's

---

[1] Defendant is free to challenge the reasonableness of Dr. Najm's restoration damages testimony at trial. *See, e.g., Starrh & Starrh Cotton Growers,* 153 Cal. App. 4th at 601 ("We repeat . . . [that] restoration costs [must] be reasonable. In addition, general principles of damages in trespass cases require that the damages bear a reasonable relationship to the harm caused by the trespass . . . [W]hether abatement costs are reasonable requires an evaluation of a number of fundamental considerations, including the expense and time required to perform the abatement, along with other legitimate competing interests."). But such challenges generally go to the weight of the evidence to be considered by the trier of fact. *See id.* (declining to find the evidence so "strong" as to allow the reasonableness question to be decided "as a matter of law").

experts—Gary Hokkanen—in support of its case-in-chief. Pursuant to the stipulation, Plaintiff will address only Mr. Hokkanen's first three opinions on direct examination. In light of the parties' stipulation, this motion is **DENIED AS MOOT**.

### III.  DEFENDANT'S JMIL #5

In this motion, Defendant seeks to preclude Plaintiff from calling Defendant's President and General Counsel Eric Lardiere to testify for an estimated five hours without first making an offer of proof to justify that estimate. Def. Mot. #5 at 1. Defendant contends that such extensive questioning is unnecessary because Lardiere only joined Defendant in 2000 and lacks personal, non-hearsay knowledge of several topics that Plaintiff seeks to have Lardiere testify about. *Id.* In its Prior Order, the Court stated it was "skeptical of all the time estimates in this case, including this one" and ordered Plaintiff "to make a detailed offer of proof about the anticipated testimony of this witness, specifying the expected time for each point to be elicited." Prior Order 21.

Plaintiff has submitted an Offer of Proof. Dkt. No. 343. In this Offer of Proof, Plaintiff states it "anticipates an examination focused on less than 10 exhibits that will likely require 3 hours." *Id.* 2. The Court agrees that Plaintiff has failed to submit a detailed offer of proof that supports even the three hours estimated. Nevertheless, the Court **DENIES** Defendant's motion but admonishes Plaintiff that it will be expected to be substantially more focused in conducting a proper examination of Lardiere than currently appears to be the case.

### IV.  DEFENDANT'S JMIL #6

Defendant initially sought to reinstate the affirmative defense of assumption of the risk. Dkt. No. 308 (Def. Mot. #6). Defendant informed the Court at the PTC that, upon further review, it believes assumption of the risk is part of its comparative negligence affirmative defense, which the Court reinstated in its Prior Order. Prior Order 23. Thus, this motion is **DENIED AS MOOT**.

### V.  DEFENDANT'S JMIL #7

With this motion, Defendant seeks to preclude Plaintiff's expert Richard Hughto from testifying (1) that Defendant buried, dumped or disposed of any hazardous substance, including perchlorate or any VOC, except during its normal production operations; (2) about any "illegal" or improper" activities that do not

directly involve perchlorate or VOCs; (3) that Defendant has been found to have engaged in illegal disposal of a hazardous waste; and (4) that a search warrant was executed at the Site. Dkt. No. 309 (Def. Mot. #7) 1. The Court granted Defendant's motion to preclude Hughto from testifying about the latter two categories but reserved ruling on the first two categories pending an offer of proof that set forth "(1) every Hughto opinion Plaintiff seeks to admit and the purpose for which Plaintiff seeks to admit it and (2) the basis for each of Hughto's opinions with specific citations to the record." Prior Order 25.

In giving Plaintiff the opportunity to further explain the purpose and relevance of Hughto's proposed testimony about Defendant's waste disposal practices with an offer of proof, the Court explained that such testimony "might be admissible if it was offered as circumstantial evidence that Defendant caused the high concentrations of VOCs and perchlorate present at the relevant sites" (Prior Order 25) but would be inadmissible if offered only as "evidence of any other . . . wrong [] or act . . . to prove [Defendant's] character in order to show that on a particular occasion [Defendant] acted in accordance with the character." Fed. R. Evid. 404(a)(1).

Neither Plaintiff's offer of proof nor the discussion of this issue at the PTC provided a sufficient basis for the Court to rule on this motion. Given the need to fully understand the purpose and nature of Hughto's disputed testimony, the Court declines to rule on this JMIL and instead will either hear from Hughto about the challenged opinions outside the presence of the jury or rule on objections at trial without first hearing from him. The Court will make this determination about how to proceed when it has more information about the start date of the trial.

**IT IS SO ORDERED**.