UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA CLARITA VALLEY WATER AGENCY,<br><br>Plaintiff,<br><br>v.<br><br>WHITTAKER CORPORATION and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-06825-SB-RAOx<br><br>**JUDGMENT** |

Pursuant to the jury's verdict, Dkt. No. 475, and the Court's ruling on the Motion for Judgment as a Matter of Law (JMOL), Dkt. No. 523, it is ORDERED AND ADJUDGED that:

1. Judgment is entered in favor of Plaintiff Santa Clarita Valley Water Agency and against Defendant Whittaker Corporation on Plaintiff's claims for negligence and public nuisance in the amount of $7 million in past damages and $68.3 million in reasonable restoration or repair costs (subject to offset as stated below);

2. The judgment in favor of Plaintiff in the total amount of $75.3 million is reduced by (a) $2.9 million for the settlement payment Plaintiff received from Saugus Industrial Center, LLC (SIC) (as an offset), Dkt. No. 248, and (b) $7.53 million for the 10% fault allocation made by the jury (as an offset);[1] and

---

[1] The jury assigned the following percentage of fault on Plaintiff's negligence claim: 60% for Defendant; 30% for SIC; and 10% for Plaintiff. The offset for SIC, however,

1

     3.    Plaintiff is awarded prejudgment interest on its negligence and public nuisance claims in the amount of $363,318.09 and an additional amount of $131,383.63 for the post-verdict period (December 3, 2021 to June 27, 2022 at a rate of 7%).

     4.    Judgment is entered in favor of Defendant and against Plaintiff on Plaintiff's claims for private nuisance and trespass pursuant to the JMOL.

For the reasons set forth in the Court's separate Findings of Fact and Conclusions of Law, Dkt. No. 524, it is further ORDERED AND ADJUDGED that:

     1.    Plaintiff is entitled to judgment on its CERCLA cost recovery claim under 42 U.S.C. § 9607(a) and its HSAA claim under Cal. Health & Safety Code § 25300 et seq. for its investigation, permitting, and design (IPD) costs only;

     2.    The judgment on Plaintiff's cost recovery claim for IPD costs is subject to equitable allocation on Defendant's counterclaims for contribution under CERCLA, 42 U.S.C. § 9613(f)(1), HSAA, and Cal. Health & Safety Code § 25363 as follows: 90% to Defendant and 10% to Plaintiff;

     3.    Judgment is entered in favor of Plaintiff and against Defendant for Plaintiff's IPD costs in the net amount of $607,500, calculated as follows: $675,000 (total amount) minus $67,500 (10% offset).

     4.    Plaintiff is to take nothing on its claims for declaratory relief under CERCLA, 42 U.S.C. § 9613(g) and 28 U.S.C. §§ 2201-2202 and for injunctive relief under the Resource, Conservation and Recovery Act, 42 U.S.C. § 6901 et seq.;

     5.    Judgment is entered in favor of Plaintiff and against Defendant on Defendant's claims for equitable indemnification and for a declaratory judgment under federal law (42 U.S.C. § 9613(g)(2) and 28 U.S.C. §§ 2201-2202) and state law to the extent that Defendant sought to shift all liability to Plaintiff; and

The Court thus calculates the damages award against Defendant as follows:

---

is not made on a pro rata basis in light of this Court's prior ruling. Dkt. No. 248.

<u>Jury Verdict</u>

$75,300,000 ($7,000,000 + $68,300,000)

- $7,530,000 (10% of $75,300,000)

- $2,900,000 (pro tanto offset for SIC settlement)

= $64,870,000

<u>Findings of Fact and Conclusions of Law</u>

$64,870,000

+ $607,500

= $65,477,500

<u>Prejudgment Interest</u>

$65,477,500

+ $494,701.72

= $65,972,201.72

         &ast;  &ast;  &ast;

 Accordingly, Plaintiff shall recover from Defendant a judgment in the amount of $65,972,201.72, plus post-judgment interest pursuant to 28 U.S.C. § 1961(a) at the rate of 2.83% per annum, at a daily rate of $5,115.066.19.  The Court reserves ruling on any proper request for post-judgment fees, costs, etc.

 This is a Final Judgment.

Dated:  June 28, 2022     _____

           STANLEY BLUMENFELD, JR.
           UNITED STATES DISTRICT JUDGE