UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA CLARITA VALLEY WATER AGENCY,<br><br>              Plaintiff,<br><br>       vs.<br><br>WHITTAKER CORPORATION and DOES 1-10, Inclusive,<br><br>              Defendants. | Case No:  2:18-cv-6825 SB (RAOx)<br><br>**AMENDED JUDGMENT** |

      Pursuant to the jury's verdict, Dkt. No. 475, the Court's ruling on the Motion for Judgment as a Matter of Law (JMOL), Dkt. No. 523, the Court's rulings on the parties' post-trial motions, Dkt. Nos. 599, 600, 601, and the Ninth Circuit Court of Appeal's opinion dated April 15, 2024, Dkt. No. 608, it is ORDERED AND ADJUDGED that:

      1.    Judgment is entered in favor of Plaintiff Santa Clarita Valley Water Agency and against Defendant Whittaker Corporation on Plaintiff's claims for negligence, private nuisance, and public nuisance in the amount of $7 million in past damages and $68.3 million in reasonable restoration or repair costs (subject to offset as stated below);

      2.    The judgment in favor of Plaintiff in the total amount of $75.3 million is reduced by (a) $2.9 million for the settlement payment Plaintiff received from

Saugus Industrial Center, LLC (SIC) (as an offset), Dkt. No. 248, and (b) $7.53 million for the 10% fault allocation made by the jury (as an offset);[1] and

3. Plaintiff is awarded prejudgment interest on its negligence, private nuisance, and public nuisance claims in the amount of $363,318.09 and an additional amount of $2,575,249.74 for the post-verdict period (December 3, 2021 to June 27, 2022 at a rate of 7%).

4. Judgment is entered in favor of Defendant and against Plaintiff on Plaintiff's claim for trespass pursuant to the JMOL and the Court's ruling on Plaintiff's motion for a new trial, Dkt. No. 600.

For the reasons set forth in the Court's separate Findings of Fact and Conclusions of Law, Dkt. No. 524, the Court's ruling on Plaintiff's motion to amend those findings, Dkt. No. 599, the parties' joint report regarding interest calculations, Dkt. No. 602, and the opinion entered by the United States Court of Appeals for the Ninth Circuit on April 15, 2024, Dkt. No. 608, it is further ORDERED AND ADJUDGED that:

1. Plaintiff is entitled to judgment on its CERCLA cost recovery claim under 42 U.S.C. § 9607(a) and its HSAA claim under Cal. Health & Safety Code § 25300 et seq. for its past (1) blend water costs and (2) investigation, permitting, and design (IPD) costs.

2. Judgment is entered in favor of Plaintiff and against Defendant on declaratory relief under CERCLA, 42 U.S.C. § 9613(g) and 28 U.S.C. §§ 2201–2202, as to Defendant's liability for response costs for blend water costs and IPD costs that are necessary and consistent with the NCP and not duplicative of the jury verdict.

3. The judgment on Plaintiff's cost recovery claim for blend water costs and IPD costs is subject to equitable allocation on Defendant's

---

[1] The jury assigned the following percentage of fault on Plaintiff's negligence claim: 60% for Defendant; 30% for SIC; and 10% for Plaintiff. The offset for SIC, however, is not made on a pro rata basis in light of this Court's prior ruling. Dkt. No. 248.

counterclaims for contribution under CERCLA, 42 U.S.C. § 9613(f)(1), HSAA, and Cal. Health & Safety Code § 25363 as follows: 90% to Defendant and 10% to Plaintiff;

    4.    Judgment is entered in favor of Plaintiff and against Defendant for Plaintiff's IPD costs in the net amount of $607,500, calculated as follows: $675,000 (total amount) minus $67,500 (10% offset). Judgment is also entered in favor of Plaintiff and against Defendant as to liability under CERCLA for Plaintiff's past blend water costs in an amount proved not to be duplicative of amounts for blend water costs already included in the Jury Verdict.

    5.    Plaintiff is to take nothing on its claim for injunctive relief under the Resource, Conservation and Recovery Act, 42 U.S.C. § 6901 et seq.;

    6.    Judgment is entered in favor of Plaintiff and against Defendant on Defendant's claims for equitable indemnification and for a declaratory judgment under federal law (42 U.S.C. § 9613(g)(2) and 28 U.S.C. §§ 2201–2202) and state law to the extent that Defendant sought to shift all liability to Plaintiff; and

The Court thus calculates the damages award against Defendant as follows:

<u>Jury Verdict</u>

$75,300,000 ($7,000,000 + $68,300,000)

- $7,530,000 (10% of $75,300,000)

- $2,900,000 (pro tanto offset for SIC settlement)

= $64,870,000

<u>Findings of Fact and Conclusions of Law</u>

$64,870,000

+ $607,500

= $65,477,500

<u>Prejudgment Interest</u>

$65,477,500

+ $363,318.09

+ $2,575,249.74

= $68,416,067.83

<u>Taxed Costs</u>

$68,416,067.83

+ $119,375.65

= $68,535,443.48

\*   \*   \*

Accordingly, Plaintiff shall recover from Defendant a judgment in the amount of $68,535,443.48, plus post-judgment interest pursuant to 28 U.S.C. § 1961(a) at the rate of 2.83% per annum running from the June 28, 2022 initial entry of judgment, at a daily rate of $5,313.84.

This is a Final Judgment.

Dated: May 23, 2024

STANLEY BLUMENFELD, JR.
UNITED STATES DISTRICT JUDGE